**Delivered In Hand**

April 22, 2004


William M. Welch II, AUSA
United States Attorney's Office
1550 Main Street
Springfield, MA 01103

RE:  *United States of America v. Frank Keough*
     Criminal No. 04-30032-MAP

Dear Attorney Welch:

     I am writing this on behalf of the Defendant in the above-referenced case seeking certain discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and Rule 116, <u>et</u> <u>seq</u> of the Local Criminal Rules of Court.  It is appropriate to have a formal record of the specific discovery requests propounded on behalf of the Defendant.  Accordingly, please accept this submission as a request for discovery and inspection.

<u>DEFINITION</u>

     Discovery and inspection of the items described below is both reasonable and necessary to the preparation of the defense.  My request for discovery and inspection relates to items in the possession, custody, or control of the prosecutors in this case as well as all federal, state and city agencies or governmental entities.

     With respect to those items which I request, if the prosecutor in this case does not have them in his/her possession, I ask for a statement to the effect that such items do not exist. If the prosecutor in this case is aware that a requested item exists but does not have it in his/her possession, then I request that the prosecutor disclose the whereabouts of such item.

     As used herein, the term "document" means any tangible thing containing, reflecting or capable of reproducing or have reproduced from it, visually or orally, language, numerals or pictures, and relating or referring in any manner to the allegations of the indictment and the matters referred to therein.  It is requested that the prosecutor in this case disclose the following:

<u>RULE 16 AND OTHER PRETRIAL MATERIALS</u>

    1.   The prosecutor in this case is requested to permit the

William M. Welch II, AUSA                                              Page Two

Defendant and counsel to inspect and copy or photograph any relevant, written or recorded statements made by the Defendant or by any agents, or copies thereof, within the possession, custody or control of the prosecutor in this case, the existence of which is known, or by the exercise of due diligence may become known, to the prosecutor in this case.  In this regard, counsel for the Government in this case is specifically requested to inquire of all law enforcement personnel and federal, state and local agencies who they know to have been connected with this case as well as any and all potential witnesses or other people who have supplied information to the prosecutor in this case, whether they are aware of any written or recorded statements of the Defendant, and in particular electronically recorded statements of the Defendant and/or unindicted co-conspirators and to make such statements available, forthwith, for inspection by the Defendant and counsel.[1]

     2.   The Defendant requests that the prosecutor in this case produce the substance of any oral statement made by the Defendant, which the prosecutor in this case intends to offer in evidence at the trial.  The prosecutor in this case is requested to conduct a conscientious effort to determine whether any individuals acting on behalf of the prosecutor in this case is aware of any other oral statements purportedly made by the Defendant.

     3.   The Defendant requests permission to inspect and copy or photograph any and all books, papers, documents, photographs, tangible objects, buildings or places or copies of portions thereof, which are within the possession, custody or control of the prosecutor in this case and which are material to the preparation of the Defendant's defense or which is intended for use by the prosecutor in this case as evidence-in-chief at the trial or were obtained from or belong to the Defendant.  The Defendant further requests production of any books, papers, documents, photographs, tangible objects, buildings or places, or copies thereof, which are within the possession, custody or control of the prosecution that (a) are referred to directly or indirectly in the Indictment; (b) relate to any statement of fact in the Indictment; and (c) will be alleged to constitute the fruits or means of perpetuating any offense set forth in the Indictment.

     4.   The Defendant further requests that the prosecutor in this case permit defense counsel to inspect and copy of photograph any results or reports of physical or mental examinations and/or any scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the prosecutor in this case, the existence of which is known, or by the exercise of due

---

[1]  The term "statements" includes the substantially verbatim as well as the mere summary and encompasses Defendant's statements whether before or after arrest and in whatever form preserved.

