

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (413) 785-0235*  *Federal Building and Courthouse*
*Fax (413) 785-0394*  *1550 Main Street, Room 310*
  *Springfield, Massachusetts 01103*

May 10, 2005

Jack St. Clair, Esq.
73 Chestnut Street
Springfield, MA  01103

> Re: **United States v. Francis Keough**
>     **CR-N-04-30032-MAP**

Dear Mr. St. Clair:

This letter serves as a response to your discovery letter, dated April 22, 2004, but received by this office on April 22, 2005. As a preliminary matter, I decline to adopt your requests outlined in the paragraph captioned "Definition." The government has no duty to produce evidence outside of its control or possession, nor does the government have any obligation to inquire about the whereabouts of any requested items not in its possession. See United States v. Hughes, 211 F.3d 676, 688 (1st Cir. 2000).

RULE 16 AND OTHER PRETRIAL MATERIALS

1. The Government has produced all Rule 16 statements of your client, and has no obligation to make inquiries of "potential witnesses or other people" regarding Rule 16 statements. See Hughes, 211 F.3d at 688. Please find contained herein FBI 302s, dated 4/21/05 and 4/22/05.

2. The Government has produced all Rule 16 oral statements of your client. The Government declines to produce any non-Rule 16 oral statements at this time, but rather intends to comply with Jencks and the Local Rules.

3. All Rule 16 materials are available for inspection at the FBI.

4.  All Rule 16 materials are available for inspection at the FBI. The Government hereby requests all reciprocal discovery under Rule 16.

5.  The Government declines to produce this information because it is not required under Rule 16. "In this Circuit, the law is settled: `[T]here is no constitutional or statutory requirement that the identity of prosecution witnesses be disclosed before trial.'" United States v. Collazo-Aponte, 216 F.3d 163, 182 (1st Cir. 2000)(quoting United States v. Bello-Perez, 977 F.2d 664, 670 (1st Cir. 1992)). Instead, the Government will adhere to the Local Rules.

5a. The Government does not intend to call an expert at this time. The Government understands its discovery obligations in the event that the Government uses an expert witness.

BRADY MATERIALS

6.  The Government has complied with its Brady obligation to date. The Government understands its continuing obligation under Brady and will so comply. Consistent with the Local Rules, the Government intends to produce impeachment information three weeks before trial.

7.  See response to Request No. 6.

8.  See response to Request No. 6.

9.  See response to Request No. 6.

10. See response to Request No. 6.

SEARCH MATERIALS

11. Requests 11 through 19 were satisfied through automatic discovery. If you have reason to believe that this office has not complied with its automatic discovery obligations, please bring that information to this office's attention.

WIRETAPPING MATERIALS

20. Requests 20 through 25 were satisfied pursuant to automatic discovery. If you have reason to believe that this office has not complied with its automatic discovery obligations, please bring that information to this office's attention. The Government declines to produce any internal documentation authorizing consensual tape recordings.

MISCELLANEOUS MATERIALS

26a. The Government intends to use evidence seized pursuant to search warrants executed at the residence of Francis Keough, Friends of the Homeless, Hilltop Construction, and all Rule 16 statements of Francis Keough, both recorded and not recorded. The Government is not aware of any other categories of evidence that would be subject to suppression motions under Rule 12(d).

26b. The Government does not intend to use any Rule 404(b) evidence in its case-in-chief. To the extent the Government changes its mind, the Government will provide notice consistent with the Local Rules.

26c. The Government does not intend to use any Rule 609 evidence in its case-in-chief.

27. The Government will produce <u>Jencks</u> materials at a time consistent with the Local Rules and/or statute.

28. The Government provided this information pursuant to automatic discovery.

ROVIARO REQUESTS

29. The Government provided this information pursuant to automatic discovery.

30. The Government declines to produce this information. The defendant has not made "a strong showing of a particularized need" to overcome the strong policy interests in favor of grand jury secrecy. <u>United States v. Sells Engineering, Inc.</u>, 463 U.S. 418, 434 (1982); <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S. 211, 222 (1979). <u>See</u> <u>also</u> <u>United States v. Benjamin</u>,

3

852 F.2d 413, 419 (9th Cir. 1988).

                Very truly yours,

                MICHAEL J. SULLIVAN
                United States Attorney

By:    _____
       WILLIAM M. WELCH II
       Assistant United States Attorney