UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-30032-MAP |
| | ) | |
| FRANCIS G. KEOUGH III | ) | |
| Defendant | ) | |

## MOTION FOR DISCLOSURE AND IDENTIFICATION OF WITNESSES

Now comes the Defendant, Francis Keough, and hereby moves this Honorable Court for an Order directing the Government to identify the names and addresses of any and all informants whom the Government has utilized in the instant case, including, but not limited to the individuals designated as "w-1," "w-2" and "w-3" within the Affidavit of Clifford W. Hedges in Support of Application for Search Warrant, previously filed with the Court.

As grounds therefore, the Defendant states:

1.      On or about April 22, 2005, Defendant made his formal request for discovery pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 116, et seq., of the Local Criminal Rules of Court.

2.      In Paragraph No. 29 of Defendant's formal request for discovery, the Defendant specifically requested that the Government provide Defendant with disclosure of "confidential informants and other informants, agents and cooperating individuals. . . ."  In response to the Defendant's request, the Government stated such information was provided to the Defendant pursuant to automatic discovery.  However, at the very least, Defendant has not been notified of the identification of individuals designated as "w-1," "w-2" and "w-3" within the Affidavit of Clifford W. Hedges in Support of Application for Search Warrant.

3.      The Supreme Court held in <u>Roviaro v. United States</u>, 353 U.S. 53 (1957):

Where the disclosure of an informant's identity, or of the contents

of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.

Id. at 60.  See also Souza v. Ellerthorpe, 712 F.2d 1529, 1531 (1st Cir. 1983).

4.      Following Roviaro, the First Circuit Court of Appeals held that where a witness is demonstrably important to the Defendant's presentation of a defense, the Government must not only disclose the witness' name and address, but keep "sufficient track of the witness[] following the defendant's arrest."  United States v. Giry, 818 F.2d 120, 131 (1st Cir. 1987).

5.      In the instant case, the Affidavit of Clifford W. Hedges in Support of Application for Search Warrant demonstrates that the individuals designated as "w-1," "w-2" and "w-3" are key witnesses for the Government and participants in the alleged wrongful conduct underlying the Indictment.  Further, the identification of said witnesses is crucial to preparation of the Defendant's defense, because much of the case will depend on the credibility of these witnesses. The Government relied on these witnesses to provide information in order to obtain search warrants of the Defendant's residence and place of employment.  These witnesses have first-hand knowledge regarding the underlying events which form the basis for the underlying offense.

6.      In this case, there is no basis whatsoever of a need to prevent "any intimidation or injury" to the Government's witnesses.  The Defendant is a forty-seven year old individual with no record or history of violent or abusive conduct.  Moreover, the Defendant's need for the requested identification of these witnesses is compelling.  In addition to defense counsel's need to prepare for cross-examination of these witnesses, it is necessary for defense counsel to have the opportunity to interview said witnesses well before trial.

7.      "The equal right of the prosecution and the defense in criminal proceedings to interview witnesses before trial is clearly recognized by the courts."  Kines v. Butterworth, 669 F.2d 6, 9 (1st Cir.1981).  It is well established that a Defendant has a constitutional right to

interview witnesses.  See, e.g., Gregory v. United States, 369 F.2d 185 (D.C. Cir. 1966); United States v. Provenzano, 440 F. Supp. 561 (S.D.N.Y. 1977).  It has long been recognized that "witnesses . . . are the property of neither the prosecution nor the defense.  Both sides have an equal right, and should have an equal opportunity, to interview them."  Gregory v. United States, 369 F.2d 185 (D.C. Cir. 1966).  It has also been recognized that "one of the first things responsible counsel does in preparing a case is to seek to interview those witnesses involved in the litigation."  United States v. Opager, 589 F.2d 799, 804 (5th Cir. 1979).  See also Horton v. Allen, 370 F.3d 75, 87 (1st Cir. 2004) (noting "the failure of defense counsel to interview witnesses can establish the deficient performance prong of the Strickland analysis").

Accordingly, by all of the above, this Court should issue an Order upon the Government to furnish to the Defendant a list of its expected trial witnesses.

THE DEFENDANT,
FRANCIS G. KEOUGH III


By: /s/ Jack F. St. Clair
Jack F. St. Clair, Esq.
73 Chestnut Street
Springfield, MA 01103
Tel.: (413) 737-5000
Fax:  (413) 731-1302
BBO # 438100


CERTIFICATE OF SERVICE

I, Jack F. St. Clair, Esq., hereby certify that I have caused a copy of the foregoing document to be served (via electronic filing) upon William M. Welch II, Assistant United States Attorney, United States Attorney's Office, 1550 Main Street, Springfield, MA, 01103, this 20th day of May 2005.


/s/ Jack F. St. Clair
Jack F. St. Clair, Esq.