UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-30032-MAP |
| ) | |
| FRANCIS G. KEOUGH III ) | |
| Defendant ) | |

MOTION FOR PRODUCTION OF RELEVANT STATEMENTS
OF PERSONS WHO ARE NOT PROSPECTIVE WITNESSES

Now comes the Defendant, Francis Keough, and hereby moves this Honorable Court, pursuant to Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure and Brady v. Maryland, 373 U.S. 83 (1963), for an Order directing the Government to search for and produce any and all statements, of any nature, directly or indirectly relating to or connected with the facts of this case which were made, signed, adopted, approved by or otherwise attributed to persons whom the Government does not presently intend to call as witnesses herein.

As grounds therefore, the Defendant states:

1. Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure requires the Government to disclose and to permit the Defendant to inspect and copy all documents or other tangible objects which are within its possession, custody or control and which "are material to the preparation of a defense." Disclosure under Rule 16 is mandatory rather than discretionary.

2. Due process requires the prosecution to respond to specific requests for any evidence or information which arguably is favorable or helpful to the accused.

3. Under Rule 16(a)(2), discovery of statements made by Government trial witnesses is subject to the Jencks Act. Since neither the Jencks Act nor Rule 16(a)(2) precludes discovery of witness statements made by witnesses whom the Government does not intend to use at trial, disclosure of material statements in this category is subject to production under Rule 16(a)(1)(C).

See, e.g., United States v. Carrasquillo-Plaza, 873 F.2d 10 (1st Cir. 1989); United States v. Natale, 526 F.2d 1160, 1171 n. 14 (2d Cir.1975), cert. denied, 425 U.S. 950 (1976); United States v. Walker, 922 F. Supp. 732 (N.D.N.Y. 1996) (requiring disclosure of co-conspirator statements for all persons the government does not intend to call at trial).

4. The Defendant is requesting non-witnesses statements "directly or indirectly" relating to or connected with the facts of this case. Hence, the statements are by definition, "material to the preparation to the defense" under Rule 16(a)(1)(C).

Accordingly, by all of the above, this Court should issue an Order directing the Government to disclose all statements, whether written, recorded or otherwise, of any persons the Government does not presently intend to call as a witness at trial.

THE DEFENDANT,
FRANCIS G. KEOUGH III

By: /s/ Jack F. St. Clair
    Jack F. St. Clair, Esq.
    73 Chestnut Street
    Springfield, MA 01103
    Tel.: (413) 737-5000
    Fax: (413) 731-1302
    BBO # 438100

CERTIFICATE OF SERVICE

I, Jack F. St. Clair, Esq., hereby certify that I have caused a copy of the foregoing document to be served (via electronic filing) upon William M. Welch II, Assistant United States Attorney, United States Attorney's Office, 1550 Main Street, Springfield, MA, 01103, this 20th day of May 2005.

/s/ Jack F. St. Clair
Jack F. St. Clair, Esq.