UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
    v. ) Criminal No. 04-30032-MAP
)
FRANCIS G. KEOUGH III )
        Defendant )

## MOTION FOR PRODUCTION OF STATEMENTS OF WITNESSES

    Now comes the Defendant, Francis Keough, and hereby moves this Honorable Court for an Order directing the Government to furnish to the Defendant any pre-trial statements made by a potential government witness in this matter.

    As grounds therefore, the Defendant states:

    1.    On or about April 22, 2005, Defendant made his formal request for discovery pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 116, et seq., of the Local Criminal Rules of Court.

    2.    In Paragraph No. 27 of Defendant's formal request for discovery, the Defendant specifically requested the Government provide Defendant with all witness statements, including but not limited to handwritten and other informal notes of interviews.  In response to the Defendant's request, the Government refused to provide such witness statements prior to the time set forth by Jencks or the Local Rules.

    3.    Pursuant to 18 USCA.3500, the Defendant is entitled to Jencks Act statements after the witness has completed his or her testimony on direct examination.  Courts have, on a case-by-case basis, invoked their discretion to require production of Jencks Act statements in advance of trial so that unnecessary delays will not take place during the course of the trial.  See, e.g., United States v. Percevault, 490 F.2d 126, 132 (2nd Cir. 1974);  United States v. Moceri, 359 F. Supp. 431 (1973).

4.      Pre-trial disclosure of witness statements is particularly appropriate in a case such as this, where the investigation of the charged offense took place over a lengthy span of years, involving the interviews of numerous witnesses, and upon which the Government's case against the Defendant will rely heavily on the testimony of its cooperating witnesses and alleged unindicted co-conspirators.  Given the magnitude of the investigation, production of said witness statements now will ensure that the Defendant will not incur prejudicial delays during trial while said statements are being read, digested and follow-up investigations being conducted.

5.      Defendant respectfully requests this Honorable Court invoke the sensible and liberal construction of 18 USCA 3500, to insure that the Defendant receives a fair trial and to provide for judicial economy.

6.      Moreover, automatic discovery provided by the Government establishes that certain witnesses, were involved in criminal conduct or wrongful acts, constituting exculpatory impeachment material critical to the Defendant's defense, as said witnesses shall be testifying against the Defendant in the trial of this Indictment.  In addition, said automatic discovery indicates that certain witnesses may have bias against the Defendant (i.e., "W-2," etc.).  It is well established that impeachment evidence qualifies as <u>Brady</u> material.  <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985); <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972).  As the Court explained in <u>Giglio</u>: "When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within the general rule [of <u>Brady</u>].  <u>Giglio</u>, 405 U.S. at 154.  <u>See</u>, <u>e.g.</u>, <u>United States v. Osorio</u>, 929 F.2d 753 (1st Cir.1991);  <u>United States v. Devin</u>, 918 F.2d 280 (1st Cir.1990) (information useful to impeach prosecution witnesses falls within the <u>Brady</u> rubric); <u>United States v. Ingraldi</u>, 793 F.2d 408, 411 (1st Cir.1986) (same).

7.      In the present case, the wrongful acts of various witnesses set forth in the automatic discovery, particularly within the Affidavit of Clifford W. Hedges in Support of Application for Search Warrant, affect the credibility significantly of said witnesses, and thereby diminish the weight a jury would give to their testimony. See, e.g., United States Ingraldi, 793 F.2d at 411 (citing United States v. Bagley, 473 U.S. at 676).

8.      An Assistant United States Attorney using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment information requested regarding the witness. Giglio v. United States, 405 U.S. 150 (1972). This constitutional imperative is not merely good policy but a mandate. In complying with Brady a prosecutor has a duty to find any evidence favorable to the Defendants that is known by the prosecution team, which includes their fellow attorneys and the law enforcement agencies or FBI agents investigating the crime, that is, those acting on the Government's behalf in the case against the accused. See, e.g., Kyles v. Whitley, 514 U.S. 419, 437 (1995); Strickler v. Greene, 527 U.S. 263, 281 (1999); United States v. Osorio, 929 F.2d 753, 761-62 (1st Cir.1991).

9.      The First Circuit explained the constitutional mandate to disclose impeachment information in United States v. Devin, 918 F.2d 280 (1st Cir.1990) and United States v. Osorio, 929 F.2d 753 (1st Cir.1991), neither of which set any limit on the nature of impeaching material, and given its broad nature, must be viewed as being coincident with the scope of cross-examination. Accordingly, under Brady, Devin and Osorio, the Government is obliged to produce investigators' notes and reports, memoranda of interviews, and witness statements, regardless of whether they would qualify as Jencks statements – if said notes, reports, memoranda and statements contain impeachment information, i.e., exculpatory information as required to be produced by Brady, Devin and Osorio. Such impeachment documents include *all*

documents which tend to show the bias, prejudice, personal interest of any Government witness to testify in favor of the Government or against any Defendant, and any documents which tend to show a special relationship of the witness or hostility of the witness either to any other Government witness or to any Defendant in a trial.

