UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-30032-MAP |
| | ) | |
| FRANCIS G. KEOUGH III | ) | |
| Defendant | ) | |

MOTION FOR GOVERNMENT LIST OF WITNESSES

Now comes the Defendant, Francis Keough, and hereby moves this Honorable Court for an Order directing the Government to furnish to the Defendant a list of witnesses in conformity with the following requirements:

(a) That the Government deliver at least sixty (60) days prior to trial, a list of all witnesses it intends to use at the trial of this Indictment;

(b) That upon discovery of additional witnesses, the Government shall supplement the list within seven (7) days thereof.

As grounds therefore, the Defendant states:

1. On or about April 22, 2005, Defendant made his formal request for discovery pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 116, et seq., of the Local Criminal Rules of Court.

2. In Paragraph No. 5 of Defendant's formal request for discovery, the Defendant specifically requested the Government provide Defendant with a list of witnesses the Government intends to call at the trial of this Indictment. In response to the Defendant's request, the Government refused to provide such a list of witnesses.

3. This Indictment arises by way of a Government investigation spanning at least three years and interviews with numerous witnesses. Given the magnitude of the investigation, disclosure of the Government's witness list is necessary to insure the Defendant a fair trial and effective assistance of counsel. United States v. Cannone, 528 F.2d 296 (2nd Cir. 1975)

("pretrial ignorance of the identity of the prosecution's witnesses tends to detract from the effectiveness of the defense's objections and cross-examinations").

4.  Although "there is no constitutional or statutory requirement that the identity of prosecution witnesses be disclosed before trial," United States v. Collazo-Aponte, 216 F.3d 163, 182 (1st Cir. 2000), it is certainly within the Court's discretion to order the Government to produce such a witness list in the appropriate case. United States v. Sclamo, 578 F.2d 888, 890 (1st Cir. 1978); United States v. Bejasa, 904 F.2d 137, 139 (2nd Cir. 1990); United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Chaplinsky, 579 F.2d 373 (5th Cir. 1978).

5.  The test is to determine whether the Government's interest in preventing any intimidation or injury to its witnesses outweighs Defendant's "compelling need," if any, for this information. See United States v. Sclamo, 578 F.2d 888, 890 (1st Cir. 1978); United States v. Cannone, 528 F.2d 296 (2nd Cir. 1975).

6.  In this case, there is no basis whatsoever of a need to prevent "any intimidation or injury" to the Government's witnesses. The Defendant is a forty-seven year old individual with no record or history of violent or abusive conduct. Moreover, the Defendant's need for the requested witness list is compelling. In addition to preparation for cross-examination, it is important to note that the Government has been investigating this matter for years, including extensive witness interviews as established in the Affidavit of Clifford W. Hedges in Support of Application for Search Warrant, previously filed with the Court. In order for defense counsel to prepare an effective defense, it is necessary for defense counsel to have the opportunity to interview said witnesses well before trial.

7.  "The equal right of the prosecution and the defense in criminal proceedings to interview witnesses before trial is clearly recognized by the courts." Kines v. Butterworth, 669

F.2d 6, 9 (1st Cir.1981). It is well established that a Defendant has a constitutional right to interview witnesses. See, e.g., Gregory v. United States, 369 F.2d 185 (D.C. Cir. 1966); United States v. Provenzano, 440 F. Supp. 561 (S.D.N.Y. 1977). It has long been recognized that "witnesses . . . are the property of neither the prosecution nor the defense. Both sides have an equal right, and should have an equal opportunity, to interview them." Gregory v. United States, 369 F.2d 185 (D.C. Cir. 1966). It has also been recognized that "one of the first things responsible counsel does in preparing a case is to seek to interview those witnesses involved in the litigation." United States v. Opager, 589 F.2d 799, 804 (5th Cir. 1979). See also Horton v. Allen, 370 F.3d 75, 87 (1st Cir.2004) (noting that, "the failure of defense counsel to interview witnesses can establish the deficient performance prong of the Strickland analysis").

Accordingly, by all of the above, this Court should issue an Order upon the Government to furnish to the Defendant a list of its expected trial witnesses.

THE DEFENDANT,
FRANCIS G. KEOUGH III

By: /s/ Jack F. St. Clair
Jack F. St. Clair, Esq.
73 Chestnut Street
Springfield, MA 01103
Tel.: (413) 737-5000
Fax: (413) 731-1302
BBO # 438100

CERTIFICATE OF SERVICE

I, Jack F. St. Clair, Esq., hereby certify that I have caused a copy of the foregoing document to be served (via electronic filing) upon William M. Welch II, Assistant United States Attorney, United States Attorney's Office, 1550 Main Street, Springfield, MA, 01103, this 20th day of May 2005.

/s/ Jack F. St. Clair

Jack F. St. Clair, Esq.