06-14-05

SCANNED

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES

vs.                                                    Criminal No. 04-30032-MAP

FRANCIS KEOUGH

### MOTION FOR PRODUCTION OF DEFENDANT'S STATEMENTS
### IN THE "POSSESSION, CUSTODY OR CONTROL" OF THE GOVERNMENT

Now comes the Defendant, Francis Keough, in the above-captioned matter, and hereby

moves this Honorable Court for an Order directing the Government to disclose all statements,

whether written, recorded or otherwise, of the alleged Co-Conspirator, Frank Ware, including the

As grounds therefore, the Defendant states:

1.      On or about April 22, 2005, Defendant made his formal request for discovery

pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 116, et seq., of the Local

Criminal Rules of Court.  Rule 16 specifically provides that upon a defendant's request, the

Government must disclose to the defendant, and make available for inspection, copying, or

photographing, any relevant written or recorded statement by the defendant if the statement is

within the Government's "possession, custody, or control."

2.      In paragraph 1. of said Defendant's formal request for discovery, the Defendant

specifically requested statements of the Defendant made to "any and all potential witnesses or

other people who have supplied information to the prosecutor in this case..."

3.      As of the date of this Motion, the Defendant is aware that certain individuals have

provided information to the Government regarding the matters underlying the indictment against

him, including one Frank Ware, who has been identified as an alleged co-conspirator, as well as individuals described in a certain Affidavit of Clifford W. Hedges in Support of Application for Search Warrant, previously filed with the Court.

3.    In response to the Defendant's request, the Government refused to turn over such statements of the Defendant – asserting that the Government "has no obligation to make inquiries of 'potential witnesses or other people' regarding Rule 16 statements."

4.    In support of its contention that the Government is not obliged to disclose such statements, the Government cited the case of United States v. Hughes, 211 F.3d 676, 688 (1st Cir. 2000). The Hughes decision is completely inapposite to the Defendant's request, wherein the Hughes Court held that: "Mexico is a sovereign nation, and it's clear that the United States Government has no authority to require the Mexican Government to produce any evidence that may be in its possession or under its control. It has to rely on the Mexican government to comply with reasonable and appropriate requests."

5.    In the present case, the Defendant is seeking disclosure of Defendant's statements made to "witnesses or other people who have supplied information to the prosecutor." Therefore, such statements of the Defendant are within the Government's "control," as they are within the possession of Government cooperating witnesses. This is particularly so for the individual, Frank Ware, who has been identified by the Government as an unindicted co-conspirator and party to a proffer agreement with the Government. Further, any statements of the Defendant made to the witnesses identified within the Affidavit of Clifford W. Hedges in Support of Application for Search Warrant, including the individuals identified as "W-1," "W-2" & "W-3", are likewise within the "possession, custody & control" of the Government. See, e.g., United States v. Mitchell, 613 F.2d 779 (10th Cir. 1980); United States v. Manetta, 551 F.2d 1352 (5th Cir. 1977); United States v. Caldwell, 543 F.2d 1333 (D.C. Cir.1974).

Accordingly, by all of the above, this Court should issue an Order upon the Government to disclose said Statements of the Defendant.

THE DEFENDANT,
FRANCIS KEOUGH

By: _Jack F. St. Clair_

Jack F. St. Clair, Esq.
73 Chestnut Street
Springfield, MA 01103
Tel.: (413) 737-5000
Fax: (413) 731-1302
BBO # 438100

## CERTIFICATE OF SERVICE

I, Jack F. St. Clair, Esq., hereby certify that I have caused a copy of the foregoing document to be served upon the United States Attorney's Office at 1550 Main Street, Springfield, MA, 01103, this ___14th___ day of June, 2005.

_Jack F. St. Clair_

Jack F. St. Clair, Esq.