UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR-N-04-30032-MAP |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FRANCIS G. KEOUGH, | ) |
| | ) |
| Defendant. | ) |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR PRODUCTION OF DEFENDANT'S STATEMENTS

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to defendant Keough's Motion for Production of Defendant's Statements as follows:

The Government objects to this request as overly broad. This motion is really nothing more than a motion for early Jencks materials. The Government objects to providing any early Jencks in this case.

On its face, Rule 16 only requires the production of oral statements made by the defendant in response to interrogation to persons "then known by the defendant to be law enforcement officers." The defendant's request exceeds the scope of Rule 16 because it ignores the interrogation element of Rule 16, and the

1

requirement that the defendant make the oral statements to persons then known to the defendant to be law enforcement officers.

First Circuit law also clearly supports such a reading of Rule 16(a)(1)(A). See United States v. Burns, 15 F.3d 211, 214 (1st Cir. 1994)(holding that Rule 16(a)(1)(A) limited to discovery of defendant's oral statements to law enforcement agents or persons acting on behalf of law enforcement). Moreover, every other circuit that has addressed this issue has found a distinction between statements to law enforcement officers and statements to non-law enforcement officers. United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987); United States v. Mayberry, 896 F.2d 1117, 1122 (8th Cir. 1990); United States v. Rivera, 6 F.3d 431, 444 (7th Cir. 1993); United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987).

The Government has produced statements made by defendant Keough to individuals then known to defendant Keough to be law enforcement agents. The Government also has produced any tape recorded statements made to individuals acting as agents of the federal government even if defendant Keough did not know about their status. Therefore, the Government has satisfied its discovery obligation under Rule 16 and the Local Rules.

To the extent the defendant is requesting early Jencks, the Government opposes this request. The Jencks Act, which controls the discovery of witness statements, "provides that the government

2

does not need to disclose the statement or report of a government witness `until said witness has testified on direct examination in the trial of the case.'" United States v. Nelson-Rodriquez, 319 F.3d 12, 37 (1st Cir. 2003)(quoting Title 18, United States Code, Section 3500(a)). See also United States v. Bello-Perez, 977 F.2d 664, 670 (1st Cir. 1992)(citing United States v. Arboleda, 929 F.2d 858, 862-63 (1st Cir. 1991). See also United States v. Tejeda, 974 F.2d 210, 217 (1st Cir. 1992)(the Jencks Act "authorizes the government to withhold the recorded statements of a prospective witness until the witness completes his direct testimony.").

The First Circuit has squarely held that "[a] court may not compel the disclosure of statements of government witnesses before the conclusion of their direct testimony." United States v. Grandmont, 680 F.2d 867, 874 (1st Cir. 1982). Such a court would be "acting beyond his [or her] authority" if a court ordered disclosure of all Jencks prior to trial. Id. at 874.

Every circuit that has addressed this issue also has held that a district court does not have the authority to order the government to disclose witness statements earlier than statutorily required under the Jencks Act. See In re United States of America, 834 F.2d 283, 284-87 (2nd Cir. 1987)(district court has "no inherent power to modify or amend the provisions of the [Jencks] Act."); United States v. Lewis, 35 F.3d 148, 151 (4th Cir.

3

1994)(stating that "[t]he district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified."); United States v. McKenzie, 768 F.2d 602, 608 (5th Cir. 1985), cert. denied, 474 U.S. 1006 (1986)(stating that "[t]he trial court cannot compel disclosure of Jencks material at any earlier point."); United States v. Presser, 844 F.2d 1275, 1282-85 (6th Cir. 1988)(stating that district court "overstepped its authority" when it ordered early disclosure of impeachment evidence covered by the Jencks Act.); United States v. Callahan, 534 F.2d 763, 765-66 (7th Cir.), cert. denied, 429 U.S. 830 (1976)(district court has no authority to order early disclosure of Jencks Act materials); United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986), cert. denied, 479 U.S. 1094 (1987)(a magistrate judge''s discovery order requiring early production of Jencks held "inconsistent with the express provisions of the Jencks Act and therefore unenforceable."); United States v. Tarantino, 846 F.2d 1384, 1414 (D.C. Cir.), cert. denied, 488 U.S. 840 (1988)(courts may not disregard that the Jencks Act "supplies the only avenue to" witness statements, and those statements "which cannot be produced under the terms of 18 U.S.C. §3500 . . . cannot be produced at all.").

Therefore, based upon the foregoing, the Government respectfully requests that the court deny defendant's Motion for Production of Defendant's Statements.

Filed this 28th day of June, 2005.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

                /s/ William M. Welch II
                WILLIAM M. WELCH II
                Assistant United States Attorney

## CERTIFICATE OF SERVICE

Hampden, ss.                                Springfield, Massachusetts
                                            June 28, 2005

　　I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

Jack St. Clair, Esq.
73 Chestnut Street
Springfield, MA  01105

                                     /s/ William M. Welch II
                                     WILLIAM M. WELCH II
                                     Assistant United States Attorney

6