SCANNED

FILED
[...] 'S OFFICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) CR-N-04-30032-MAP |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **FRANCIS G. KEOUGH,** | ) |
| | ) |
| Defendant. | ) |

DOCKETED

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION FOR PRODUCTION OF STATEMENTS OF WITNESSES

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to defendant Keough's Motion for Production of Statements of Witnesses as follows:

The Government objects to this motion. This motion is a motion for early <u>Jencks</u> materials. The Government objects to providing any early <u>Jencks</u> in this case.

The Jencks Act, which controls the discovery of witness statements, "provides that the government does not need to disclose the statement or report of a government witness `until said witness has testified on direct examination in the trial of the case.'" <u>United States v. Nelson-Rodriguez</u>, 319 F.3d 12, 37 (1st Cir. 2003)(quoting Title 18, United States Code, Section

1

34

3500(a)). See also United States v. Bello-Perez, 977 F.2d 664, 670 (1st Cir. 1992)(citing United States v. Arboleda, 929 F.2d 858, 862-63 (1st Cir. 1991). See also United States v. Tejeda, 974 F.2d 210, 217 (1st Cir. 1992)(the Jencks Act "authorizes the government to withhold the recorded statements of a prospective witness until the witness completes his direct testimony.").

The First Circuit has squarely held that "[a] court may not compel the disclosure of statements of government witnesses before the conclusion of their direct testimony." United States v. Grandmont, 680 F.2d 867, 874 (1st Cir. 1982). Such a court would be "acting beyond his [or her] authority" if a court ordered disclosure of all Jencks prior to trial. Id. at 874.

Every circuit that has addressed this issue also has held that a district court does not have the authority to order the government to disclose witness statements earlier than statutorily required under the Jencks Act. See In re United States of America, 834 F.2d 283, 284-87 (2nd Cir. 1987)(district court has "no inherent power to modify or amend the provisions of the [Jencks] Act."); United States v. Lewis, 35 F.3d 148, 151 (4th Cir. 1994)(stating that "[t]he district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified."); United States v. McKenzie, 768 F.2d 602, 608 (5th Cir. 1985), cert. denied, 474 U.S. 1006 (1986)(stating that "[t]he trial court cannot compel

disclosure of Jencks material at any earlier point."); United States v. Presser, 844 F.2d 1275, 1282-85 (6th Cir. 1988)(stating that district court "overstepped its authority" when it ordered early disclosure of impeachment evidence covered by the Jencks Act.); United States v. Callahan, 534 F.2d 763, 765-66 (7th Cir.), cert. denied, 429 U.S. 830 (1976)(district court has no authority to order early disclosure of Jencks Act materials); United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986), cert. denied, 479 U.S. 1094 (1987)(a magistrate judge''s discovery order requiring early production of Jencks held "inconsistent with the express provisions of the Jencks Act and therefore unenforceable."); United States v. Tarantino, 846 F.2d 1384, 1414 (D.C. Cir.), cert. denied, 488 U.S. 840 (1988)(courts may not disregard that the Jencks Act "supplies the only avenue to" witness statements, and those statements "which cannot be produced under the terms of 18 U.S.C. §3500 . . . cannot be produced at all.").

As an initial matter, the court does not have the authority to order the early production of Jencks materials. Contrary to the defendant's arguments in his motion, this court does not have the "discretion to require production of Jencks Act statements in advance of trial . . ." See Motion for Production of Statements of Witnesses, p. 1. Such a position is in direct contravention of First Circuit law.

3

Defendant Keough tries to argue that the presence of possible impeachment information in witness statements somehow compels a different result under Brady or Giglio. The problem with this argument is that defendant Keough fails to take into account the Local Rules, which resolve any possible tension between the Jencks Act and the Brady/Giglio doctrines.

Local Rule 116.2 explicitly establishes two different time frames for disclosure of exculpatory information by the Government. The Local Rules divide exculpatory evidence into two categories. One category, which can be found at Local Rule 116.2(B)(1)(c), requires discovery within twenty-eight days of arraignment or within fourteen days of a written statement that no Waiver will be filed. This information falls under the Brady umbrella.

The second category of exculpatory evidence, which is the more traditional, Giglio-type impeachment information can be found at Local Rule 116.2(B)(2). Local Rule 116.2(B)(2) requires production of these materials no later than twenty-one days before the trial date. The Government has no dispute with the definition of exculpatory evidence as contained in Local Rule 116.2(A).

Therefore, Local Rules 116.2(A) and 116.2(B)(2) take care of any concerns that the defendant may have regarding the timing of the production of impeachment information contained within Jencks materials. Subject to any later objection that the Government may

4

file, the Local Rules require the Government to produce impeachment information twenty-one days before trial.  The Government intends to follow the schedule established by the Local Rules.

Therefore, based upon the foregoing, the Government respectfully requests that the court deny defendant's Motion for Production of Statements of Witnesses.

Filed this _____th day of June, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

WILLIAM M. WELCH II
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

Hampden,  ss.

Springfield, Massachusetts
June 28, 2005

I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

Jack St. Clair, Esq.
73 Chestnut Street
Springfield, MA  01105

WILLIAM M. WELCH II
Assistant United States Attorney

6