FILED
X'S OFFICE

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )          CR-N-04-30082-MAP
                                   )
                    Plaintiff,     )
                                   )
          vs.                      )
                                   )
FRANCIS G. KEOUGH,                 )
                                   )
                   Defendant.      )

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S MOTION FOR GOVERNMENT LIST OF WITNESSES

The United States of America, by and through Michael J.

Sullivan, United States Attorney for the District of

Massachusetts, and William M. Welch II, Assistant United States

Attorney, hereby files this response to defendant Keough's Motion

for Government List of Witnesses as follows:

The Government opposes this motion in part.  The Government

objects to the defendant's request for the names and addresses of

witnesses prior to seven days before trial, as dictated by Local

Rule 117(A)(8)(a).  The Government intends to follow the schedule

established by the Local Rules.

"In this Circuit, the law is settled: `[T]here is no

constitutional or statutory requirement that the identity of

prosecution witnesses be disclosed before trial.'" United States

v. Collazo-Aponte, 216 F.3d 163, 182 (1st Cir. 2000)(quoting

1

United States v. Bello-Perez, 977 F.2d 664, 670 (1st Cir. 1992)).
See also United States v. Reis, 788 F.2d 54, 58 (1st Cir. 1986).
Congress, in fact, has rejected attempts to amend the rule so as
to compel disclosure of witnesses, stating in its conference
report that such disclosure "is not in the interest of the
effective administration of criminal justice . . ." H.R. Conf.
Rep. No. 414, 94th Cong., 1st Sess. 12 (1975). See also 121 Cong.
Rec. H. 7682-7683, (July 28, 1975).

     The defendant claims that fairness and due process compel
this court to order the early release of witness names and
addresses. However, as a legal matter, "`the Due Process Clause
has little to say regarding the amount of discovery which the
parties must be afforded. . . .'" Weatherford v. Bursey, 429 U.S.
545, 559-60 (1977)(quoting Wardius v. Oregon, 412 U.S. 470, 474
(1973)). Moreover, a panel of judges, prosecutors and defense
attorneys established the Local Rules with fairness and due
process for all parties in mind, and agreed that the release of
witness names and addresses seven days before trial was the
fairest approach. The defendant has presented absolutely no
exceptional set of circumstances that distinguishes this case from
any other case on the federal docket.

     Moreover, the defendant's fairness argument is overstated at
best. The defendant has employed a private investigator since
late 2004. That private investigator already has met with and

                                   2

interviewed Frank Ware.  In addition, the defendant arranged for the private investigator to interview several other potential prosecution witnesses at his office at 769 Worthington Street when the defendant was still Executive Director of the Friends of the Homeless, Inc.  Therefore, to suggest that the defendant labors under the "`pretrial ignorance of the identity of the prosecution's witnesses'" is folly. See <u>Motion for Government List of Witnesses</u>, p. 2.

Therefore, based upon the foregoing, the Government respectfully requests that the court deny defendant's Motion for Government List of Witnesses.

Filed this ___th day of June, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

WILLIAM M. WELCH II
Assistant United States Attorney

3

CERTIFICATE OF SERVICE

Hampden,  ss.                              Springfield, Massachusetts
                                          June 28, 2005


        I, William M. Welch, Assistant U.S. Attorney, do hereby
certify that I have served a copy of the foregoing by mailing said
motion to:

Jack St. Clair, Esq.
73 Chestnut Street
Springfield, MA  01105

                                          WILLIAM M. WELCH II
                                          Assistant United States Attorney


4