UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-N-04-30032-MAP |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FRANCIS G. KEOUGH, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR DISCLOSURE AND IDENTIFICATION OF WITNESSES**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to defendant Keough's Motion for Disclosure and Identification of Witnesses as follows:

The Government objects to this motion because the defendant has not met his burden of showing how the identity of the witnesses is vital to his defense. Absent such a showing, the defendant's motion must fail as a matter of law.

"Federal courts long have recognized that the government, in the due performance of its law enforcement functions, must rely to some extent on informants." United States v. Perez, 299 F.3d 1, 3 (1st Cir. 2002). "Identifying an informant (as, say, by calling him to the witness stand) not only may expose that person to harm but also may be seen as a breach of trust by others (making them

1

reluctant to cooperate with the government in future cases)." Id. "It is, therefore, widely acknowledged that the government has a `privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.'" Id. (citing Roviaro v. United States, 353 U.S. 53, 59 (1957)).

"To be sure, this privilege is qualified, not absolute." Perez, 299 F.3d at 3. "There are circumstances in which the interests of justice require that the privilege yield in order to preserve the accused's right to a fair trial." Id. "But the privilege serves important ends, and the law places the burden squarely on the party seeking disclosure (typically, the defendant) to demonstrate that knowledge of the identity of a confidential informant is vital to the proper preparation and presentation of his case." Id. at 3-4. See also United States v. Robinson, 144 F.3d 104, 106 (1st Cir. 1998)). Put simply, "`defendants have an obligation to provide at least some explanation of how the informant's testimony would have supported their alleged defenses.'" United States v. Gomez-Genao, 267 F.3d 1, 2-3 (1st Cir. 2001)(quoting United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991)).

The defendant has made absolutely no showing of how any of the witnesses referenced in Special Agent Hedges' search warrant affidavit -- W-1, W-2 and W-3 -- is vital to the proper

2

preparation and presentation of his defense. The defendant has made no demonstration of any need for the identity of the witnesses. The defendant's rationale essentially boils down to the notion that since the witnesses' information appears in the search warrant affidavit, then the information must be important, and, therefore, their identity would be helpful to the defense.

This argument, however, could apply to any search warrant affidavit and would eviscerate the <u>Roviaro</u> privilege. The mere fact that W-1, W-2, and W-3 had first hand knowledge of the underlying events of the charged offense means nothing. The defendant has an obligation to show how that information is vital to his defense. The defendant claims that his defense depends upon the credibility of W-1, W-2, and W-3, but does not articulate how or why his defense hinges on their credibility. The defendant simply does not meet his burden under First Circuit caselaw.

Therefore, based upon the foregoing, the Government respectfully requests that the court deny defendant's Motion for Disclosure and Identification of Witnesses.

Filed this 29th day of June, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


/s/ William M Welch II
WILLIAM M. WELCH II
Assistant United States Attorney

3

## CERTIFICATE OF SERVICE

Hampden, ss.                                    Springfield, Massachusetts
                                                June 29, 2005


    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

Jack St. Clair, Esq.
73 Chestnut Street
Springfield, MA  01105


                                           /s/ William M. Welch II
                                           WILLIAM M. WELCH II
                                           Assistant United States Attorney