UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-N-04-30032-MAP |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FRANCIS G. KEOUGH, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR PRODUCTION OF STATEMENTS OF ALLEGED CO-CONSPIRATORS

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to defendant Keough's Motion for Production of Statements of Alleged Co-Conspirators as follows:

The Government objects to this motion because the motion is nothing more than yet one more motion for early Jencks, and request for early production of impeachment information in advance of the timing schedule of the Local Rules. The Government intends to provide any impeachment information and any Jencks regarding Frank Ware in accordance with the Local Rules.

As an initial matter, there are no co-conspirator statements that the Government intends to admit in its case-in-chief.

Virtually all of the statements that the Government presently intends to introduce are admissions of the defendant.

Assuming arguendo that there are co-conspirator statements that the Government intends to introduce in its case-in-chief, the Jencks Act, which controls the discovery of witness statements, does not require the Government "to produce the prior statements of its prospective witnesses until after their direct examination." United States v. Bello-Perez, 977 F.2d 664, 670 (1st Cir. 1992)(citing United States v. Arboleda, 929 F.2d 858, 862-63 (1st Cir. 1991). See also United States v. Tejeda, 974 F.2d 210, 217 (1st Cir. 1992)(the Jencks Act "authorizes the government to withhold the recorded statements of a prospective witness until the witness completes his direct testimony.").

The First Circuit has squarely held that "[a] court may not compel the disclosure of statements of government witnesses before the conclusion of their direct testimony." United States v. Grandmont, 680 F.2d 867, 874 (1st Cir. 1982). Such a court would be "acting beyond his [or her] authority" if a court ordered disclosure of all Jencks prior to trial. Id. at 874.

Regarding co-conspirator statements specifically, virtually every circuit that has considered this issue has held that co-conspirator statements are not discoverable under Rule 16. See In re United States of America, 834 F.2d 283, 284-87 (2nd Cir. 1987)(co-conspirators' statements not discoverable under Rule 16);

2

United States v. Percevault, 490 F.2d 126, 129-32 (2nd Cir. 1974)(co-conspirators' statements not discoverable under Rule 16), foll'd, United States v. Scotti, 47 F.3d 1237, 1239 (2nd Cir. 1995)(court cannot compel pretrial production of Jencks material); United States v. Tarantino, 846 F.2d 1384, 1418 (D.C. Cir. 1988).

The Government objects to any early production of impeachment information. The problem with the defendant's argument regarding co-conspirator statements is that the defendant ignores the fact that Local Rule 116.2 explicitly establishes two different time frames for disclosure of exculpatory information by the Government. The Local Rules divide exculpatory evidence into two categories. One category, which can be found at Local Rule 116.2(B)(1)(c), requires discovery within twenty-eight days of arraignment or within fourteen days of a written statement that no Waiver will be filed.

The second category of exculpatory evidence, which is the more traditional, Giglio-type impeachment information can be found at Local Rule 116.2(B)(2). Local Rule 116.2(B)(2) requires production of these materials no later than twenty-one days before the trial date. The Government has no dispute with the definition of exculpatory evidence as contained in Local Rule 116.2(A).

The Government will discover any Jencks materials and impeachment information in accordance with Jencks, Brady/Giglio,

relevant statutes and procedural rules, applicable caselaw, and the Local Rules.

Therefore, based upon the foregoing, the Government respectfully requests that the court deny defendant's Motion for Production of Statements of Alleged Co-Conspirator.

Filed this 29th day of June, 2005.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> /s/ William M. Welch II
> WILLIAM M. WELCH II
> Assistant United States Attorney

4

CERTIFICATE OF SERVICE

Hampden, ss.                    Springfield, Massachusetts
                                June 29, 2005

    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

Jack St. Clair, Esq.
73 Chestnut Street
Springfield, MA  01105

                                               /s/ William M. Welch II
                                             WILLIAM M. WELCH II
                                             Assistant United States Attorney