UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR-N-04-30032-MAP |
| Plaintiff, | ) |
| vs. | ) |
| FRANCIS G. KEOUGH, | ) |
| Defendant. | ) |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR PRODUCTION OF STATEMENTS OF WITNESSES

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to defendant Keough's Motion for Production of Relevant Statements of Non-Witnesses as follows:

The Government objects to this motion. Interview reports of non-witnesses are not discoverable under Rule 16(a)(1)(E). In addition, this motion is nothing more than an attempt to circumvent the timing schedule for the discovery of impeachment information established by the Local Rules. As previously stated, the Government intends to adhere to the timing schedule of the Local Rules.

As an initial matter, Rule 16(a)(1)(E) does not apply to statements.[1] Rule 16(a)(1)(E) addresses the discovery of documents and tangible objects. Nowhere does Rule 16(a)(1)(E) refer to statements, which is clearly a distinct and unique term within Rule 16. See Fed.R.Crim.Pro. 16(a)(2) and (a)(3).

Moreover, Rule 16(a)(1)(E) "is limited by Rule 16(a)(2) and (a)(3)." United States v. Jordan, 316 F.3d 1215, 1249 (11th Cir. 2003). "Rule 16(a)(2) exempts from disclosure . . . `statements made by government witnesses or prospective government witnesses'", and Rule 16(a)(3) "exempts the discovery of statements of persons who have testified before a grand jury." Id. at 1251. As "Rule 16(a)(2) states, the Jencks Act -- and not Rule 16 -- governs the discoverability of `statements made by government witnesses.'" United States v. Carter, 70 F.3d 146, 147 n.1 (D.C. Cir. 1995). See also Jordan, 316 F.3d at 1251.

The mere fact that the Government interviewed a potential witness, but then choses not to call that person as a witness, does not make the interview reports or statements discoverable. "For the purposes of Rule 16, statements made by persons who were prospective witnesses when interviewed do not lose that character by a subsequent decision not to call them at trial." United States v. Mills, 641 F.2d 785, 790 (9th Cir. 1981).

---

[1] The defendant refers to this section as Rule 16(a)(1)(C). However, recent amendments to Rule 16 caused this section to be re-lettered Rule 16(a)(1)(E).

2

Therefore, Rule 16 provides no basis for the discovery of interview reports of prospective witnesses. Discovery of information "material to the preparation of a defense" that is contained within interview reports of prospective witness will be produced in the ordinary course under either Brady or Giglio in accordance with the schedule established by the Local Rules.

Assuming arguendo that interview reports of prospective witnesses are discoverable under Rule 16, an item that falls under Rule 16(a)(1)(E) "need not be disclosed unless the defendant demonstrates that it is material to the preparation of his defense." Jordan, 316 F.3d at 1250. "A general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense." Id. (citing United States v. Carrasquillo-Plaza, 873 F.2d 10, 12-13 (1st Cir. 1989); United States v. Cadet, 727 F.2d 1453, 1466 (9th Cir. 1984)). "Rather, the defendant must make a specific request for the item together with an explanation of how it will be 'helpful to the defense.'" Jordan, 316 F.3d at 1250.

A "pretrial, blanket demand for 'all books, paper, documents and tangible objects' material to his defense [is] too general to satisfy the requirement of a request and of a showing of materiality." Carrasquillo-Plaza, 873 F.2d at 12-13. The argument that a defendant cannot make a specific request for information and establish a prima facie showing of materiality without knowing

3

the existence or substance of the information first is unavailing because such reasoning would transform Rule 16(a)(1)(E) into a rule of open discovery. Carrasquillo-Plaza, 873 F.2d at 13.

The defendant's request for the interview reports of prospective witnesses fails even under their own view of Rule 16(a)(1)(E) because the defendant has not made a sufficiently specific request for information or a prima facie showing of materiality. Instead, the defendant requests statements "directly or indirectly relating to or connected with the facts of this case." Motion for Production of Relevant Statements of Non-Witnesses, p. 2. Such a request falters even under the defendant's own view of the caselaw.

Therefore, based upon the foregoing, the Government respectfully requests that the court deny defendant's Motion for Production of Relevant Statements of Non-Witnesses.

Filed this __th day of June, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

*/s/ William M. Welch II*
WILLIAM M. WELCH II
Assistant United States Attorney

4

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          June 29, 2005

    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

Jack St. Clair, Esq.
73 Chestnut Street
Springfield, MA 01105

                                                  /s/ William M. Welch II
                                                  WILLIAM M. WELCH II
                                                  Assistant United States Attorney