UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal No. 04-30032-MAP |
| ) | |
| FRANCIS G. KEOUGH III, ) | |
| Defendant ) | |

**DEFENDANT'S REPLY MEMORANDUM TO
GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR GOVERNMENT LIST OF WITNESSES**

The Defendant, Francis Keough, has moved this Honorable Court for an Order directing the Government to furnish to the Defendant a list of witnesses in conformity with the following requirements:

(a)   That the Government deliver at least sixty (60) days prior to trial, a list of all witnesses that it intends to use at the trial of this indictment;

(b)   That upon discovery of additional witnesses, the Government shall supplement the list within seven (7) days thereof.

The Government opposes this Request to the extent that it requests the Government to produce the list prior to seven days before trial as provided by the Local Rules. However, the dates set forth are presumptive, and the Court has the discretion to set earlier dates. The Local Rules provide that either party may object to the presumptive timing for disclosure of witnesses and exhibits. L.R. 117.1(A)(6). The Court may modify any of the requirements of L.R. 117.1(A), including the time by which the Government discloses its list of witnesses, if it is in the interests of justice to do so. L.R. 117.1(B).

In the present case, the interests of justice would be served by an order requiring the Government to disclose its list of witnesses as requested by the Defendant. Although "there is no constitutional or statutory requirement that the identity of prosecution witnesses be disclosed

before trial," United States v. Collazo-Aponte, 216 F.3d 163, 182 (1st Cir. 2000), it is certainly within the Court's discretion to order the Government to produce such a witness list in the appropriate case.  United States v. Sclamo, 578 F.2d 888, 890 (1st Cir. 1978); United States v. Bejasa, 904 F.2d 137, 139 (2d Cir. 1990); United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Chaplinsky, 579 F.2d 373 (5th Cir. 1978).  The test is to determine whether the Government's interest in preventing any intimidation or injury to its witnesses outweighs Defendant's "compelling need," if any, for this information.  See, United States v. Sclamo, 578 F.2d 888, 890 (1st Cir. 1978);  United States v. Cannone, 528 F.2d 296 (2nd Cir. 1975).

In the present case, there is no basis whatsoever of a need to prevent "any intimidation or injury" to the Government's witnesses.  The Defendant is a forty-seven year old individual with no record or history of violent or abusive conduct.  Moreover, the Defendant's need for the requested witness list is compelling.  In addition to preparation for cross-examination, it is important to note that the Government has been investigating this matter for years, including extensive witness interviews as established in the Affidavit of Clifford W. Hedges in Support of Application for Search Warrant, previously filed with the Court.  In order for defense counsel to prepare an effective defense, it is necessary for defense counsel to have the opportunity to interview said witnesses well before trial.

The Government notes in its Response that defense counsel has commenced interviewing such witnesses as is presently known, then seeks to use this against the Defendant asserting that the Defendant has no need to know what other witnesses will be testifying.  However, if anything, the fact that defense counsel has actively sought and is continuing to actively seek to interview such witnesses compels the conclusion that Defendant's request is not spurious, but rather is necessary for the preparation of his defense.

"The equal right of the prosecution and the defense in criminal proceedings to interview witnesses before trial is clearly recognized by the courts."  Kines v. Butterworth, 669 F.2d 6, 9

(1st Cir.1981).  It is well established that a Defendant has a constitutional right to interview witnesses.  See, e.g., Gregory v. United States, 369 F.2d 185 (D.C. Cir. 1966); United States v. Provenzano, 440 F. Supp. 561 (S.D.N.Y. 1977).  It has also been recognized that "one of the first things responsible counsel does in preparing a case is to seek to interview those witnesses involved in the litigation."  United States v. Opager, 589 F.2d 799, 804 (5th Cir. 1979).  See also, Horton v. Allen, 370 F.3d 75, 87 (1st Cir.2004) (noting that, "the failure of defense counsel to interview witnesses can establish the deficient performance prong of the Strickland analysis").

This Indictment arises by way of a Government investigation spanning at least three years and interviews with numerous witnesses.  Given the magnitude of the investigation, disclosure of the government's witness list is necessary to insure the Defendant a fair trial and effective assistance of counsel.  United States v. Cannone, 528 F.2d 296 (2nd Cir. 1975) ("pretrial ignorance of the identity of the prosecution's witnesses tends to detract from the effectiveness of the defense's objections and cross-examinations").  The Court has discretion to order the prosecutor to furnish the defense a witness list.  United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996) (no abuse of discretion to order exchange of witness lists);  United States v. Richter, 488 F.2d 170 (9th Cir. 1973).

Accordingly, by all of the above, this Court should issue an Order upon the Government to furnish to the Defendant a list of its expected trial witnesses.

            THE DEFENDANT,
            FRANCIS G. KEOUGH III


          By: /s/ Jack F. St. Clair
            Jack F. St. Clair, Esq.
            73 Chestnut Street
            Springfield, MA 01103
            Tel.: (413) 737-5000
            Fax:  (413) 731-1302
            BBO # 438100

## CERTIFICATE OF SERVICE

  I, Jack F. St. Clair, Esq., hereby certify that I have caused a copy of the foregoing document to be served via CM/ECF upon William M. Welch II, Assistant United States Attorney, United States Attorney's Office, 1550 Main Street, Springfield, MA, 01103, this 30th day of June 2005.

            /s/ Jack F. St. Clair
            Jack F. St. Clair, Esq.