## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES                )
                             )
            v.               )        Criminal No. 04-30032-MAP
                             )
FRANCIS G. KEOUGH III,       )
                Defendant    )

## DEFENDANT'S REPLY MEMORANDUM TO
## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR PRODUCTION OF STATEMENTS
## OF ALLEGED CO-CONSPIRATOR

The Defendant, Francis Keough, has moved this Honorable Court for an Order directing the Government to disclose all statements, whether written, recorded or otherwise, of the alleged unindicted Co-Conspirator, Frank Ware, in the possession, custody or control of the government, including the complete proffer provided by said Frank Ware to the Government. The Government raises two objections to the Defendant's request:

1)  That the Jencks Act prohibits a Court Order of pre-trial disclosure of such statements, even those statements of co-conspirators admissible under under Fed. R. Evid. 801(d)(2)(E); and

2)  That although *exculpatory* statements of co-conspirators are to be produced prior to trial, the local rules govern the timing for disclosure of exculpatory material regardless of the Defendant's need for earlier disclosure of such materials.

In support of its argument that the court has no discretion to order pre-trial disclosure of co-conspirators statements, the Government asserts: "Regarding co-conspirator statements specifically, virtually every circuit that has considered this issue has held that co-conspirator statements are not discoverable under Rule 16." In support of this broad proposition, the Government relies on three Second Circuit cases and a D.C. Circuit Court case. However, the Government fails to mention the important distinction recognized by the Second Circuit courts and others – that there is an exception for statements made by co-conspirators in furtherance of

the alleged conspiracy, that would therefore be admissible under Fed. R. Evid. 801(d)(2)(E).  As

explained in later cases in the Second Circuit following those cited by the Government,

statements made by a defendant's co-conspirator are generally not discoverable under Federal

Rule of Criminal Procedure 16, **unless they are made in course and furtherance of**

**conspiracy, in which case they may be fairly attributed to defendant**.  United States v

Walker, 922 F. Supp. 732 (N.D.NY 1996); United States v Konefal, 566 F. Supp. 698

(N.D.NY1983); United States v Agnello, 367 F. Supp. 444 (E.D.NY 1973).  These are exactly

the statements requested in the Defendant's Motion in the present case.  Id.

The Second Circuit is not alone in making this distinction.  In United States v Thevis, 84

FRD 47 (N.D. GA 1979), the Court ruled that statements of coconspirators which concern

activities conducted or statements made during the course of, and in furtherance of, the

conspiracy in which the declarant and the defendant were both members must be disclosed to the

defendant under Rule 16(a)(1)(A).  Id.  In coming to this decision, the Court relied on the mutual

agency theory underlying the admissibility of coconspirators, statements under Rule

801(d)(2)(E) of the Federal Rules of Evidence, which the court held was a highly persuasive

argument for the discoverability of such statements as "statements made by the defendant" under

Rule 16(a)(1)(A).  Likewise, in United States v Fine, 413 F. Supp. 740 (W.D. Wisc. 1976), the

court held that statements of alleged coconspirators should be discoverable under Rule

16(a)(1)(A) as if they were the defendant's own statements.  Other courts have held that the

disclosure of such co-conspirator's statements are within the sound discretion of Court.  U.S. v.

Rivera, 6 F.3d

431 (7th Cir. 1993);  United States v Lov-It Creamery, Inc., 704 F. Supp. 1532 (E.D. Wisc.

1989), citing, United States v Disston, 612 F.2d 1035 (7th Cir. 1980).  Statements of alleged co-

conspirators should be disclosed forthwith, so that the Defendant has a fair opportunity to prepare his defense, and that a hearing can be held as to the admissibility of such statements. See, e.g., United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917 (1979); United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978); United States v. MacFarlane, 759 F. Supp. 1163 (W.D. Pa. 1991). Because under Fed. R. Evid. 801(d)(2)(E) a statement of an alleged co-conspirator may be admitted against the Defendant under circumstances where the Defendant has no knowledge of the existence or content of such statements, it is essential for disclosure of such statements to the Defendant at the earliest possible date in order to avoid prejudice at trial. Id.

