**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal No. 04-30032-MAP |
| ) | |
| FRANCIS G. KEOUGH III, ) | |
| Defendant ) | |

**DEFENDANT'S REPLY MEMORANDUM TO
GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR DISCLOSURE AND IDENTIFICATION OF WITNESSES**

The Defendant, Francis Keough, has moved this Honorable Court for an Order directing the Government to identify the names and addresses of any and all informants whom the Government has utilized in the instant case, including, but not limited to the individuals designated as "w-1," "w-2" and "w-3" within the Affidavit of Clifford W. Hedges in Support of Application for Search Warrant, previously filed with the Court.

The Government has filed its Response to Defendant's Motion, relying on the case of United States v. Perez, 299 F.3d 1 (1st Cir. 2002), for the proposition that the Defendant has not made a specific enough showing for the need for disclosure of said witnesses. In coming to this proposition, the Government misconstrues the holding in United States v. Perez, relying on singular excerpts from this case that are inapposite to the issue of pre-trial disclosure of such witnesses in the present case. Indeed, the Court of Appeals in Perez specifically admonished the Defendant, Perez, in that case for not filing a motion for disclosure of such witnesses as Keough has done in the instant case. The Court of Appeals called Perez's tactics in that case an "attempted end run around" the very procedures followed by Keough in the case at bar.

In Perez, the defendant appealed on the basis that the Court failed to give a "missing witness" instruction. The missing witness in that case was a confidential informant. The Court of Appeals emphasized that disclosure of such witnesses are pre-trial matters, and that Perez

should not be allowed perform an end around this procedure in order to claim error by way of a missing witness instruction. More specifically, the Perez Court held:

> This inquiry defies mechanical solutions: in determining whether the privilege must give way, the trial court must consider the particular circumstances of each case, balancing the accused's right to prepare and present his defense against the public interest in acquiring needed information and the informant's stake in confidentiality. United States v. Robinson, 144 F.3d 104, 106 (1st Cir.1998). The battle over entitlement to the privilege typically is fought out in motion practice and other pretrial proceedings (including evidentiary hearings, where warranted). E.g., id. at 105-06; United States v. Bibbey, 735 F.2d 619, 621 (1st Cir.1984). In recognition of the seminal case on the informant's privilege, pretrial evidentiary hearings devoted to this issue have come to be known as "Roviaro hearings."
>
> In the instant case, the appellant eschewed the filing of a motion for disclosure of the CI's identity. He likewise chose not to ask the trial court to convene a Roviaro hearing. Instead, he attempted an end run around the safeguards that attend the qualified privilege: he waited until both sides had rested and then, despite having made no effort to obtain the informant's identity in the usual manner, implored the court to instruct the jurors that they could draw an adverse inference from the government's failure to offer the CI's testimony. Under these circumstances, we agree with the district court that the appellant was not entitled to such an instruction.

In the present case, Keough has set forth in his Motion the very criteria for disclosure of said unidentified witnesses. As the Supreme Court held in Roviaro v. United States, 353 U.S. 53 (1957): "Where the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way. Id. At 60. See also, Souza v. Ellerthorpe, 712 F.2d 1529, 1531 (1st Cir. R.I. 1983). In the instant case, the Affidavit of Clifford W. Hedges in Support of Application for Search Warrant demonstrates that the individuals designated as "w-1," "w-2" and "w-3" are key witnesses for the Government *and are participants in the alleged wrongful conduct underlying the Indictment*. Further, the identification of said witnesses is crucial to preparation of the Defendant's defense, *because*

*much of this case will depend on the credibility of these witnesses*.  The Government relied on these witnesses to provide information in order to obtain search warrants of the Defendant's residence and place of employment.  This reliance by the Government establishes the importance of these witnesses' knowledge of events essential for Defendant's defense.  These witnesses have first hand knowledge of the underlying events which form the basis for the charged offense.

