UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal No. 04-30032-MAP |
| ) | |
| FRANCIS G. KEOUGH III, ) | |
| Defendant ) | |

**DEFENDANT'S REPLY MEMORANDUM TO
GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR PRODUCTION OF DEFENDANT'S STATEMENTS
IN THE "POSSESSION, CUSTODY OR CONTROL" OF THE GOVERNMENT**

The Defendant, Francis Keough, has moved this Honorable Court for an Order directing the Government to disclose all statements, whether written, recorded or otherwise, of the Defendant in the "possession, custody or control" of the Government. In its Response, the Government argues that it only has the duty to produce such statements of the Defendant if they were made to law enforcement officers agents. The Government specifically states: "Rule 16 only requires the production of *oral* statements made by the defendant in response to interrogation to persons "then known by the defendant to be law enforcement officers." (Emphasis supplied). However, the Defendant's Motion for Defendant's Statements specifically requested production of *written and recorded* statements within the Government's "possession, custody, or control." The Government's Response ignores Rule 16(a)(1)(B), which provides:

> (B) Defendant's Written or Recorded Statement. Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
> > (i) any relevant written or recorded statement by the defendant if:
> >
> > > • the statement is within the government's possession, custody, or control; and
> > >
> > > • the attorney for the government knows – or through due diligence could know – that the statement exists;

The Government's reliance on the "interrogation element" found in Rule 16(a)(1)(A) is inapposite to the Defendant's request for Defendant's statements within the possession, custody and control of the Government.  Pursuant to the Defendant's request, the Government must produce such written or recorded statements of the defendant regardless of who the statement was made to or how it was occasioned under Rule 16(a)(1)(B).  The Government's Response simply mistakes the forest for the trees.  The Defendant's Motion requested statements of the defendant within its possession, custody and control that the Government had not produced.  The Government's Response was a litany of what it had produced pursuant to Rule 16(a)(1)(A), which, although important to provide to Defendant for preparation of his defense, does not address the Defendant's entitlement under Rules 16(a)(1)(B) of all of the Defendant's recorded and written statement's regardless to whom made if within the Government's possession, custody and control.  The rule gives a "defendant virtually an absolute right" to his own recorded statements "in the absence of highly unusual circumstances that would otherwise justify a protective order." 2 C. Wright, Federal Practice and Procedure § 253, at 46-47 (1982).

The Defendant is aware that certain individuals have provided information to the Government regarding the matters underlying the indictment against him, including one Frank Ware, who has been identified as an alleged co-conspirator, as well as individuals described in a certain Affidavit of Clifford W. Hedges in Support of Application for Search Warrant, previously filed with the Court.  To the extent that the Government possesses recorded or written statements of the Defendant as a result of information supplied by these persons, Rule 16(a)(1)(B) requires their production, as statements of the Defendant within the Government's "control."  See, e.g., United States v. Mitchell, 613 F.2d 779 (10th Cir. 1980); United States v. Manetta, 551 F.2d 1352 (5th Cir. 1977);  United States v. Caldwell, 543 F.2d 1333 (D.C. Cir.1974).

Rule 16(a)(1)(B) obliges the Government produce all Defendant's statements written or recorded that the "attorney for the government knows – or through due diligence could know – that the statement exists." The Government's refusal to produce such statements on the grounds that they were not made in response to interrogation by law enforcement agents is inapposite and dilatory. United States v. Lanoue, 71 F.3d 966, (1st Cir. 1995) (Prosecution is required to provide to the defendant all written or recorded statements of the Defendant in the possession, custody or control of the Government; failure to disclose conversation deprived Defendant of opportunity to effectively prepare for trial and to decide whether to call witness at all); United States v. Caldwell, 543 F.2d 1333, cert. den. 423 U.S. 1087 (D.C.1974) (This rule encompasses accused's "recorded" as well as "written" statements in Government's possession, and recorded conversations between accused and persons other than governmental agents are within this rule); United States v. Williams, 792 F. Supp. 1120 (S.D. Ind.1992) (Written statements need not be made in response to law enforcement interrogation to be discoverable); United States v. Matthews, 20 F.3d 538 (2nd Cir. 1994) (Statements of defendant covered by government's duty to disclose include written correspondence to third persons that come into possession of government).

Accordingly, by all of the above, this Court should issue an Order upon the Government to disclose all such written or recorded statements of the Defendant regardless to whom made if within the Government's possession, custody and control.

        THE DEFENDANT,
        FRANCIS KEOUGH

        By: /s/ Jack F. St. Clair
           Jack F. St. Clair, Esq.
           73 Chestnut Street
           Springfield, MA 01103
           Tel.: (413) 737-5000
           Fax: (413) 731-1302
           BBO # 438100

## CERTIFICATE OF SERVICE

    I, Jack F. St. Clair, Esq., hereby certify that I have caused a copy of the foregoing document to be served via CM/ECF upon William M. Welch II, Assistant United States Attorney, United States Attorney's Office, 1550 Main Street, Springfield, MA, 01103, this 30th day of June 2005.

                                              /s/ Jack F. St. Clair
                                              Jack F. St. Clair, Esq.