UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal No. 04-30032-MAP |
| ) | |
| FRANCIS G. KEOUGH III, ) | |
| Defendant ) | |

**DEFENDANT'S REPLY MEMORANDUM TO
GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR PRODUCTION OF RELEVANT STATEMENTS
OF PERSONS WHO ARE NOT PROSPECTIVE WITNESSES**

The Defendant, Francis Keough, has moved this Honorable Court for an Order directing the Government to search for and produce any and all statements, of any nature, directly or indirectly relating to or connected with the facts of this case which were made, signed, adopted, approved by or otherwise attributed to persons whom the Government does not presently intend to call as witnesses herein. The Government raises two objections to the Defendant's request:

  1) That statements of prospective witnesses are not discoverable under Rule 16; and

  2) That although *exculpatory* statements of witnesses are to be produced prior to trial, the local rules govern the timing for disclosure of exculpatory material regardless of the Defendant's need for earlier disclosure of such materials.

In support of its argument that the Court has no discretion to order disclosure of "*prospective*" witnesses. This is a characterization *added by the Government* in order to attempt to prevent disclosure of discoverable material. The Defendant does not seek by way of this motion materials relating to "prospective" witnesses, which are governed by the Jencks Act. Rather, the Defendant's Motion makes it quite clear and specific that it seeks discovery of statements, etc., of witnesses the Government does not in good faith intend to call as witnesses at trial. Since neither the Jencks Act nor Rule 16 precludes discovery of witness statements made

by witnesses whom the Government does not intend to use at trial, disclosure of material statements in this category are subject to production under Rule 16.  See, e.g., U.S. v. Carrasquillo-Plaza, 873 F.2d 10 (1st Cir. 1989);  United States v. Natale, 526 F.2d 1160, 1171 n. 14 (2d Cir.1975), cert. denied, 425 U.S. 950 (1976); United States v. Walker, 922 F. Supp. 732 (N.D. N.Y. 1996) (requiring disclosure of coconspirator statements for all persons the government does not intend to call at trial).

As explained in United States v Marshak, 364 F. Supp. 1005 (S.D. N.Y. 1973), the prohibition against disclosure of statements of witnesses or prospective witnesses does not apply to those people whom the government in good faith does not intend to call at trial, and therefore discovery would be granted as to statements of such persons.  The Jencks Act applies only if the government intends to call the person as a witness.  U.S. v. Disston, 612 F.2d 1035, 1037-38 (7th Cir. 1980); U.S. v. McMillen, 489 F.2d 229, 231 (7th Cir. 1972).

The Jencks Act specifically governs disclosure of *trial* witnesses.  Id.  Under the Government's interpretation of Jencks, if a witness is not called to trial, disclosure of that person's statements would never be provided to the Defendant despite the Defendant's request and the materiality of the sought after information.  Where, as here, an indictment arises by way of a Government investigation spanning at least three years and interviews with numerous witnesses, disclosure of statements of persons whom the Government in good faith does not intend to call as witnesses is necessary to insure the Defendant a fair trial and effective assistance of counsel, and that the prosecutor not have sole access to evidence.  See, e.g., United States v. Lanoue, 71 F.3d 966, n.4 (1st Cir. 1995) (Nothing precluded disclosure of third person's recorded conversation under 18 U.S.C. § 3500(a), as he was not a government witness); Dennis v. U.S., 384 U.S. 855, 873 (1966); U.S. v. Pollock, 417 F. Supp. 1332, 1344 (D. Mass. 1976).

The Government in its response acknowledges its duty to disclose statements of witnesses it intends not to call at trial if such statements contain exculpatory material, but insists that it need do so no earlier than 21 days before trial (given that the Government has not yet produced such statements, presumably the Government deems that said statements, etc., do not contain directly exculpatory material required to be produced within 28 days of indictment). This position is a misreading of the Local Rules. The operative language is "(2) Not *later* than twenty-one (21) days before the trial date established by the judge who will preside:" (emphasis supplied). This language sets forth that the Court will order the Government to disclose *at least* 21 days before trial any remaining exculpatory information described in L.R. 116.2. The local rules provide that either party may object to the presumptive timing for disclosure of witnesses and exhibits. L.R. 117.1(A)(6). The Court may modify any of the requirements of L.R. 117.1(A), including the time by which disclosure of exculpatory impeachment material must be made, if it is in the interests of justice to do so. L.R. 117.1(B). A district court possesses great leeway in the application and enforcement of its local rules. United States v. Roberts, 978 F.2d 17 (1st Cir. 1992), citing, United States v. Diaz-Villafane, 874 F.2d 43, 46 (1st Cir.), cert. denied, 493 U.S. 862 (1989); Aggarwal v. Ponce School of Medicine, 745 F.2d 723, 726 (1st Cir.1984); Hawes v. Club Ecuestre El Comandante, 535 F.2d 140 (1st Cir.1976).

The problem with the Government's argument is that it <u>ignores</u> the fact that the timeline set forth by Local Rule 116.2 is not mandatory – rather, it is presumptive, setting forth the minimum deadlines for disclosure. The Court has the discretion to Order earlier disclosure, and it should do so in the present case. This Indictment arises by way of a Government investigation spanning at least three years and interviews with numerous witnesses. The Government, already advantaged by the enormous resources available to it compared to the Defendant, further seeks

an unjustifiable advantage by deigning only three weeks to the Defendant for preparation of his defense with said materials that the Government has had up to three years within its purview.

Accordingly, by all of the above, this Court should issue an Order directing the Government to disclose all statements, whether written, recorded or otherwise, of any persons the Government does not presently intend to call as a witness at trial.

>THE DEFENDANT,
>FRANCIS KEOUGH
>
>By: /s/ Jack F. St. Clair
>Jack F. St. Clair, Esq.
>73 Chestnut Street
>Springfield, MA 01103
>Tel.: (413) 737-5000
>Fax: (413) 731-1302
>BBO # 438100

## CERTIFICATE OF SERVICE

I, Jack F. St. Clair, Esq., hereby certify that I have caused a copy of the foregoing document to be served via CM/ECF upon William M. Welch II, Assistant United States Attorney, United States Attorney's Office, 1550 Main Street, Springfield, MA, 01103, this 30th day of June 2005.

>/s/ Jack F. St. Clair
>Jack F. St. Clair, Esq.