UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Criminal No. 04-30032-MAP |
| | ) | |
| FRANCIS G. KEOUGH III, | ) | |
| Defendant | ) | |

**DEFENDANT'S REPLY MEMORANDUM TO
GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR PRODUCTION OF STATEMENTS OF WITNESSES**

The Defendant, Francis Keough, has moved this Honorable Court for an Order directing the Government to furnish to the Defendant any pre-trial statements made by a potential government witness in this matter. The Government raises two objections to the Defendant's request:

1) That statements of prospective witnesses are not discoverable under the Jencks Act; and

2) That although *exculpatory* statements of witnesses are to be produced prior to trial, the local rules govern the timing for disclosure of exculpatory material regardless of the Defendant's need for earlier disclosure of such materials.

The Defendant seeks all potentially exculpatory materials contained in such statements – both directly exculpatory as well as so-called Giglio impeachment exculpatory materials. As acknowledge by the Government in its response, the constitutional mandate of Brady and its prodigy supercedes Jencks insofar as disclosure of such statements must occur pre-trial if they contain exculpatory material. The issue then becomes whether the Court may in its discretion order disclosure of said statements forthwith.

The Government argues that the Local Rules resolve any possible tension between Brady/Giglio and Jencks, and that the Government's duty to disclose is mandated by the Local

Rules. However, although the Local Rules "presumptively" address this tension, they are not mandatory in the sense that they prohibit the Court in the proper case to exercise its discretion and Order earlier disclosure. This is such a case.

The Government in its response acknowledges its duty to disclose statements of witnesses if such statements contain exculpatory material, but insists that it need do so no earlier than 21 days before trial (given that the Government has not yet produced such statements, presumably the Government deems that said statements, etc., do not contain directly exculpatory material required to be produced within 28 days of indictment). This position is a misreading of the Local Rules. The operative language is "(2) Not *later* than twenty-one (21) days before the trial date established by the judge who will preside:" (emphasis supplied). This language sets forth that the Court will order the Government to disclose *at least* 21 days before trial any remaining exculpatory information described in L.R. 116.2. The local rules provide that either party may object to the presumptive timing for disclosure of witnesses and exhibits. L.R. 117.1(A)(6). The Court may modify any of the requirements of L.R. 117.1(A), including the time by which disclosure of exculpatory impeachment material must be made, if it is in the interests of justice to do so. L.R. 117.1(B). A district court possesses great leeway in the application and enforcement of its local rules. United States v. Roberts, 978 F.2d 17 (1st Cir. 1992), citing, United States v. Diaz-Villafane, 874 F.2d 43, 46 (1st Cir.), cert. denied, 493 U.S. 862 (1989); Aggarwal v. Ponce School of Medicine, 745 F.2d 723, 726 (1st Cir.1984); Hawes v. Club Ecuestre El Comandante, 535 F.2d 140 (1st Cir.1976).

The problem with the Government's argument is that it ignores the fact that the timeline set forth by Local Rule 116.2 is not mandatory – rather, it is presumptive, setting forth the minimum deadlines for disclosure. The Court has the discretion to Order earlier disclosure, and

it should do so in the present case.  This Indictment arises by way of a Government investigation spanning at least three years and interviews with numerous witnesses.  The Government, already advantaged by the enormous resources available to it compared to the Defendant, further seeks an unjustifiable advantage by deigning only three weeks to the Defendant for preparation of his defense with said materials that the Government has had up to three years within its purview.

Accordingly, by all of the above, this Court should issue an Order upon the Government to furnish to the Defendant, insofar as such materials contain exculpatory material of any kind or nature:

(a) The written statements and/or writings of all witnesses, including investigators, whom the Government intends to call in support of its case in chief;

(b) In accordance with the decision set forth by the Supreme court in Goldberg v. United States, 425 U.S. 94 (1976), the notes and memoranda made by government counsel, agents and investigators during the interviewing of witnesses whom the government intends to call at the time of trial;

(c) Production of all grand jury testimony of witnesses whom the Government intends to call at the time of trial; and

(d) Memoranda of any oral statements which have been given by witnesses whom the government intends to call at trial.

THE DEFENDANT,
FRANCIS KEOUGH


By: /s/ Jack F. St. Clair
Jack F. St. Clair, Esq.
73 Chestnut Street
Springfield, MA 01103
Tel.: (413) 737-5000
Fax:  (413) 731-1302
BBO # 438100

**CERTIFICATE OF SERVICE**

    I, Jack F. St. Clair, Esq., hereby certify that I have caused a copy of the foregoing document to be served via CM/ECF upon William M. Welch II, Assistant United States Attorney, United States Attorney's Office, 1550 Main Street, Springfield, MA, 01103, this 30th day of June  2005.

                                              /s/ Jack F. St. Clair
                                              Jack F. St. Clair, Esq.