**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | )  CRIM. NO. 04-30032-MAP |
| | ) |
| vs. | ) |
| | ) |
| FRANCIS G. KEOUGH, III | ) |
| | ) |
| _____ Defendant.  ____ | ) |

## MOTION TO DETAIN

The United States of America respectfully moves this Court to detain defendant Francis G. Keough, III for violating his conditions of release pursuant to Title 18, United States Code, Sections 3148(b)(1)(A) and (b)(2)(A) and (B).

Title 18, United States Code, Section 3148(b) provides that a court may revoke a defendant from conditions of release "if, after a hearing, the court determines either that there is `probable cause to believe that the person has committed a Federal, State, or local crime while on release,' or that there is `clear and convincing evidence that the person has violated any other condition of release.'" United States v. Fontaine, 210 F.3d 125, 130 (2nd Cir. 2000)(quoting Title 18, United States Code, Section 3148(b)(1)(A)-(B)). The court also must find that "`there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any

1

other person or the community,' or that 'the person is unlikely to abide by any condition or combination of conditions of release.'" Fontaine, 210 F.3d at 130 (quoting Title 18, United States Code, Section 3148(b)(2)(A)-(B)).

Because witness tampering and obstruction of justice threaten the integrity of the trial process, such acts, including non-coercive witness tampering, constitute "a danger to the community" under Section 3148(b)(2)(A). Fontaine, 210 F.3d at 134-135 (citing United States v. Gotti, 794 F.2d 773, 779 n.5 (2nd Cir. 1986). See e.g. United States v. Ippolito, 930 F.Supp. 581, 583 (M.D.Fla. 1996). The Government's burden of proof under Sections 3148(b)(2)(A) and (B) is a preponderance of the evidence. Fontaine, 210 F.3d at 134; United States v. Aron, 904 F.2d 221, 224 (5th Cir. 1990).

If the court finds under Section 3148(b)(1)(A) that probable cause exists to believe that the defendant committed a felony while on release, a rebuttable presumption arises that there is no set of conditions that will assure that the person will not pose a danger to the safety of any other person or the community. Fontaine, 210 F.3d at 130. See also Title 18, United States Code, Section 3148(b). "That presumption does not disappear once the defendant has produced some rebuttal evidence, but 'continues to be weighed along with other factors.'" Fontaine, 210 F.3d at 130 (quoting United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir. 1991)). In

order to rebut the presumption, the defendant must produce some evidence. United States v. Cook, 880 F2d 1158, 1162 (10th Cir. 1989); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). Section 3142 does not come into play "unless and until the judicial officer finds under § 3148(b)(2)(B) that the *defendant has overcome the statutory rebuttable presumption* and concludes `that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions." Cook, 880 F.2d at 1162.

In this case, the defendant has been charged with at least two counts of obstruction of justice and witness tampering since the defendant had been placed on pre-trial release on January 21, 2005. One of the defendant's conditions of release was his agreement not to commit any federal, state or local offenses.  The indictment establishes that probable cause exists that the defendant committed a felony while on release.  Therefore, the rebuttable presumption applies.

In addition to the superseding indictment, the Government is prepared to offer evidence of a third instance of witness tampering, which has not been charged only because the Government learned about the incident yesterday.  The Government also can offer evidence that the defendant followed a witness in his car two days before that witness' appearance before the grand jury, and

3

that the defendant threatened a FBI agent during the service of a grand jury subpoena. All of this evidence, in combination with the rebuttable presumption, establishes by a preponderance of the evidence that the defendant is a danger to the community and likely to continue to violate any conditions of release placed upon him.

Dated this 29th day of July, 2005.

Respectfully submitted,

MICHAEL P. SULLIVAN
United States Attorney

By: _____
WILLIAM M. WELCH II
Assistant U.S. Attorney

4

CERTIFICATE OF SERVICE

Hampden,  ss.

Springfield, Massachusetts
July 29, 2005

I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by faxing said motion to:

Jack St. Clair, Esq.
73 Chestnut Street
Springfield, MA  01105

WILLIAM M. WELCH II
Assistant United States Attorney

5