UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.               ) | Criminal No. 04-30032-MAP |
| ) | |
| FRANCIS G. KEOUGH, III,   ) | |
| Defendant ) | |

MEMORANDUM WITH REGARD TO GOVERNMENT'S
MOTION TO DETAIN (Document No. 55)
August 1, 2005

NEIMAN, U.S.M.J.

On July 29, 2005, the court denied the Government's motion to detain Francis G. Keough, III ("Defendant"), after his arraignment on a superseding indictment. Instead, the court altered Defendant's conditions of release. The Government has indicated its intent to appeal the court's ruling. Accordingly, the court sets forth below, in summary fashion, its reasons for denying the Government's motion as described in open court.

I. BACKGROUND

Defendant was originally named in a one count indictment dated June 29, 2004, (unsealed on January 21, 2005), charging him with extortion in violation of 18 U.S.C. § 1951. The court initially released Defendant on a number of conditions, including a standard condition that he not commit any other state or federal crimes. (See Document No. 9.)

On July 28, 2005, Defendant was named in a superseding indictment which

added ten additional counts. Most significantly for purposes here, four of the additional charges, Counts 8 through 11, allege acts of obstruction of justice and witness tampering in June of this year, that is, while Defendant was on pretrial release. Because of these and yet other acts of Defendant during this time period, the Government has moved for detention, essentially seeking the revocation of his pretrial release.

## II. STANDARD OF REVIEW

The Supreme Court has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Accordingly, under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), a judicial officer may detain a person pending trial only after a determination that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142(b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In the instant case, the court initially determined that pretrial detention was not warranted.

As the Government describes in its motion, however, the court may revoke a defendant's release "if, after a hearing, the court determines either that there is 'probable cause to believe that the person has committed a Federal, State, or local crime while on release,' or that there is 'clear and convincing evidence that the person has violated any other condition of release.'" *United States v. Fontaine*, 210 F.3d 125, 130 (2nd Cir. 2000) (quoting 18 U.S.C. § 3148(b)(1)(A)-(B)). The court also must find that "there is no condition or combination of conditions of release that will assure that

2

the person will not flee or pose a danger to the safety of any other person or the community," or that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(A)-(B). However, if the court finds probable cause to believe that a defendant committed a felony while on release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b). "That presumption does not disappear once the defendant has produced some rebuttal evidence, but "continues to be weighed along with other factors." *Fontaine,* 210 F.3d at 130 (citation and internal quotation marks omitted). At the very least, the defendant must produce some evidence in order to rebut the presumption. *See United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989); *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985).

### III. DISCUSSION

Defendant has no real quarrel with the standards set out above. Moreover, Defendant acknowledges that, at a minimum, the last four counts of the superseding indictment establish that probable cause exists that he committed a felony while on release. Defendant emphasizes, however, that this merely results in a presumption which he believes can be rebutted by the imposition of stricter release conditions. The court agrees.

In deciding to release Defendant, the court makes the following factual findings and conclusions of law. In so finding, the court is guided by the following factors articulated in the underlying release provision:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

### A.  Nature of Offense: § 3142(g)(1)

Defendant is charged in eleven counts with extortion, obstruction of justice, witness tampering and making false statements. The events alleged in seven of the counts took place prior to the date of the original indictment. As described, however, four of the counts target events in June of this year while Defendant was on pretrial release. The Government indicated that, if convicted, Defendant would face a guidelines sentencing range, if imposed, of 60 to 72 months in prison, as distinguished from the 27 to 33 months he faced with Count I alone. The Government also indicates that yet another superseding indictment is likely this fall.

B. <u>The Weight of the Evidence: § 3142(g)(2)</u>

The strength of the Government's case against Defendant is unclear at this time. It appears, however, that much of the evidence cited by the Government arises from the grand jury testimony of numerous witnesses, documentary evidence and, apparently, consensually recorded conversations.

C. <u>History and Characteristics of Defendant: § 3142(g)(3)(A)</u>

Defendant is forty-seven years old, was born in Springfield, and graduated from the University of New Hampshire in 1981. He is married and has a three year-old son. He has an extensive work history, but recently became unemployed as the result of the initial indictment, a charge which targets criminal acts he allegedly committed while director of Friends of the Homeless. Defendant has also been a Springfield City Councilor and self-employed in real estate. Defendant's prior criminal record consists of a guilty finding for failing to file state income tax in 1983.

D. <u>Probation Status of Defendant: § 3142(g)(3)(B)</u>

As described, at least four of the charged crimes were committed while Defendant was on pretrial release.

E. <u>Whether Defendant Poses a Risk of Flight: § 3142(e)</u>

Although the Government has invoked the rebuttable presumption, it does not pursue Defendant's potential risk of flight with much vigor. For his part, Defendant contends that he has strong, verified family ties to western Massachusetts which mitigates the risk of flight. For its part, the court does not believe that Defendant poses a serious risk of flight.

F.  Whether Defendant Poses a Danger to the Community:  § 3142(g)(4)

The Government asserts that Defendant, if released, will pose a danger to the community and that there are no conditions which would guard against that danger. Because witness tampering and obstruction of justice threaten the integrity of the trial process, the Government argues, such acts, including non-coercive witness tampering, constitute "a danger to the community" under section 3148(b)(2)(A).  *Fontaine,* 210 F.3d at 134-35 (citation omitted).

