UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIM. NO. 04-30032-MAP |
| ) | |
| vs. ) | |
| ) | |
| FRANK KEOUGH, ) | |
| ) | |
| <u>Defendant.</u> ) | |

### INITIAL JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(A)

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this initial joint memorandum pursuant to Local Rule 116.5(A) and the Magistrate Judge's Scheduling Order as follows:

1. The parties agree that relief should not be granted from the otherwise applicable timing requirements imposed by Local Rule 116.3. However, the Government identified a possible conflict of interest, which involves defense counsel's previous representation of an individual expected to be called as a witness by the Government, that defense counsel may have in his continuing representation of the defendant. Defense counsel planned to meet with the defendant this week to discuss the potential conflict.

2. On April 22, 2005, the defendant requested discovery

1

under FRCP 16(a)(1)(G). The Government hereby renews its request for reciprocal discovery under Rule 16.

3. The defendant previously reviewed the discovery for the original indictment. The defendant has not inspected any discovery since the return of the superseding indictment.

4. The parties agree that a motion date should be set under FRCP 12(c) at this time. The defendant may wish to file a motion to sever.

5. Excludable delay should be ordered under 18 U.S.C. § 3161(h)(8)(A) and Local Rule 112.2(A)(1), (2), and (3). As of the last status conference on July 27, 2005, twenty days had expired from the Speedy Trial Clock.

On July 27, 2005, the defendant notified the court of his intent to file a motion to dismiss Count One of the Indictment. Therefore, the court excluded time on the Speedy Trial Clock up through the filing of the motion so that the defendant had adequate time to research and prepare the motion. The motion to dismiss was due on August 26, 2005.

The defendant subsequently moved to extend the due date of his motion to dismiss from August 26, 2005 to September 8, 2005. The court granted this motion. To date, the defendant has not filed his motion to dismiss.

Therefore, twelve more days will have expired from the Speedy Trial Clock as of the date of the status conference,

September 20, 2005, leaving thirty-eight days on the Speedy Trial Clock. This means that this case must be tried by October 28, 2005.

6. The parties believe at this point that a trial should be anticipated. At this time, the Government would estimate a trial of four weeks.

7. A status conference should be set for mid-October, 2005.

Filed this \_\_19\_\_th day of September, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

_____
WILLIAM M. WELCH II
Assistant United States Attorney

For defendant Frank Keough:

_____
JACK ST. CLAIR, ESQ.

3

CERTIFICATE OF SERVICE

Hampden, ss.                               Springfield, Massachusetts
                                           September 19, 2005


   I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by fax upon:

Jack St. Clair, Esq.
73 Chestnut Street
Springfield, MA 01103

                                    _____
                                    WILLIAM M. WELCH II
                                    Assistant United States Attorney

4