send via the United States mail the first of a series of checks issued under the ISSI Program for rental assistance for Tenant B at 414 Chestnut Street, Springfield, MA.

68. On or about May 1, 2001, defendants KEOUGH and GUZMAN caused HAP to send via the United States mail the first of a series of checks issued under the ISSI Program for rental assistance for Tenant D at 87 Longhill Street, Springfield, MA.

69. On or about May 2, 2001, defendants KEOUGH and GUZMAN caused the submission of a false and fraudulent ISSI Program application in the name of Tenant E to HAP for a rental unit at 24-26 Palmer Avenue, Springfield, MA.

70. On or about May 8, 2001, defendant KEOUGH fraudulently caused the submission from FOH and elsewhere to Union Mutual Insurance Company three fraudulent bills totaling $5,450.31 for general contractor, electrical and asbestos removal services that had not been performed to replace the cracked boiler at 1117-1119 Sumner Avenue, Springfield, MA.

71. On or about May 17, 2001, defendant KEOUGH caused Union Mutual Insurance Company to issue a check for $5,200.31 to re-imburse their insured for expenses allegedly incurred by defendant KEOUGH for the replacement of a cracked boiler at 1117-1119 Sumner Avenue, Springfield, MA.

72. On at least one occasion during the summer, 2001, at defendant KEOUGH's direction, at least one FOH employee and

several Hampden County House of Correction work release inmates traveled to the Rhode Island residence and cleared brush and trees from defendant KEOUGH's property while on FOH time.

73. On at least one occasion during the summer, 2001, at defendant KEOUGH's direction, a FOH employee and several Hampden County House of Correction work release inmates performed lawn maintenance at 1117-1119 Sumner Avenue, Springfield, MA while on FOH time.

74. On at least one occasion during the summer, 2001, at defendant KEOUGH's direction, a FOH employee and several Hampden County House of Correction work release inmates performed maintenance work at 24-26 Palmer Avenue, Springfield, MA while on FOH time.

75. On at least one occasion during the summer, 2001, at defendant KEOUGH's direction, a FOH employee and several Hampden County House of Correction work release inmates performed maintenance work at 53-55 Pomona Avenue, Springfield, MA while on FOH time.

76. On or about the fall, 2001, on at least one occasion, defendant KEOUGH caused individuals working at FOH to work phone banks for a candidate for elected office while on FOH or City of Springfield time.

77. On or about October 18, 2001, defendants KEOUGH and GUZMAN caused the submission of a false and fraudulent ISSI

Program application in the name of Tenant F to HAP for a rental unit at 24-26 Palmer Avenue, Springfield, MA.

78. In or about late October, 2001, defendant KEOUGH initiated a sexual relationship with FOH Female Resident A, who consented out of fear of being evicted and becoming homeless again.

79. On or about December 1, 2001, defendant KEOUGH received via the United States mail the first of a series of checks issued under the ISSI Program for rental assistance for Tenant E at 24-26 Palmer Avenue, Springfield, MA.

80. On or about December 1, 2001, defendant KEOUGH received via the United States mail the first of a series of checks issued under the ISSI Program for rental assistance for Tenant F at 24-26 Palmer Avenue, Springfield, MA.

81. In or about December, 2001, defendant KEOUGH advised FOH Female Resident A and FOH employees unaware of the ongoing sexual relationship that Female FOH resident A did not have to pay rent despite having a FOH job.

82. In or about January, 2002, defendants KEOUGH and HALLAHAN continued to process false FOH timesheets for certain intake workers who did personal work and favors for the benefit of defendant KEOUGH and others.

83. In or about the summer, 2002, defendant GUZMAN initiated a sexual relationship with FOH Female Resident B who

23

consented out of fear of being evicted and becoming homeless again and fear for her personal safety.

84. In or about the summer, 2002, defendant KEOUGH engaged in a sexual act with FOH Female Resident B at 1117 Sumner Avenue, Springfield, Massachusetts, who consented out of fear of being evicted and other repercussions.

