COUNT 41:      Title 18, United States Code, Section 1512 - Witness Tampering

The grand jury further charges that:

141. The grand jury re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 98.

142. On or about May 24, 2005, within the District of Massachusetts,

**FRANCIS G. KEOUGH III,**

defendant herein, did knowingly attempt to corruptly persuade Witness D with the intent to influence the testimony of Witness D in a federal grand jury proceeding by following Witness D in his vehicle and eventually causing Witness D to stop in the breakdown lane of Interstate 91 in an attempt to "remind" Witness D that Witness D had seen defendant Francis G. Keough III give cash to the owner of the Ware Group, Inc., a fact that Witness D disputed.

All in violation of Title 18, United States Code, Section 1512.

<u>**COUNT 42:**</u>     **Title 18, United States Code, Section 1503 - Obstruction of Due Administration of Justice**

The grand jury further charges that:

143. The grand jury re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 98.

144. Sometime between July 29, 2005 and August 11, 2005, within the District of Massachusetts,

**FRANCIS G. KEOUGH III,**

defendant herein, did endeavor to obstruct and impede the due administration of justice by attempting to influence Witness E to state that hours not worked, but fraudulently recorded on FOH timesheets for certain FOH intake workers had actually been worked by the FOH intake workers on other, unrecorded occasions.

All in violation of Title 18, United States Code, Section 1503.

**COUNT 43:**     Title 18, United States Code, Section 1512 -
            Witness Tampering

The grand jury further charges that:

145. The grand jury re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 98.

146. Sometime between July 29, 2005 and August 11, 2005, within the District of Massachusetts,

**FRANCIS G. KEOUGH III,**

defendant herein, did knowingly attempt to corruptly persuade Witness E with the intent to influence the testimony of Witness E in a federal grand jury proceeding by attempting to encourage Witness E to state that hours not worked, but fraudulently recorded on FOH timesheets for certain FOH intake workers had actually been worked by the FOH intake workers on other, unrecorded occasions.

All in violation of Title 18, United States Code, Section 1512.

**COUNT 44:**      Title 18, United States Code, Section 1623(a) - Perjury

The grand jury further charges that:

147. The grand jury re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 98.

148. On or about April 22, 2003, within the District of Massachusetts,

**FRANCIS G. KEOUGH III,**

defendant herein, while under oath and testifying in a proceeding before a federal grand jury empaneled in Springfield, Massachusetts for the District of Massachusetts, knowingly did make a false material declaration, that is to say:

149. At the time and place aforesaid the grand jury was conducting an investigation to determine whether violations of, among other charges, Title 18, United States Code, Sections 1341, and 1343 had been committed, and to identify the persons who had committed, caused the commission of, and conspired to commit such violations. It was material to said investigation that the grand jury ascertain if defendant FRANCIS G. KEOUGH III had knowledge about the submission of FOH timesheets that did not reflect the hours actually worked by FOH employees, and if FOH employees received wages for work not performed.

150. At the time and place alleged, defendant FRANCIS G. KEOUGH, appearing as a witness under oath at a proceeding before the grand jury, knowingly made the following declaration in

57

response to questions with respect to the material matters alleged in Paragraph 149 as follows:

> Q: It is accurate that all of the time sheets that you have produced are true and correct?
>
> A: <u>Yes. To the best of my knowledge.</u>

151. The aforesaid underscored testimony of defendant FRANCIS G. KEOUGH III, as he then and there well knew and believed, was false in that defendant FRANCIS G. KEOUGH III knew that he had produced FOH timesheets for himself and certain FOH intake workers that were not true and correct.

All in violation of Title 18, United States Code, Section 1623(a).

**COUNT 45:**        Title 18, United States Code, Section 401(3) - Criminal Contempt

The grand jury further charges that:

152. The grand jury re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 98.

153. Between on or about July 29, 2005, and August 11, 2005, within the District of Massachusetts,

**FRANCIS G. KEOUGH III,**

defendant herein, did willfully and knowingly disobey and resist a lawful order of a Court of the United States, that is, the order issued by the Honorable Kenneth P. Neiman, United States Magistrate Judge on July 29, 2005, in the District of Massachusetts in the case of United States v. Francis G. Keough III prohibiting the defendant from having contact with any witnesses, by having contact with witnesses and potential witnesses in the above-captioned matter in violation of the court's order.

All in violation of Title 18, United States Code, Section 401(3).

**COUNTS 46 - 50:**          Title 26, United States Code, Section 7206(1) - Filing a False U.S. Individual Income Tax Return

154. The grand jury re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 98.

155. On or about the following dates, in the District of Massachusetts,

**FRANCIS G. KEOUGH III,**

defendant herein, a resident of Springfield, Massachusetts, did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the following calendar years, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service Center, which said income tax return he did not believe to be true and correct as to every material matter in that the said returns reported the following total income figures on Line 22, whereas, he then and there well knew and believed, the said returns did not report all of his total income, and his total income was greater than the amount reported on Line 22:

| Count | Date | Tax Return | Total Income |
|---|---|---|---|
| 46 | 04/15/00 | U.S. Individual Income Tax Return, Form 1040, for Calendar Year 1999 | $ 72,857.00 |
| 47 | 04/15/01 | U.S. Individual Income Tax Return, Form 1040, for Calendar Year 2000 | $ 125,215.00 |

| 48 | 04/15/02 | U.S. Individual Income Tax Return, Form 1040, for Calendar Year 2001 | $ 128,208.00 |
| 49 | 04/15/03 | U.S. Individual Income Tax Return, Form 1040, for Calendar Year 2002 | $ 237,709.00 |
| 50 | 04/15/04 | U.S. Individual Income Tax Return, Form 1040, for Calendar Year 2003 | $ 111,065.00 |

All in violation of Title 26, United States Code, Section 7206(1).

**Forfeiture Allegation** -   18 U.S.C. §982(a)(7), 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461

The Grand Jury further charges that:

1. As a result of committing the offenses alleged in Counts One through Twenty-Eight of this Indictment, Mail Fraud and Theft of Honest Services, in violation of Title 18, United States Code, Sections 1341 and 1346,,

FRANCIS G. KEOUGH III
and
MICHAEL P. HALLAHAN,

defendants herein, if convicted, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7) any and all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the offenses and/or, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the violations, including, but not limited to:

   (a) a sum of U.S. Currency not less than $1,000,000.00; and,

   (b) 5 Desrosiers Street, Springfield, MA.

2. If any of the forfeitable property described in paragraph 1 above, as a result of any act or omission of the defendant --

   (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982, Title 28, United States Code, Section 2461 and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

    All in accordance with Title 18, United States Code, Sections 982(a)(7) and 981(a)(1)(C), Title 28, United States Code 2461 and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS: _____JANUARY 12,_____, 2006

Returned into the District Court by the Grand Jurors and filed at 3:45 PM

_____
DEPUTY CLERK OF THE COURT