**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA

vs.                                                                                                   Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
         Defendants

**DEFENDANT'S OPPOSITION TO**
**GOVERNMENT'S MOTION TO STRIKE DISCOVERY LETTER**

The Government has moved to Strike the Defendant's "Discovery Letter" dated June 6, 2006, on the grounds that allegedly said letter includes requests that are duplicative to the Government's obligation to produce automatic discovery pursuant to Local Rule 11.1(C)(1)(a).[1] In support of its notion, the Government refers to Requests No.'s 3 & 13 of the Defendant's Letter. However, examination of the Defendant's Letter Request and Rule 16 unequivocally provides that said Requests contained in Defendant's Letter are not duplicative of automatic discovery, and therefore the Government's Motion to Strike must be denied.

**I.      THE SPECIFIC REQUESTS COMPLAINED OF BY THE GOVERNMENT ARE NOT DUPLICATIVE TO AUTOMATIC DISCOVERY**

Preliminarily, it must be noted that the specific information requested in Paragraphs 3 & 13 of Defendant's Letter Request are not duplicative of automatic discovery as provided by Local Rule 116 and Rule 16.[2]

---

[1] Defendant's Request (dated June 6, 2006), was made in supplementation to the request made by prior counsel in this case on or about April 22, 2004, which incorporating the requests made in said April 22, 2004 letter herein, as to the Second Superceding Indictment returned by the Grand Jury in this case on January 12, 2006.

[2] Although the Government alleges that there are other purportedly duplicative requests contained in Defendant's Letter, the Government fails to identify any such additional

---

duplicative Requests – leaving the conclusion that these two items are apparently the most objectionable by the Government.

More specifically, Rule 16(F) provides:

> (F) Reports of Examinations and Tests. Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
>> (i) the item is within the government's possession, custody, or control;
>>
>> (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and
>>
>> (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

In contrast, Request No. 3 of the Defendant's Letter requests the Government to produce:

> 3. Any and all reports and results of scientific tests, experiments and examinations, ***including specifically any and all related notes, logs, charts, work papers and raw test results, including without limitation all such reports and results, etc., relating to handwriting analysis, scientific identification or other analysis of documents purportedly used in furthering the alleged criminal activities and/or conduct in this case***.

(emphasis supplied).

Rule 16 does not require production of the identified materials (notes, logs, charts, work papers, etc.) that are being specifically requested by the Defendant in Paragraph 3 of his letter. Therefore, it cannot be said that these materials would be produced by the Government to the Defendant pursuant to automatic discovery and, therefore, it cannot be said that Defendant's Request in Paragraph 3 was made in contravention to Local Rule 116.3(D).

The other request that the Government specifically complains of is the Defendant's Request No. 13. The Government states in its Motion to Strike that "Request 13 asks for all tangible objects of the Defendant." Examination of this Request demonstrates that the

Government mischaracterizes the nature and substance of Defendant's Request No. 13, and that it is not duplicative of Rule 16(E).

More specifically, No. 13 of the Defendant's Letter requests the Government to produce:

13. All tangible objects, books, papers, documents, fingerprints, tape recordings, voice prints, handwriting samples, video recordings, motion pictures, photographs, maps, or copies or portions thereof, which the Government has gathered as evidence against defendants or which are material to the preparation of their defenses, regardless of whether the Government intends to offer them in its case-in-chief, including, but not limited to:

   a) All financial records of any alleged co-conspirators (whether indicted or unindicted) and codefendants acquired from any source, including, but not limited to, promissory notes, checks, negotiable instruments and communications with banks and credit agencies, which relate in any way to his or her finances, assets or expenditures;

   b) All financial records of the defendants obtained by the Government during the course of the instant investigation, including, but not limited to, those reflecting deposits of monies in and withdrawals of monies from financial institutions, and those records reflecting transfers of monies between such institutions;

   c) All applications or orders seeking information about any of the Defendants and alleged co-conspirators (whether indicted or unindicted) pursuant to 26 U.S.C. § 6103 (tax return information);

   d) All tape recordings of Defendants' voices made during or in connection with the matters alleged in the indictment, or on any other occasion;