William M. Welch II, AUSA                                    Page Three

diligence may become known, to the prosecutors in this case and which are material to the preparation of the defense or are intended for use by the prosecutor in this case as evidence-in-chief at the trial. The Government's attention is respectfully drawn to the fact that this provision is not triggered only with regard to such reports, etc., which the prosecutor in this case intends to offer during its case-in-chief but applies to all such information whether the prosecution intends to offer it as evidence or not.

    5.   The Defendant requests a designation by the prosecutor in this case of those persons it intends to call as witnesses at the trial of the Indictment and the addresses of such parties. The request is limited to non law enforcement witnesses. The prosecutor in this case is specifically requested to disclose the name and address of any expert and/or law enforcement witnesses which they intend to call and from whom the prosecutor in this case will seek to elicit "expert" testimony (either within the meaning of rule 701 or rule 702 of the F. R. E.). Moreover, the prosecutor in this case is requested to disclose any reports, studies or other data which such expert will rely upon in giving his/her testimony.

    (a)   Request for Disclosure of Facts or Data

    If the Government intends to offer the testimony of any witness as an "expert," then the Defendant requests pretrial disclosure of the underlying facts or data relied upon by such expert in forming the opinions and conclusions to which he or she will testify. Rule 705 of the Federal Rules of Evidence which, in conjunction with the inherent and supervisory powers of the Court, governs that this issue does not, _per se_, mandate pretrial disclosure of such information. The rule permits, however, as an alternative to pretrial disclosure, that an adverse party may cause an expert witness to disclose the underlying basis of his testimony on cross-examination.

<u>KYLES/BRADY/GIGLIO/BAGLEY MATERIAL</u>

    6.   The Government is requested to disclose the names and addresses of any person whom the prosecution knows or through the exercise of due diligence may come to know, to have relevant information regarding any of the areas described below. In addition, all relevant documents which relate, in any manner to the <u>Brady</u>, <u>Giglio</u>, <u>Bagley</u> and <u>Kyles</u> material requested below, are requested from the Government at this time.

    a.   copies of all documents, statement, and any other evidence including, but not limited to, a written summary of all oral evidence and statements, now known to the prosecutors in this case or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons

William M. Welch II, AUSA                                      Page Four

        interviewed in connection with this investigation, which is exculpatory in nature or favorable to the defendant, or which tends to negate or mitigate the guilt of the Defendant, as to the offenses charged, or any uncharged criminal conduct which will be proffered by the Government, or which would tend to reduce any punishment therefor.

    b.    include the names, addresses, and telephone numbers of all persons the prosecution believes know or may know of any such favorable or exculpatory evidence. With respect to each person the prosecution intends to call at trial, or any member of the immediate family (including what is loosely referred to as "common law" family), boyfriend, or girlfriend of any such person, attach copies of all indictments, complaints, or information brought against such person by the federal, or any state or local Government. State what counts or actions have been the subject of guilty pleas, convictions, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken. If the prosecution does not have copies of the Indictment, all complaints, information, or disciplinary actions, state the dates and places of arrests, hearings, indictments, information, etc., the charges brought, and the disposition of those charges so far as it is known.

    c.    With respect to each person the prosecution intends to call at trial, or any member of the immediate family (including what is loosely referred to as "common law" family), boyfriend, or girlfriend of any such person, set forth a written summary of all charges which could be brought by the federal, or any state or local government, which have not or may not or which the witness believes have not or may not be brought because the witness is cooperating with or has cooperated with the federal, state or city Governments, or for any other similar or related reason.

    d.    Include copies of all memoranda of understanding between the prosecutor in this case and his/her witnesses, whether by way of a letter to the attorney for a witness or otherwise.

    e.    Enumerate all inducements, promises, payments and witness fees by amount and date made to, and all agreements made with, all persons the prosecution intends to call as witnesses at the trial.

    f.    Include all information which may bear on the credibility of any witness and all information bearing on his/her