10.     Defendant's request for witness statements includes written reports of Federal Bureau of Investigation agents during their investigation of offense charged against Defendant. In United States v. Del Toro Soto, 676 F.2d 13 (1st Cir. 1982), the First Circuit held that a Government agent's "presentation letter", based on reports and notes he had made during his investigation, constituted his Jencks Act statement required to be produced to the Defendant in that case. In making this ruling, the First Circuit reversed the District Court Judge that held it "is not 3500 material" without any examination of the report. Id.   In coming to this ruling, the Court of Appeals held: "There can be little doubt that Cardona's investigation report is a statement within the plain meaning of the words of the statute." Id., citing Clancy v. United States, 365 U.S. 312 (1961); Goldberg v. United States, 425 U.S. 94 (1976). The Court based its ruling in part on the decision in United States v. Cleveland, 477 F.2d 310 (7th Cir. 1973), a case on all fours with this issue, where Judge (now Associate Justice) Stevens ruled that the term "statement" in subsection (e)(1) of the Act "includes the report of a government agent who testified as a prosecution witness." United States v. Cleveland, at 316.

11.     Following the Cleveland decision one step further, the First Circuit provided the standard analysis of whether the investigative reports "relate" to the investigative agents' testimony. In determining whether the report is producible, "the key question is whether the information contained in the statements 'relate(s) generally to the events and activities testified to' by the witness." Id., citing United States v. Ferreira, 625 F.2d 1030, 1034 (1st Cir. 1980),

quoting United States v. O'Brien, 444 F.2d 1082, 1086 (7th Cir. 1971).

12. Lastly, it should be noted that the constitutional dictates of Brady, not the Jencks Act, govern the disclosure of evidence which is both Brady and Jencks material. United States v. Snell, 899 F. Supp. 17, 21 (D. Mass.1995); United States v. Beckford, 962 F. Supp. at 791, citing United States v. Tarantino, 846 F.2d 1384, 1414-15 n. 11 (D.C. Cir.1988)) (Jencks Act timing of disclosure limitations do not lessen the Government's obligations to disclose exculpatory material under Brady); see also United States v. Starusko, 729 F.2d 256, 263 (3rd Cir.1984); United States v. Gallo, 654 F. Supp. 463, 474 (E.D.N.Y.1987) ("If witness' [sic] statements contain material exculpatory to the defendant, due process requires pretrial production under Brady despite the fact that it may be Jencks material as well." [citations omitted] ). As held in United States v. Snell, supra, where the evidence at issue is exculpatory material required to be disclosed under Brady, that material is to be turned over immediately pursuant to Local Rule 116.1, even though it constitutes a "statement" under the Jencks Act. Snell, 899 F. Supp. at 19. Where a Defendant's constitutional due process rights under Brady clash with the procedural dictates of the Jencks Act, the rights afforded to the Defendant must prevail. See United States v. Narciso, 446 F. Supp. 252, 271 (E.D. Mich.1977) ("[W]hen two principles of law conflict with one another . . . the principle favoring greater discovery in favor of the accused must prevail, particularly where . . . the principle favoring disclosure is of constitutional origin."). Accordingly, immediate disclosure of witness statements containing exculpatory material must be provided forthwith.

Accordingly, by all of the above, this Court should issue an Order upon the Government to furnish to the Defendant:

(a) The written statements and/or writings of all witnesses, including investigators,

whom the Government intends to call in support of its case in chief;

(b) In accordance with the decision set forth by the Supreme court in <u>Goldberg v. United States</u>, 425 U.S. 94 (1976), the notes and memoranda made by Government counsel, agents and investigators during the interviewing of witnesses whom the Government intends to call at the time of trial;

(c) Production of all Grand Jury testimony of witnesses whom the Government intends to call at the time of trial; and

(d) Memoranda of any oral statements which have been given by witnesses whom the Government intends to call at trial.

THE DEFENDANT,
FRANCIS G. KEOUGH III


By: /s/ Jack F. St. Clair
Jack F. St. Clair, Esq.
73 Chestnut Street
Springfield, MA 01103
Tel.: (413) 737-5000
Fax:  (413) 731-1302
BBO # 438100


CERTIFICATE OF SERVICE

I, Jack F. St. Clair, Esq., hereby certify that I have caused a copy of the foregoing document to be served (via electronic filing) upon William M. Welch II, Assistant United States Attorney, United States Attorney's Office, 1550 Main Street, Springfield, MA, 01103, this 20th day of May 2005.

/s/ Jack F. St. Clair
Jack F. St. Clair, Esq.