With regard to those statements of co-conspirators which are exculpatory, the Government acknowledges that such exculpatory statements must be produced prior to trial (as set forth in Defendant's Motion), but argues that disclosure may not be compelled prior to the time lines set forth in the Local Rules, i.e., 21 days prior to trial. This argument fails because:

a)     The statements of the alleged co-conspirator are directly exculpatory, and therefore must be produced forthwith; and

b)     Even if the statements were Giglio-type impeachment exculpatory evidence, the court has the discretion to order earlier disclosure of such information.

The Defendant has been charged by Indictment with one count of Extortion, in violation of 18 USCA 1951, wherein it is alleged that the Defendant "unlawfully obtained $29,000.00 from The Ware Group, Inc., which property was not due the defendant and The Ware Group's consent having been induced by wrongful use and threat of use of economic harm and under color of official right." Pursuant to automatic discovery under the Local Rules, the Government has advised the Defendant that it alleges that the individual known as Frank Ware is an un-indicted co-conspirator regarding the charge of extortion returned against the Defendant, and that

3

said Frank Ware has provided statements to the Government pursuant to a proffer agreement.
The Defendant has reason to believe that the alleged co-conspirator, Frank Ware, is under
investigation for numerous other criminal acts similar to the acts alleged in the present case,
including work performed by The Ware Group relating to the Southwest Community Health
Center and Fred Swan, as well as other non-profit organizations related to Mason Square. The
Court should Order the Government to immediately disclose and deliver to the Defendant said
complete proffer of Frank Ware, including such memoranda of interviews, investigators' notes
and reports, for reason that said statements, memoranda of interviews and investigators' notes
and reports contain directly exculpatory material required to be delivered to the Defendant, as
mandated by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

First, the similar nature of the allegations involved in the present case and other projects
in which the Frank Ware is involved indicates that the complete proffer provided by Frank Ware
contains information establishing that if any unlawful activity occurred in this case, it was
perpetrated by Frank Ware, not the Defendant. The evidence contained in Frank Ware's
complete proffer is material and exculpatory because said evidence will tend to prove that a) the
Defendant did not have the requisite mens rea to have committed the crime of extortion; and b)
that if any unlawful conduct was perpetrated in this case, it was perpetrated by Frank Ware –
consistent with his history of conduct in the other matters involving the Ware Group.
Accordingly, the Government is obligated to disclose the complete proffer by Frank Ware
forthwith because the material contained in said complete proffer is directly exculpatory –
because it tends to establish that the Defendant did not have the requisite criminal mens rea for
the alleged offense and that if any wrongful acts were perpetrated in this case, it was done so by
other individuals.

4

Local Rule 116.2(B)(1)(c) provides that exculpatory evidence such as sought in the present case shall be provided no later than 28 days of arraignment. Thus, in automatic discovery cases, the following is due within 28 days of arraignment (or within 14 days of the government's receipt of a written statement that the defendant will not be waiving automatic discovery): information that would tend directly to negate guilt; information that would provide a basis for a motion to suppress; promises, rewards, and inducements; criminal records; pending cases (state or federal); and failed identification attempts. L.R. 116.2(B)(1). It is only impeachment evidence that has the later deadline under the Local Rules. Information that reasonably fits into more than one category under L.R. 116.2 is to be produced on the earliest date. L.R. 116.2(B)(5).

In addition to the direct exculpatory nature of the alleged co-conspirator Frank Ware's statements in the present case, the extensive evidence of criminal conduct of Frank Ware set forth in his complete proffer provides exculpatory impeachment material critical to the Defendant's defense – as Frank Ware is an alleged unindicted co-conspirators who will be testifying against the Defendant. The information contained in Frank Ware's complete proffer setting forth Frank Ware's extensive criminal conduct would serve to erode his credibility significantly and thereby diminish the weight a jury would give to his testimony. See, e.g., U.S. v. Ingraldi, 793 F.2d at 411 (citing U.S. v. Bagley, 473 U.S. at 676). An Assistant United States Attorney using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment information requested regarding the witness. Giglio v. United States, 405 U.S. 150 (1972). In complying with Brady a prosecutor has a duty to find any evidence favorable to the Defendants that is known by the prosecution team, which includes their fellow attorneys and the law enforcement agencies or FBI agents investigating the crime,

that is, those acting on the government's behalf in the case against the accused.  See, e.g., Kyles

v. Whitley, 514 U.S. 419, 437 (1995); Strickler v. Greene, 527 U.S. 263, 281 (1999);  United