The Government claims in its Response that the defendant "has made absolutely no showing of how any of the witnesses referenced in Special Agent Hedge's search warrant – W-1, W-2 and W-3 – is vital to the proper preparation and presentation of his defense."  This statement ignores the multiple reasons set forth by Defendant that these individuals were not only eye witnesses, but also participants in the alleged illegal conduct.  In addition to defense counsel's need to prepare for cross-examination of these witnesses, it is necessary for defense counsel to have the opportunity to interview said witnesses well before trial.  "The equal right of the prosecution and the defense in criminal proceedings to interview witnesses before trial is clearly recognized by the courts."  Kines v. Butterworth, 669 F.2d 6, 9 (1st Cir.1981).  It is well established that a Defendant has a constitutional right to interview witnesses.  See, e.g., Gregory v. United States, 369 F.2d 185 (D.C. Cir. 1966); United States v. Provenzano, 440 F. Supp. 561 (S.D.N.Y. 1977).  It has long been recognized that "witnesses... are the property of neither the prosecution nor the defense.  Both sides have an equal right, and should have an equal opportunity, to interview them."  Gregory v. United States, 369 F.2d 185 (D.C. Cir. 1966).  It has also been recognized that "one of the first things responsible counsel does in preparing a case is to seek to interview those witnesses involved in the litigation."  United States v. Opager, 589 F.2d 799, 804 (5th Cir. 1979).  See also, Horton v. Allen, 370 F.3d 75, 87 (1st Cir.2004) (noting

that, "the failure of defense counsel to interview witnesses can establish the deficient performance prong of the Strickland analysis").

The Government makes the remarkable, if not bizarre assertion that "the mere fact that W-1, W-2 and W-3 had first hand knowledge of the underlying events of the charged offense means nothing." This proposition flies in the face of the Supreme Court's holding in Rovario, where the court held that "Where the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way. Id. At 60. Certainly, "the mere fact that W-1, W-2 and W-3 had first hand knowledge of the underlying events of the charged offense" is relevant and helpful to the preparation of the defense of the accused, and is essential to the fair determination of the matter. There is no basis whatsoever of a need to prevent "any intimidation or injury" to the Government's witnesses. The Defendant is a forty-Seven (47) year old individual with no record or history of violent or abusive conduct.

Considering "the particular circumstances of each case, balancing the accused's right to prepare and present his defense against the public interest in acquiring needed information and the informant's stake in confidentiality" in the present case compels the conclusion that there are no countervailing concerns regarding the safety of the witnesses, that the knowledge and information known to these individuals is material to the Defendant's defense, and therefore disclosure of the identify of these witnesses must be compelled. United States v. Robinson, 144 F.3d 104, 106 (1st Cir.1998). The Government has set forth no cognizable basis for denying disclosure of these witnesses other than that "their first hand knowledge" "means nothing." The Government's claim that disclosure in such cases would "eviscerate the Rovario privilege" misconstrues the privilege – which is protect public interest in acquiring needed information and

the informant's stake in confidentiality due to fear of harm. In the present case, there is no threat of harm to the witnesses, and no basis to conclude that the public interest in acquiring needed information would be threatened. Absent these considerations, and in view of the critical information known to these witnesses, the balancing of these criteria establishes that the qualified privilege must "give way." Rovario, Id. at 60.

Accordingly, by all of the above, Defendant's motion for Disclosure and Identification of Witnesses must be allowed.

>THE DEFENDANT,
>FRANCIS KEOUGH
>
>By: /s/ Jack F. St. Clair
>Jack F. St. Clair, Esq.
>73 Chestnut Street
>Springfield, MA 01103
>Tel.: (413) 737-5000
>Fax: (413) 731-1302
>BBO # 438100

## CERTIFICATE OF SERVICE

I, Jack F. St. Clair, Esq., hereby certify that I have caused a copy of the foregoing document to be served via CM/ECF upon William M. Welch II, Assistant United States Attorney, United States Attorney's Office, 1550 Main Street, Springfield, MA, 01103, this 30th day of June 2005.

>/s/ Jack F. St. Clair
>Jack F. St. Clair, Esq.