In particular, the Government asserts that, despite the conditions of his pretrial release, Defendant brazenly engaged in witness tampering and obstruction of justice in June of this year when he attempted to influence the testimony of at least two witnesses before the grand jury.  In addition, the Government proffered evidence of a third instance of witness tampering which, assertedly, has not been charged because the Government only learned about the incident on July 28, 2005.  The Government also proffered evidence that, in May of this year, Defendant followed a witness in his car two days before that witness's appearance before the grand jury.  Finally, the Government proffered evidence that Defendant threatened an FBI agent during the service of a grand jury subpoena upon Defendant's wife.  This evidence, the Government argues, together with the rebuttable presumption, establishes that defendant is a danger to the community and likely to continue to violate any conditions of release placed upon him.

The court takes the Government's concerns quite seriously and said so during the revocation hearing.  Moreover, based on the indictment itself, the court entered a

F.  Whether Defendant Poses a Danger to the Community:  § 3142(g)(4)

The Government asserts that Defendant, if released, will pose a danger to the community and that there are no conditions which would guard against that danger. Because witness tampering and obstruction of justice threaten the integrity of the trial process, the Government argues, such acts, including non-coercive witness tampering, constitute "a danger to the community" under section 3148(b)(2)(A).  *Fontaine,* 210 F.3d at 134-35 (citation omitted).

In particular, the Government asserts that, despite the conditions of his pretrial release, Defendant brazenly engaged in witness tampering and obstruction of justice in June of this year when he attempted to influence the testimony of at least two witnesses before the grand jury.  In addition, the Government proffered evidence of a third instance of witness tampering which, assertedly, has not been charged because the Government only learned about the incident on July 28, 2005.  The Government also proffered evidence that, in May of this year, Defendant followed a witness in his car two days before that witness's appearance before the grand jury.  Finally, the Government proffered evidence that Defendant threatened an FBI agent during the service of a grand jury subpoena upon Defendant's wife.  This evidence, the Government argues, together with the rebuttable presumption, establishes that defendant is a danger to the community and likely to continue to violate any conditions of release placed upon him.

The court takes the Government's concerns quite seriously and said so during the revocation hearing.  Moreover, based on the indictment itself, the court entered a

finding that Defendant had in fact violated his conditions of pretrial release; the consequence of that finding will be determined if and when Defendant is sentenced. The court further determined that the charged crimes of witness tampering -- even without the spectre of violence -- constituted a threat to the integrity of the trial process. In this regard, the court was particularly concerned that Defendant allegedly engaged in these activities *after* he threatened the FBI agent in April of 2005, for which Defendant immediately apologized. In addition, the court indicated that any stress upon Defendant arising out of the original indictment was no excuse for his behavior. If anything, the court indicated, the stress on Defendant is likely to increase over the coming months given the Government's intent to seek yet further charges against him.

Nonetheless, the court has determined that stricter conditions of release could serve as a reasonable guard against further risk. As District Judge Robert E. Keeton explained, "Congress has not provided a definition of 'safety of . . . the community,'" 18 U.S.C. § 3142(e), or "danger to . . . the community," 18 U.S.C. § 3142(g)(4). *United States v. Phillips*, 732 F. Supp. 255, 266 (D. Mass. 1990). He stated however, that

> Congress did . . . choose to use the term "danger" which by its nature is a risk concept. By using this term, Congress did not declare that the community is entitled to assurances of freedom from all harm, and a court cannot detain arrestees on the mere apprehension of danger of harm. Rather, the court's inquiry must focus on whether, by conditions of release, the community can *reasonably* be assured of its safety.

*Id.* (emphasis supplied) (citing *United States v. Orta,* 760 F.2d 887, 892 (8th Cir. 1985) (en banc)).

Here, Defendant has a stable family relationship and significant responsibilities

with regard to his young son.  In addition, Defendant is now well aware of the vigilance with which the investigating authorities are monitoring his activities.  Finally, the court believes that the following conditions, more strict than those originally imposed, can reasonably assure the safety of the community:

1. Defendant and his wife shall each execute surety bonds in the amount of $100,000.  In addition, Defendant's wife shall not further encumber any of his property or refinance any property without the consent of the court.  Each bond shall secure not only Defendant's appearance but his compliance with all conditions of release as well.  A violation of any condition of release can result in forfeiture of the bonds;

2. Defendant, as suggested by his counsel, shall undergo psychological counseling;

3. Defendant shall report to Pretrial Services in person at least once per week and as otherwise directed;

4. Defendant shall actively seek employment and provide Pretrial Services ongoing proof of such efforts;

5. Defendant shall not travel outside New England;

6. Defendant shall not apply for a passport; and

7. Defendant shall not have any contact with potential witnesses.

### VI. C<small>ONCLUSION</small>

For the reasons stated, the Government's motion to detain was denied.


DATED: August 1, 2005

  /s/ Kenneth P. Neiman  
KENNETH P. NEIMAN  
U.S. Magistrate Judge