85. In or about the summer, 2002, defendant KEOUGH informed FOH employees that any cash income received by FOH Female Resident B did not constitute "income" and should not be considered in calculating FOH Female Resident B's true rental contributions.

86. In or about late September or early October, 2002, at defendant KEOUGH's direction, defendant GUZMAN and a FOH employee removed the two refrigerators stolen from SHA from defendant KEOUGH's Rhode Island residence and transported them to 24-26 Palmer Avenue, Springfield, MA while on FOH time.

87. On December 16, 2002, defendant KEOUGH attempted to thwart an investigation of himself by, among other statements, falsely telling a FBI special agent that the heating system at the Rhode Island residence "wasn't done by anybody with Housing Authority connections."

88. On April 8, 2003, defendant KEOUGH attempted to obstruct the grand jury investigation by, among other statements, falsely stating, "Fuckin' Christ no. What, are you crazy?" in

response to a FBI special agent's question about the use of FOH money for the Rhode Island property.

89. On April 29, 2003, defendant KEOUGH attempted to obstruct the grand jury investigation by, among other statements, falsely stating to a FBI special agenet, "Every fucking thing that ever got out of there, I fucking paid for" in reference to the Rhode Island residence and asking that his name be removed from federal grand jury subpoenas.

90. Beginning in or about the late summer, 2003, defendant KEOUGH caused the submission of false and fraudulent timesheets to the City of Springfield that included his personal work on the political campaign of an unsuccessful mayoral candidate for the City of Springfield.

91. Sometime between December 7, 2003 and December 22, 2003, defendant KEOUGH removed several mattresses and two televisions that had been stolen from FOH from the Rhode Island residence in order to conceal evidence from federal investigators.

92. In or about March, 2004, defendant KEOUGH met a FOH employee at a Friendly's Restaurant in Westfield, Massachusetts and asked the FOH employee to testify falsely before the federal grand jury.

93. On or about May 7, 2004, defendant KEOUGH caused the City of Springfield to mail a re-imbursement check for $89,159.86

for FOH wages that included payment for personal work performed by defendant KEOUGH on the political campaign of a City of Springfield mayoral candidate while on FOH time.

94. In or about July, 2004, at defendant KEOUGH's direction, a FOH employee and several Hampden County work release inmates delivered and spread a load of mulch at defendant HALLAHAN's residence at 5 Desrosiers Street, Springfield, MA while on FOH time.

95. On or about July 29, 2004, defendant KEOUGH caused the City of Springfield to mail a re-imbursement check for $29,600.00 for FOH wages that included payment for personal work performed by defendant KEOUGH while on FOH time and hours not worked by defendant KEOUGH.

96. On or about May 24, 2005, defendant KEOUGH attempted to influence the testimony of Witness D by following Witness D's vehicle from a meeting at FOH onto Interstate 91 and then approaching Witness D's vehicle while parked in the breakdown lane of Interstate 91.

97. On or about June 14, 2005, defendant KEOUGH, aided by defendant GUZMAN, attempted to obstruct the grand jury investigation by telling Witness B in substance that Witness B should testify before the federal grand jury that Witness B was homeless at the time that Witness B enrolled in the ISSI program, and that Witness B should not mention the fact that defendant

KEOUGH had tenants living in the basement at 24-26 Palmer Avenue, Springfield, Massachusetts.

98. Sometime between July 29, 2005 and August 11, 2005, defendant KEOUGH attempted to influence the testimony of Witness E by trying to convince Witness E to repeat a false, exculpatory story to federal investigators or the federal grand jury to explain away false and fraudulent FOH timesheets submitted by defendant HALLAHAN.

All in violation of Title 18, United States Code, Sections 371, 1341 and 1346.