   e) All tape recordings of any statement made by any declarant, which might be offered for any purpose permitted by Federal Rules of Evidence 801(d), 803, 804 or 805;

   f) All enhanced tape recordings and all transcripts of tape recordings requested in subparagraphs d and e, supra;

   g) All devices or machines used for recording Defendants' voices;

    h)        All telephone toll records which were acquired as a result of the investigation of Defendants or any alleged co-conspirator (whether indicted or unindicted);

    i)        Any documents acquired from the Internal Revenue Service or any other government agencies (federal, state and local) which relate to any alleged co-conspirator (whether indicted or unindicted) or co-defendant, his assets or his expenditures;

    j)        All documents, records, bills, forms and/or receipts and like material allegedly signed by any Defendant any alleged co-conspirator (whether indicted or unindicted);

    k)        All F.B.I., special agent and police investigative reports, including, but not limited to, surveillance logs or documents reflecting the whereabouts or movements of any Defendant and alleged co-conspirator (whether indicted or unindicted);

    l)        A full and complete listing of all tangible objects, books, papers, documents, fingerprints, tape recordings, voice prints, handwriting samples, video recordings, motion pictures, photographs, maps, or copies or portions thereof that have been lost or destroyed, to the extent that such would have been discoverable;

    m)       An identification of all of the items requested in the preceding subparagraphs that the Government intends to introduce at trial.

In contrast, Rule 16(E) simply provides:

    (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

    (i)       the item is material to preparing the defense;

    (ii)      the government intends to use the item in its case-in-chief at trial; or

        (iii)    the item was obtained from or belongs to the defendant.

Therefore, although it may be that some of the documents produced pursuant to automatic discovery may be responsive to Defendant's Request No. 13, it cannot be said that the Defendant's Request is duplicative of the Government's automatic discovery obligation, due to the specific identification of documents requested in No. 13 that is not automatically required to be produced pursuant to Rule 16(E).

## II. DEFENDANT'S LETTER REQUEST IS NOT CIRCUMSCRIBED IN THIS CASE BY LOCAL RULE 116.3(D), BECAUSE THE LETTER CALLS FOR SPECIFIC IDENTIFICATION OF DOCUMENTS FOR EACH INDIVIDUAL REQUEST PURSUANT TO RULE 12 AND RELEVANT CASELAW

Pursuant to the Government's proffer of its automatic discovery obligations under Local Rule 116, the Government merely provided Defendant's counsel with access to a room full of boxes containing thousands of documents with specification or identification. In other words, the Government has simply buried the Defendant in a mountain of paper, with no identification or distinguishment as to the relevance or import of the documents. Due to the nature of this case,[3] and in order for the Defendant to have an adequate opportunity to prepare his defense, the Defendant specifically requested in his Letter that the Government specifically identify for each Request in the Letter:

    a)    which documents the Government intends to offer at trial;

    b)    which documents on which a Government witness will rely or to which said witness will refer; and

    c)    which documents are material to Defendant's preparation of his

---

[3] A 64 page Indictment containing no less than Fifty (50) Counts, and thousands of pages of documents in the possession, custody and control of the Government.

defense.[4]

The Defendant specifically stated in his Letter Request (which the Government ignores in its Motion to Strike), that the Requests were being made not only pursuant to Local Rule 116, but also pursuant to both Rules 12(b)(4) and the authorities set forth in the cases of United States v. de la Cruz-Paulino, 61 F.3d 986 (1st Cir. 1995); United States v. Bortnovsky, 820 F.2d 572 (2nd Cir. 1987); United States v. Anderson, 416 F.Supp.2d 110 (D.D.C. 2006); United States v. Falkowitz, 214 F. Supp. 2d 365 (S.D. N.Y. 2002); United States v. Upton, 856 F. Supp. 727 (E.D.N.Y. 1994); United States v Laughlin, 768 F. Supp 957 (N.D.N.Y. 1991); United States v. Poindexter, 727 F. Supp. 1470 (D.D.C. 1989); United States v. Turkish, 458 F. Supp. 874 (S.D.N.Y 1978); United States v. Countryside Farms, Inc., 428 F.Supp. 1150, 1154 (D.Utah 1977). These cases hold that the Government is required to identify which documents it intends to offer at trial, which documents will be relied upon by Government witnesses, and which documents are material to the Defendant's preparation of his defense. Id. An "open file" policy is not enough. Id. This is particularly so when, as in this case, the Government has buried the Defendant in a mountain of paper. Id.