William M. Welch II, AUSA                                           Page Five

        relationship to any federal, state or city agency or agent, and any services or other services or acts performed by him/her with the knowledge, request or acquiescence of the state, city or federal Government. This request expressly includes any benefits extended to witnesses regarding their conditions of confinement, access to contact visits, and telephone privileges. By extension, this request also embraces any inducements or promises or benefits conferred on any other person at the behest of any individual whom the prosecution intends to call as a witness at the trial, such as spouses or other family members of the potential witness.

g.    Include all documents and other evidence regarding drug or alcohol usage and/or dependency by any individual the prosecution intends to use as a witness at trial including but not limited to records relating to treatment of such individuals in any federal, state, city of military drug or detoxification program.

h.    All documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the prosecution intends to use as a witness at trial, including but not limited to records of hospitalization or other treatments for such physical or mental disease, disability, or disorder.

i.    Provide all information which may demonstrate an inconsistency or arguable inconsistency by a witness with another statement made by another person or that person; and all information which may demonstrate a lack of knowledge or denial of knowledge by a witness about the facts of this case or the guilt or innocence of the Defendant.

j.    The <u>Kyles/Brady/Giglio/Bagley</u> material detailed above includes all information and documents relevant to social services, welfare, and other services provided free or at a reduced cost by the City, State or Federal Government to any prosecution witness.

k.    Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards or recognition of any kind made by, any Governmental agent or law enforcement officer for any work, action or conduct undertaken in connection with the investigation and prosecution of this case.

Accordingly, we ask that any information which arguably falls within the aforementioned categories be disclosed to defense counsel or at

William M. Welch II, AUSA                                        Page Six

least submitted to Magistrate Judge Neiman for a judicial determination.

    7.    The Defendant requests the opportunity to inspect and copy any and all documents, memoranda, agreements, contracts, etc., which relate to plea agreements, promises of leniency, or agreements of immunity, either de facto or statutory immunity, which concern any person or business entity which are, in any way, connected to this case and which are within the possession, custody or control of the prosecutor in this case, the existence of which is known, or through the exercise of due diligence, may become known to the prosecutor in this case.

    8.    The Defendant requests the opportunity to inspect and copy any and all documents, agreements, memoranda, contracts, etc., which reflect the receipt of money or of other things of value by any prosecution witnesses. Such documents are sought whether or not such payments, etc., were made as the result of the assistance or information specifically provided in this case or another.

    9.    The Defendant requests that the prosecutor in this case disclose the substance of any oral promises, inducements, agreements, etc., whether contingent or not, which have been made by any state, local or federal law enforcement representative, attorney or other person acting as agent of or on behalf of any state, local or federal Government, to any person or entity who is either to be a witness in this case or is otherwise connected to this case. The prosecutor in this case is specifically requested to inquire of those law enforcement representatives connected to this case, whether any such oral (or written) promises, inducements, agreements, etc., have been made to any person in connection with this case.

    10.    The Defendant requests the opportunity to inspect and copy any and all agreements, contracts, memoranda or other documents which reflect agreements between any officer or agency of any state, local or federal Government to provide any assistance, housing or relocation to any prosecution witness or member of such individual's family. These documents are sought whether or not such agreements were made as the result of assistance or information specifically provided in this case or another.

<u>SEARCH, SEIZURE AND RELATED MATERIAL</u>

    11.    The Defendant requests the opportunity to inspect and copy any and all records, schedules, checks, bank documents, bills or other documents which relate to this case including those which reflect telephone calls or toll call records or telephone charges over any instrument in which the Defendant, agents, employers, or employees maintained a possessory interest or over such instrument

William M. Welch II, AUSA                                    Page Seven

the prosecutor in this case, knew, or believed, the Defendant, agents, employers, or employees utilized and which are within the possession, custody or control of the prosecutor in this case, the existence of which is known or through the exercise of due diligence may become known to the prosecutors in this case.