States v. Osorio, 929 F.2d 753, 761-62 (1st Cir.1991).  Accordingly, under Brady, Devin and

Osorio, the Government is obliged to produce investigators' notes and reports, memoranda of

interviews, and witness statements, regardless of whether they would qualify as Jencks

statements – if said notes, reports, memoranda and statements contain impeachment information,

i.e., exculpatory information as required to be produced by Brady, Devin and Osorio.  Such

impeachment documents include *all* documents which tend to show the bias, prejudice, personal

interest of any government witness to testify in favor of the government or against any

defendant, all prior "bad acts," and any documents which tend to show a special relationship of

the witness or hostility of the witness either to any other government witness or to any of the

defendants in a trial.

    In the present case, the Government acknowledges that it has a duty to produce such

evidence, but insists that it need do so no earlier than 21 days before trial.  This position is a

misreading of the Local Rules.  The operative language is "(2) Not *later* than twenty-one (21)

days before the trial date established by the judge who will preside:" (emphasis supplied).  This

language sets forth that the Court will order the Government to disclose *at least* 21 days before

trial any remaining exculpatory information described in L.R. 116.2.  The local rules provide that

either party may object to the presumptive timing for disclosure of witnesses and exhibits.  L.R.

117.1(A)(6).  The Court may modify any of the requirements of L.R. 117.1(A), including the

time by which disclosure of exculpatory impeachment material must be made, if it is in the

interests of justice to do so.  L.R. 117.1(B).  A district court possesses great leeway in the

application and enforcement of its local rules.  United States v. Roberts, 978 F.2d 17 (1st Cir.

1992), citing, <u>United States v. Diaz-Villafane</u>, 874 F.2d 43, 46 (1st Cir.), cert. denied, 493 U.S.
862, 110 S. Ct. 177, 107 L. Ed.2d 133 (1989); <u>Aggarwal v. Ponce School of Medicine</u>, 745 F.2d
723, 726 (1st Cir.1984); <u>Hawes v. Club Ecuestre El Comandante</u>, 535 F.2d 140 (1st Cir.1976).

   The problem with the Government's argument is that it <u>ignores</u> the fact that the timeline
set forth by Local Rule 116.2 is not mandatory – rather, it is presumptive, setting forth the
minimum deadlines for disclosure.  The Court has the discretion to Order earlier disclosure, and
it should do so in the present case.  This Indictment arises by way of a Government investigation
spanning at least three years and interviews with numerous witnesses.  The Government, already
advantaged by the enormous resources available to it compared to the Defendant, further seeks
an unjustifiable advantage by deigning only three weeks to the Defendant for preparation of his
defense with said materials that the Government has had up to three years within its purview.

   Accordingly, by all of the above, this Court should issue an Order directing the
Government to disclose all statements, whether written, recorded or otherwise, of alleged co-
Conspirators in the possession, custody or control of the Government, including the complete
proffer provided by said Frank Ware to the Government.

                    THE DEFENDANT,
                    FRANCIS KEOUGH


                  By: /s/ Jack F. St. Clair
                     Jack F. St. Clair, Esq.
                     73 Chestnut Street
                     Springfield, MA 01103
                     Tel.: (413) 737-5000
                     Fax:  (413) 731-1302
                     BBO # 438100

**CERTIFICATE OF SERVICE**

I, Jack F. St. Clair, Esq., hereby certify that I have caused a copy of the foregoing document to be served via CM/ECF upon William M. Welch II, Assistant United States Attorney, United States Attorney's Office, 1550 Main Street, Springfield, MA, 01103, this 30th day of June  2005.

/s/ Jack F. St. Clair
Jack F. St. Clair, Esq.