**COUNTS 2 - 13:**     Title 18, United States Code, Sections 1341 and 1346 - Mail Fraud

The grand jury further charges that:

99. The grand jury re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 98.

100. On or about the following dates, in the District of Massachusetts,

**FRANCIS G. KEOUGH III,**

defendant herein, having devised a scheme and artifice to defraud FOH, the City of Springfield, HUD and the public of money and the intangible right to honest services by means of false pretenses, representations, and promises, and material omissions, did knowingly cause to be delivered by the United States Postal Service or any private or commercial interstate carrier the following re-imbursement checks issued by the City of Springfield and funded by HUD that in part paid for personal work performed by defendant KEOUGH while on FOH time or hours not worked by defendant KEOUGH, all for the purpose of executing, and attempting to execute, the said scheme and artifice to defraud:

| Count | Date | Matter | Mailed |
|---|---|---|---|
| 2 | 09/30/02 | City of Springfield Check in the amount of $25,864.00 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |
| 3 | 10/18/02 | City of Springfield Check in the amount of $5,893.44 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |

28

| 4 | 01/02/03 | City of Springfield Check in the amount of $9,256.00 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |
|---|---|---|---|
| 5 | 01/02/03 | City of Springfield Check in the amount of $5,669.53 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |
| 6 | 02/21/03 | City of Springfield Check in the amount of $5,669.03 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |
| 7 | 03/21/03 | City of Springfield Check in the amount of $25,692.83 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |
| 8 | 04/10/03 | City of Springfield Check in the amount of $5,669.53 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |
| 9 | 05/09/03 | City of Springfield Check in the amount of $13,296.63 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |
| 10 | 06/23/03 | City of Springfield Check in the amount of $5,658.28 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |
| 11 | 07/09/03 | City of Springfield Check in the amount of $4,797.75 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |
| 12 | 05/07/04 | City of Springfield Check in the amount of $89,159.86 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |
| 13 | 07/29/04 | City of Springfield Check in the amount of $29,600.00 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |

All in violation of Title 18, United States Code, Sections 1341 and 1346.

**COUNTS 14 - 16:**      Title 18, United States Code, Sections 1341 and 1346 - Mail Fraud

The grand jury further charges that:

101. The grand jury re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 98.

102. On or about the following dates, in the District of Massachusetts,

**FRANCIS G. KEOUGH III,**

defendant herein, having devised a scheme and artifice to defraud FOH, the City of Springfield, HUD and the public of money and the intangible right to honest services by means of false pretenses, representations, and promises, and material omissions, did knowingly cause to be delivered by the United States Postal Service or any private or commercial interstate carrier the following re-imbursement checks issued by the City of Springfield and funded by HUD that in part paid for maintenance supplies purchased from a company headed by defendant KEOUGH's brother-in-law without a competitive bid process, all for the purpose of executing, and attempting to execute, the said scheme and artifice to defraud:

| Count | Date | Matter | Mailed |
|---|---|---|---|
| 14 | 03/29/01 | City of Springfield Check in the amount of $13,293.62 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |

31

| 15 | 03/30/02 | City of Springfield Check in the amount of $6,511.68 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |
| 16 | 06/12/03 | City of Springfield Check in the amount of $7,810.00 | to Friends of the Homeless, 769 Worthington Street, Springfield, MA |

All in violation of Title 18, United States Code, Sections 1341 and 1346.

32

**COUNTS 17- 18:**     Title 18, United States Code, Sections 1341 and 1346 - Mail Fraud

The grand jury further charges that:

103. The grand jury re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 98.

104. On or about the following dates, in the District of Massachusetts,

**FRANCIS G. KEOUGH III,**

defendant herein, having devised a scheme and artifice to defraud FOH, HUD and HAP of money and the intangible right to honest services by means of false pretenses, representations, and promises, and material omissions, did knowingly cause to be delivered by the United States Postal Service or any private or commercial interstate carrier the following checks issued by HAP under the ISSI Program, all for the purpose of executing, and attempting to execute, the said scheme and artifice to defraud:

| Count | Date | Matter | Mailed |
|---|---|---|---|
| 17 | 05/01/01 | Rent check for Tenant A in the amount of $475.00 | to Francis Keough, 1117 Sumner Avenue, Springfield, MA |
| 18 | 02/01/02 | Rent check for Tenant B in the amount of $473.00 | to Baystate Place Apartments, 414 Chestnut Street, Springfield, MA |

All in violation of Title 18, United States Code, Sections 1341 and 1346.