For example, in United States v. Bortnovsky, 820 F.2d 572 (2d Cir.1987), the government contended that it had fulfilled its obligations to the defendants by allegedly being specific in the indictment and providing over 4,000 documents. Id. The twelve count indictment included a violation of the mail fraud statute and conspiracy to defraud the United States by virtue of a scheme whereby the defendants submitted false claims for burglary to the Federal Insurance Administration and the New York Property Insurance Underwriting Association. Id.

---

[4] In addition, as to each item of documentary or tangible evidence obtained by the Government as requested, the Defendant requested that the Government provide a statement as to how such evidence was obtained and, if the evidence was obtained by seizure or by subpoena, a description of the date on and exact location at which the property was seized and party from whom it was subpoenaed, and all documents relating thereto.

The indictment provided a list of the suspect pieces of mail along with their approximate dates of mailing and addressees but did not enumerate which of numerous documents were falsified or the dates of the allegedly staged burglaries. Id. The Court of Appeals reversed the convictions because it concluded that the defendants "were hindered in preparing their defense by the district court's failure to compel the Government to reveal crucial information: ...the identity of the three fraudulent documents." Id. at 574.

The reasoning in Bortnovsky compels the same conclusion in the present case. As the Court specifically held:

> The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged.

Id. at 574.

In the present case the Government has in its possession thousands of pieces of paper, and of those thousands of documents the Superseding Indictment puts the Defendants on notice of only a handful of items which the Government contends is fraudulent (but which are not even specifically identified and produced). If these are the only documents the Government intends to rely upon at trial, the Defendants should be so advised. If there are additional documents which the Government intends to rely upon, or which the Government's witnesses intend to rely upon, or which are material to the Defendant's preparation of his defense, then the Defendant's need for identification is even greater in order for Defendant to have an adequate opportunity to prepare his defense.

Likewise, as the Court held in United States v. Upton, supra.:

> The purpose of requiring the government to identify which documents it will rely upon at trial in a situation such as this – where there are thousands of documents – is to allow the defendant to adequately prepare his or her defense. General familiarity with

>the nature of the documents, as in this case, will not allow
>defendants to do that if they are not informed which documents
>include the allegedly falsified information and which documents
>the government witnesses will refer to or rely upon.

In the present case, the Defendant's Letter Request was served not only pursuant to Local Rule 116 but, more importantly, was served pursuant to these fundamental needs and principals of specific identification in order to allow the Defendant an adequate opportunity to prepare his defense. The Government has not met these needs or principles through its automatic discovery proffer. On the contrary, the Government's proffer pursuant to automatic discovery is inadequate and fails to meet the criteria set forth in Rules 12 & 16, as well as relevant caselaw.

Accordingly, by all of the above, there is no basis to conclude that the Defendant's "Discovery Letter" must be stricken as duplicative to the Government's obligations under the automatic discovery rules.

## CONCLUSION

By all of the above, the Government's Motion to Strike Discovery Letter must be denied.

THE DEFENDANT,
FRANK KEOUGH


By: /s/ Daniel D. Kelly
    Daniel D. Kelly, Esq.
    101 State Street
    Suite 715
    Springfield, MA 01103
    BBO# 634648
    Tel.: (413) 733-0770
    Fax:  (413) 733-1245


## CERTIFICATE OF SERVICE

I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon

the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 21st day of June, 2006.

                                            /s/ Daniel D. Kelly
                                            Daniel D. Kelly, Esq.
                                            101 State Street
                                            Suite 715
                                            Springfield, MA 01103
                                            BBO# 634648
                                            Tel.: (413) 733-0770
                                            Fax: (413) 733-1245