    12.  The prosecutor in this case is requested to disclose any and all applications (and attendant documents an/or exhibits), affidavits, testimony, inventories and/or orders seeking, granting or denying judicial permission to conduct a physical search and/or seizure of any person, item of property, or premises which relate to this case and which are within the possession, custody or control of the prosecutor in this case, the existence of which is known or through the exercise of due diligence may become known to prosecutor in this case.  If any "consent" search was conducted, provide all details of date, time, place and results.

    13.  The Government is requested to disclose any and all documents, objects or other tangible things which were obtained by virtue of any physical search and/or seizure of any person or place, with or without prior judicial authorization, and which are germane to this case and are within the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government.  The Government is requested to disclose whether any pre-trial identification procedure was used in this case, including but not limited to photographic displays, lineups, showups, etc.  If so, state the nature and circumstances of such identification procedures as well as the time, date and place of the identification.  State whether any witnesses were unable to identify the Defendant, made a mistaken identification, or were uncertain in making an identification.

    14.  The Government is requested to disclose any and all information, documents, reports, order, affidavits, etc., which relate in any way to any "mail cover" operations or the examination of the mail of the individual involved in this case, and particularly the Defendant.

    15.  The Government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "pen register" operations or to the affixing of any instruments to record the telephone number of any incoming or outgoing telephone calls which were utilized in the investigation of this case and which are within the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government.

    16.  The prosecutors in this case are requested to disclose any and all photographs (still photography), video recordings or motion pictures which were made in conjunction with this case, or which

William M. Welch II, AUSA                                         Page Eight

relate in any manner to this case, which are within the possession, custody or control of the Government.

    17.  The prosecutor in this case is requested to disclose any and all applications, affidavits, orders or other documents which relate to any telescopically enhanced surveillance which was conducted in conjunction with the investigation underlying this case or which relate in any manner to this case, which is in the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government.  If telescopically enhanced surveillance was accomplished without court order, please indicate this, including relevant dates, times, places, etc.

    18.  The prosecutor in this case is requested to disclose any and all forms, affidavits, or other documents which purport to grant consent to search any individuals, persons or premises which relate, in any manner to this case and which is in the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government.

    19.  The prosecutor in this case is requested to disclose any and all court-authorized or non-court authorized observations by law enforcement officers of the Defendant that was made from: (a) airplanes, helicopters or other airborne devices; (b) property owned, leased or in which the Defendant had a possessory, leasehold or ownership interest.

<u>WIRETAPPING, EAVESDROPPING AND CONSENSUAL
RECORDINGS AND RELATED MATERIAL</u>

    20.  Discovery is sought as to all documents, applications, affidavits, supplemental affidavits, exhibits, transcripts, testimony, memoranda, warrant, orders, etc., which relate to this case and which pertain to the use of mechanical or electronic court-ordered or consensual interception devices which were made, written or issued by any representative of federal, state or city governments and which are within the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government.

    21.  Discovery is sought as to any and all statements of the Defendant, agents, or other individuals, whether oral, recorded or written, which were seized by court-ordered or consensual electronic or mechanical means and which are within the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the Government.  This request also specifically includes any other order or state wiretap order of which the Government has

William M. Welch II, AUSA                                           Page Nine

knowledge which resulted in the seizure of evidence which the Government intends to introduce in its case-in-chief or from which the Government has made derivative use thereof.

     22. Discovery is sought as to any and all mechanical or electronic court-ordered or consensual recordings and/or tapes that contain any of the Defendant's, or agent's conversations which emanated from any premises or over any instrument in which the Defendant possessed a propriety interest or which was made in connection with a court ordered eavesdropping warrant in which the Defendant was named as a party to be intercepted or was a person who was in fact intercepted.

     23. Discovery is sought as to any and all memoranda, logs, line sheets, reports, notes, summaries, transcripts, periodic reports to the court or other written communications whatsoever which were made by any public servant, or their duly authorized representatives, which are germane to this case and relate in any way to wiretapping or eavesdropping conducted by agents of federal, state or city Governments.