**COUNTS 19 - 22:**        Title 18, United States Code, Sections 1341, 1346 and 2 - Mail Fraud and Aiding and Abetting

The grand jury further charges that:

105. The grand jury re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 98.

106. On or about the following dates, in the District of Massachusetts,

**FRANCIS G. KEOUGH III,**
and
**ANGEL T. GUZMAN,**

defendants herein, having devised a scheme and artifice to defraud FOH, HUD and HAP of money and the intangible right to honest services by means of false pretenses, representations, and promises, and material omissions, did knowingly cause to be delivered by the United States Postal Service or any private or commercial interstate carrier the following checks issued by HAP under the ISSI Program, all for the purpose of executing, and attempting to execute, the said scheme and artifice to defraud:

| Count | Date | Matter | Mailed |
|---|---|---|---|
| 19 | 10/01/01 | Rent check for Tenant C in the amount of $475.00 | to Francis Keough, 1117 Sumner Avenue, Springfield, MA |
| 20 | 02/01/02 | Rent check for Tenant D in the amount of $475.00 | to Twin Realty Trust, 82 Longhill Street, Springfield, MA |
| 21 | 09/01/02 | Rent check for Tenant E in the amount of $475.00 | to Francis Keough, 1117 Sumner Avenue, Springfield, MA |

34

| 22 | 10/01/02 | Rent check for Tenant F in the amount of $475.00 | to Francis Keough, 1117 Sumner Avenue, Springfield, MA |

All in violation of Title 18, United States Code, Sections 1341, 1346 and 2.

**COUNT 23:** Title 18, United States Code, Section 1341 - Mail Fraud

The grand jury further charges that:

107. The grand jury re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 98.

108. On or about May 17, 2001, in the District of Massachusetts,

**FRANCIS G. KEOUGH III,**

defendant herein, having devised a scheme and artifice to defraud Union Mutual Fire Insurance Company of money by means of false pretenses, representations, and promises, and material omissions, did knowingly cause to be delivered by the United States Postal Service or any private or commercial interstate carrier a Union Mutual Fire Insurance Company check, which was made payable to Francis G. Keough, for $5,200.31, all for the purpose of executing, and attempting to execute, the said scheme and artifice to defraud.

All in violation of Title 18, United States Code, Section 1341.

**COUNT 24 - 25:**      Title 18, United States Code, Sections 1341 and 2 - Mail Fraud and Aiding and Abetting

The grand jury further charges that:

109. The grand jury re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 98.

110. On or about the following dates, in the District of Massachusetts,

**FRANCIS G. KEOUGH III
and
ANGEL T. GUZMAN,**

defendants herein, having devised a scheme and artifice to the following mortgage companies of money by means of false pretenses, representations, and promises, and material omissions, did knowingly cause to be delivered by the United States Postal Service or any private or commercial interstate carrier the following complete loan closing packages, which contained false and fraudulent loan documents, to the following mortgage companies, all for the purpose of executing, and attempting to execute, the said scheme and artifice to defraud:

| Count | Date | Matter | Mailed |
|---|---|---|---|
| 24 | 03/08/02 | Complete loan closing package for the purchase and sale of 24-26 Palmer Avenue, Springfield, MA | to New Century Mortgage, Schaumberg, IL |
| 25 | 10/03/03 | Complete loan closing package for the purchase and sale of 24-26 Palmer Avenue, Springfield, MA | to Countrywide Home Loans, Plano, TX |

All in violation of Title 18, United States Code, Sections 1341 and 2.