     24. Discovery is sought as to a schedule of each type of mechanical or electronic eavesdropping devise or other device capable of intercepting oral communications or of intercepting communications over radio, telephone, or radio-telephone, or cellular telephone equipment and which were used in conjunction with, or relate to, this case.

     25. The Defendant requests above for disclosure of documents relating to state and federal eavesdropping or wiretapping activity specifically seeks the disclosure of, but is not limited to, the following documents or information:

         a. Any and all requests, applications and/or orders seeking or requiring the sealings of tapes or other recordings;
         b. Any and all requests, applications (whether granted or not) and/or orders seeking or granting any initial interception order or renewal or extension of a previously existing order;
         c. Copies of any and all progress or status reports, or orders to make such reports;
         d. Any and all requests, applications and/or orders amending a wiretap order or warrant to include the seizure of conversations dealing with offenses other than those specified in the original order of authorization;
         e. A schedule of any and all logs or other documents maintained during or in conjunction with the interception of wire or oral communications by law enforcement personnel;

William M. Welch II, AUSA                                              Page Ten

      f.   Any and all documents which relate to the use of "pen registers", "trap", or "trace" devices by law enforcement including but not limited to any documentary materials produced through the employment of such devices, personnel in conjunction with this case;

      g.   Copies of any and all inventories prepared in conjunction with wiretapping or eavesdropping activity which relate to this case;

      h.   Copies of any and all transcripts prepared from tapes made in conjunction with or subsequent to wiretapping or eavesdropping activity which relate to the present case;

      i.   Copies of any and all reports required pursuant to 18 U.S.C. §2519 or state counterparts;

      j.   Copies of any and all orders served in conjunction with the requirement to provide notice of overhear and any and all documents relevant to extensions or renewals thereof;

      k.   Any and all orders permitting the interception of radio communications and all tapes or recordings produces in accordance therewith.

      l.   Any and all transcripts, tapes or recordings (made pursuant to consent to the party(s) or by court order) in the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become or through the exercise of due diligence may become known or through the exercise of due diligence may become known to counsel for the Government, which were made by a person who had given prior consent to such interception whether or not such person was a law enforcement officer or Government employee;

      m.   Any and all documents which reflect the consent of a person to have his or her wire or oral communications intercepted which are in the possession, custody or control of the Government, the existence of which is known or through the existence of due diligence may become known to the Government;

      n.   Any and all applications, requests or correspondence seeking the permission of the Attorney General of the United States or any other federal or state law enforcement officer, to consensually record wire or oral communications, which are in the possession, custody or control of the Government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government;

      o.   Any and all subscriber or customer records of the Defendant's obtained pursuant to Section 2703 of the Electronic communications Privacy Act of 1986, and

William M. Welch II, AUSA                                        Page Eleven

       any documents which authorized the Government to obtain such information.

### MISCELLANEOUS MATERIALS

26. If, at the trial of the Defendant, the prosecutor intends to introduce in his/her case-in-chief, "similar act" evidence of any alleged criminal or immoral acts of the Defendant in order to establish pursuant to rule 404 (b) motive, intent, knowledge or the absence of mistake. If such is the prosecution's intent, kindly provide the following: (a) a summary of the act or acts to be introduced; (b) the name, address and position of the witness through whom such testimony is to be introduced; (c) a copy of any document intended to be offered; and (d) the legal basis that the prosecution believes support the introduction of such evidence. If it is the intention of the prosecutor in this case to offer prior or subsequent "similar act" evidence at trial against the Defendant or agents to demonstrate the Defendant's intent, motive, etc., then it is respectfully submitted that the Defendant should be appraised of such evidence prior to trial so that they may adequately prepare their defense.

      (a) Requests That The Government Give Notice of Its Intention to Use Certain Evidence.

The Defendant respectfully requests that the Government, pursuant to the authority of Rule 12 (d) (1) (2) of the Federal Rules Criminal Procedure, give notice of its intention to offer specific categories of evidence at trial which may be subject to a motion to exclude by the Defendant. In the main, the Defendant requests that the Government disclose any evidence of alleged criminal activity (or other acts of moral turpitude), allegedly committed by or otherwise attributable to the named Defendant which is not specifically charged as discrete offenses in Counts One of the Indictment.

      (b) Notice of Evidence which the Government Will Seek to Offer Pursuant to Rule 404 (b) of the Federal Rules of Evidence.

Accordingly, the Defendant respectfully requests that the Government provide notice, at this time, of any evidence which would be subject to the provisions of Rule 404(b).

      (c) Request For Notice Pursuant to Rule 609 of the Federal Rules of Evidence.

Pursuant to the provisions of Rule 609(b) the Defendant respectfully requests that the Government provide written notice of its intent to use any evidence which it will argue is admissible under the provisions of Rule 609(a) (1) and/or (2). Like the "notice" provisions of Rule 404(b), Rule 609 is designed to provide

William M. Welch II, AUSA                                        Page Twelve

a Defendant with advance notice of the government's intention to offer certain evidence so that a fair opportunity to contest the use of such evidence is provided. Accordingly, the Defendant respectfully requests that the Government disclose, at this time, any evidence which would be subject to the provision of this Rule.

27. The Defendant requests timely production of all statements required to be produced under 18 U.S.C. §3500, including but not limited to handwritten and other informal notes of interviews. Moreover, the Government is obliged to produce all responsive materials prepared by or in the possession of the participating agencies.

Additionally, the Defendant requests that drafts or notes of such statements be preserved. If any such statements, drafts or notes have been or are intended to be discarded or destroyed, please identity such statements and notes in sufficient detail to permit a request to the Court for appropriate relief in advance of trial.

28. Provide counsel with a list of names, aliases, and addresses of each and every unindicted co-conspirator known to the prosecutor in this case.[2]

ROVIARO REQUESTS

29. Disclosure of confidential informants and other informants, agents and cooperating individuals is controlled by Roviaro v. United States, 353 U.S. 53 (1957). Roviaro requires a focus on whether the informant possesses facts which are relevant and material to the accused in preparing his defense upon the merits, or "essential to a fair determination of a cause", and a case-by-case balancing of an individual's right to prepare his defense vis-a-vis the public interest in protecting the flow of information. 353 U.S. At 60-61, 66, 77. Also see United States v. Fischel, 686 F.2d 1082 (5th Cir. 1982); and United States v. Deutsch, 475 F.2d 55, 56-57 (5th Cir. 1973). United States v. Auten, 632 F.2d 478, 481 (5th Cir. 1980).

Defendant's requests specifically ask the Government to disclose the existence and identities of informants which fit the criteria for disclosure set out in Roviaro, and its progeny. Clearly, to the extent that the Government intends to call such informants as witnesses at any pretrial hearing or at trial, disclosure is warranted. Such disclosure should be required

---

[2] As to all items requested above, I am assuming that the prosecutor in this case will adhere to his/her continuing duty to disclose information.

sufficiently soon (pretrial) in order that the Defendant may conduct appropriate background investigation and otherwise be prepared to

William M. Welch II, AUSA                                    Page Thirteen

effectively cross-examine such witnesses and, with regard to Government does not intend to call as witnesses, their status as alleged participants or observers of activities included in the indictment makes their availability to Defendant for an interview crucial to the preparation of his defense.

    30. Copies of any/all written documents and all supporting memorandum evidencing any requests for disclosure of Grand Jury materials pursuant to Rule 6(e) made by the United States Attorney's Office, Federal Bureau of Investigation, Department of Justice or any other Federal Department, Bureau or Agency on their behalf which resulted in the disclosure of evidence obtained before a Grand Jury and all copies of Court Orders authorizing such disclosure.

                                     Very truly yours,

                                     /s/ Jack F. St. Clair
                                     Jack F. St. Clair

JFS/mit