UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

vs.  Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
        Defendants

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS
COUNTS 34, 35, 37, 39, 41 AND 43 (WITNESS TAMPERING)
FROM THE SECOND SUPERSEDING INDICTMENT**

The Defendant has moved for dismissal of Counts 34, 35, 37, 39, 41 and 43 of the Second Superseding Indictment, all of which charge the Defendant with "Witness Tampering" in violation of 18 U.S.C. § 1512. The grounds for Defendant's Motion to Dismiss are that said Counts of the Indictment fail to meet the requirements of Rule 7(c) (1) of the Federal Rules of Criminal Procedure, and are violative of the Defendant's rights as protected by the Fifth and Sixth Amendments to the United States Constitution.

When ruling on a Motion to Dismiss an Indictment (or Counts thereof), the Court's review is limited to "the well-pleaded facts in the indictment itself." United States v. Nippon Paper Industries Co., Ltd., 109 F.3d 1 (1st Cir. (Mass.)1997), citing, United States v. National Dairy Prods. Corp., 372 U.S. 29, 33 n. 2 (1963). It is a fundamental principle that the indictment must contain the *essential facts* constituting an offense charged and must set forth every *essential element* of an alleged offense. Fed.R.Crim.Pro. Rule 7(c)(1); see, e.g., United States v. McDonough, 959 F.2d 1137, 1140 (1st Cir. (Mass.)1992) (emphasis supplied).

Hence, in order for an Indictment charging "Witness Tampering" in violation of 18 U.S.C. § 1512 to pass constitutional muster, and comply with the requirements of Rule 7(c), the

Indictment must identify the proceeding for which the Defendant tried to influence the testimony of a witness.  United States v. Murphy, 762 F.2d 1151 (1985).  Further, the Indictment must identify the Witness allegedly subjected to Defendant's tampering.  See, e.g., United States v. Agone, 302 F.Supp. 1258 (D.C.N.Y.1969).  Examination of the Second Superceding Indictment in the present case establishes that the "Witness Tampering" Counts fail to set forth these essential facts and elements for the crime charged, and therefore must be dismissed.  United States v. Murphy, 762 F.2d 1151 (1985).

## STATEMENT OF FACTS

With regard to the essential facts and elements that are the subject of this Motion to Dismiss, the Second Superseding Indictment sets forth the following:

**Count 34**: "From on or about March 16, 2004, through September 21, 2004, within the District of Massachusetts, Francis G. Keough III, defendant herein, did knowingly corruptly persuade and attempt to corruptly persuade Witness A with the intent to influence the testimony of Witness A in a federal grand jury proceeding..."

**Count 35**: "In or about late, 2004, or early, 2005, within the District of Massachusetts, Francis G. Keough III, defendant herein, did knowingly corruptly persuade and attempt to corruptly persuade Witness A with the intent to influence the testimony of Witness A in an official proceeding..."

**Count 37**: "From on or about June 14, 2005, within the District of Massachusetts, Francis G. Keough III, defendant herein, did knowingly corruptly persuade and attempt to corruptly persuade Witness B with the intent to influence the testimony of Witness B in a federal grand jury proceeding..."

**Count 39**: "In or about June, 2005, within the District of Massachusetts, Francis G. Keough III, defendant herein, did knowingly corruptly persuade and attempt to corruptly persuade Witness C with the intent to influence the testimony of Witness C in a federal grand jury proceeding..."

**Count 41**: "On or about May 24, 2005, within the District of Massachusetts, Francis G. Keough III, defendant herein, did knowingly attempt to corruptly persuade Witness D with the intent to influence the testimony of Witness D in a federal grand jury proceeding..."

**Count 43**: "Sometime between July 29, 2005 and August 11, 2005, within the District of Massachusetts, Francis G. Keough III, defendant herein, did knowingly attempt to corruptly persuade Witness E with the intent to influence the testimony of Witness E in a federal grand jury proceeding..."

In sum, the challenged Counts of the Second Superseding Indictment only provide the generic label of *a* grand jury proceeding or *an* official proceeding, without identification of the actual proceeding which is the subject of the Count of the Indictment. Likewise, the challenged Counts of the Second Superseding Indictment only provide the use of the appellation, "Witness A," "Witness B," etc., without identification of the actual witness alleged to be the subject of "Witness Tampering." As the discussion below shall provide, the ambiguity and lack of identification of essential elements and facts in these Counts of the Second Superceding Indictment mandate their dismissal.

## DISCUSSION

An indictment is sufficient only "if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enables him to enter a plea without fear of double jeopardy." United States v. Yefsky, 994 F.2d 885, 893 (1st Cir. 1993), citing, Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Murphy, 762 F.2d 1151, 1154 (1st Cir. 1985) (indictment dismissed because it did not fairly inform defendant of specific conduct alleged to be criminal, i.e., identification of the alleged official proceeding for which the Defendant tried to influence the testimony of a witness). The Court must dismiss the indictment if it fails to allege facts which constitute a prosecutable offense. United States v. Coia, 719 F.2d 1120, 1123 (11th Cir.1983), cert. denied, 466 U.S. 973 (1984). A motion to dismiss an indictment is not a device for a summary trial of the evidence, but rather is directed only to the question of the validity of the indictment on its face. United States v. Winer, 323

F.Supp. 604, 605 (E.D.Pa.1971), citing, United States v. Sampson, 371 U.S. 75 (1962).

Hence, when ruling on a motion to dismiss an indictment, the allegations contained therein are assumed to be true. United States v. Murphy, 762 F.2d at 1154; United States v. Buckley, 689 F.2d 893, 897 (9th Cir.1982), cert. denied, 460 U.S. 1086 (1983). A deficiency in a Count of an Indictment is not curable by reading the indictment as a whole. United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993). "Each count in an indictment is regarded as if it was a separate indictment." Id., citing, United States v. Winter, 663 F.2d 1120, 1138 (1st Cir.1981), quoting, Dunn v. United States, 284 U.S. 390, 393 (1932). Thus, each count must be sufficient without reference to other counts unless the allegations of those counts expressly are incorporated. Id.

It is well settled that Indictments, or particular count(s) thereof, which fail to plead sufficient factual information to meet constitutional standards, may be noticed and dismissed at any time. As the Court in United States v. Richards, 204 F.3d 177, 191 (5th Cir. 2000) explained the rule: "An indictment's failure to charge an offense is a jurisdictional defect. Because the sufficiency of an indictment is a prerequisite to jurisdiction, a defendant at any time may raise an objection based on failure to charge an offense." Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2349, 2356 n.3 (2000); United States v. Prentiss, 206 F.3d 900, 964-965 (10th Cir. 2000); United States v. Murphy, 762 F.2d 1151, 1155 (1st Cir. 1985).

Rule 7(c) (1) of the Federal Rules of Criminal Procedure requires that each count of an indictment contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993). "The indictment may incorporate the words of the statute to set forth the offense, but the statutory language must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." United States v. Yefsky, supra. at 893. These requirements embodied in Rule 7(c)

were designed to protect three constitutionally mandated principles. Id.

First, is the guarantee which derives from the Sixth Amendment, that any indictment which an accused is called to answer must provide adequate notice to inform the individual of the charges he must prepare to defend and to ensure that he has the effective assistance of counsel. Every charge contained in the indictment must provide the defendant with a sufficient basis to prepare his defense. United States v. Santa-Manzano, 842 F.2d 1, 3 (1st Cir. 1988); United States v. Murphy, 762 F.2d 1151, 1155 (1st Cir. 1985); United States v. Tomasetta, 429 F.2d 978 (1st Cir. 1970). "Ill defined charges leave the prosecutor free to roam at large – to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." Russell v. United States, 369 U.S. 749, 768 (1962).

Second, each count must be factually adequate on its face to enable a defendant to plead "double jeopardy" against a later prosecution, thereby protecting his rights guaranteed by the Fifth Amendment of the Constitution. United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993).

Third, "the Indictment Clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury." United States v. Pirro, 212 F.3d 86, 92 (2d Cir. 2000) (A criminal charge must set forth sufficient factual allegations to "shield a defendant in a federal felony case from unfounded prosecutorial charges and . . . (by) requir(ing) him to defend in court only those allegations returned by an independent grand jury, as provided by the Fifth Amendment"); see also, Hamling v. United States, 418 U.S. 87 (1974); Russell v. United States, 369 U.S. 749, 768-71 (1962) ("To allow the prosecutor, or the Court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guarantee of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury

which indicted him"); United States v. McDonough, 959 F.2d 1137, 1140 (1st Cir. 1992).

Hence, the Supreme Court specifically held in Russell v. United States, supra, that:

> It is an elementary principal of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the Indictment shall charge the offense in the same generic terms as in the definition; but it must state the species -- it must descend to particulars...' " An Indictment not framed to apprize the defendant "with reasonable certainty of the nature of the accusation against him... is defective, although it may follow the language of the statute... Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.

Id. 369 U.S. at 764-65 (citations and footnotes omitted) (emphasis added). Rule 7(c)(1) of the Federal Rules of Criminal Procedure enforces these constitutional mandates, requiring that every indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Hence, an indictment must be sufficiently factually specific to "enable[] the Court to determine whether the facts alleged are sufficient in law to withstand a motion to dismiss or to support a conviction." United States v. Clark, 123 F. Supp. 2d 314, 317 (D.V.I. 2000); see also, Belt v. United States, 868 F.2d 1208, 1211 (11th Cir. 1989) ("The requirement that an indictment set forth the essential elements of the an offense functions not only to give the defendant notice as guaranteed by the Sixth Amendment, but also to inform the Court of the facts alleged to enable it to determine whether the facts are sufficient in law to support a conviction").

In the present case, the Witness Tampering Counts contained in the Second Superceding Indictment do nothing more than allege "generic" identification of "an official proceeding," or "a grand jury proceeding," without any specification of which alleged official proceeding is the subject of the Indictment. Further, the Witness Tampering Counts contained in the Second

Superceding Indictment do not identify the alleged witnesses whom the Defendant is alleged to have attempted to criminally influence. Therefore, these Counts of the Indictment are insufficient as a matter of law, and must be dismissed.

The case of United States v. Murphy, 762 F.2d 1151, 1155 (1st Cir. 1985), is almost exactly on point with the present case. In Murphy, the Indictment charged that the Defendants:

> did knowingly and intentionally use intimidation or physical force,
>
> or did threaten another person or did attempt to do so, with intent
>
> to influence the testimony of any person in an official proceeding;
>
> namely did threaten Richard Watson, a witness in an official
>
> proceeding, with serious bodily harm; in violation of Title 18,
>
> United States Code, Section 1512(a)(1).

The Murphy Court held that because the Indictment did not identify the "official proceeding" which was the subject of the alleged witness tampering, the Indictment was fatally defective based on the principles and constitutional mandates cited above. Id. More specifically, the Court provided the following fundamental analysis to be performed in the present case:

> Fed.R.Crim.P. 7(c)(1) states that an "indictment AAA shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." It is a basic principle that, in order to guarantee protection of a criminal defendant's rights, an indictment must "contain[ ] the elements of the offense intended to be charged, 'and sufficiently apprise[ ] the defendant of what he must be prepared to meet,' " Russell v. United States, 369 U.S. 749, 763 (1962) (citations omitted). As we stated in United States v. Tomasetta, 429 F.2d 978, 979 (1st Cir.1970):
>
>> A vital function of an indictment is to provide "such description of the particular act alleged to have been committed by the accused as will enable him properly to defend against the accusation * * *." This principle is derived directly from the Sixth Amendment's guarantee of the right of an accused "to be informed of the nature and cause of the accusation * * * " and is basic to the proper

>functioning of our adversary system of justice.
>Without sufficient information to identify that
>conduct which the grand jury has deemed adequate
>to support an indictment, an accused is at a material
>disadvantage in meeting the charge against him.

Id.

In applying these fundamental principles, the First Circuit Court of Appeals analogized the facts in Murphy to the United States Supreme Court decision in the leading decision of Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240, which likewise analyzed the requirements of a valid indictment. In Russell, the Supreme Court found indictments defective which were brought under 2 U.S.C. § 192, which prohibited witnesses before congressional committees from "refus[ing] to answer any question pertinent to the question under inquiry." The indictments did not identify the "question under inquiry" although they did list the questions the defendants had refused to answer. The Supreme Court wrote, "Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute. Russell v. United States, supra. Based on these principles, the Supreme Court concluded that the indictments in Russell were fatally defective *because they did not specify the question under inquiry*. Id. at 771 (emphasis supplied).

The First Circuit Court of Appeals in Murphy applied this same analysis in striking the Indictment charging witness tampering containing the generic appellation, "an official proceeding." More specifically, the Murphy Court held:

>The indictment in the instant case did not identify any proceeding
>in which defendants were allegedly attempting to influence
>Watson's testimony. It is wholly unclear from the indictment
>whether the grand jury was charging that defendants tried to
>influence Watson's testimony in the proceeding against Dawlett, or
>in the proceeding against them, or in some other proceeding
>altogether. Crucial to preparation of any defense to a charge under
>the statute is at least some indication of the identity of the

proceeding in which the defendant tried to influence testimony.
Id., citing, Russell v. United States, 369 U.S. at 763, 82 S.Ct. at 1046; United States v. Tomasetta, 429 F.2d at 979.[1]  The same holds true in the present case.

Counts 34, 35, 37, 39, 41 and 43 of the Second Superseding Indictment do not identify the official proceeding of which the Defendant allegedly committed "witness tampering." Instead, as in Murphy, the Second Superseding Indictment generically refers to "an official proceeding," or a "federal grand jury proceeding."  Indeed, the Indictment in the present case is even more defective than in Murphy, because in Murphy the Indictment identified the witness, whereas in the present case the Indictment refers only to the vague appellation of "Witness A," "Witness B," etc.  Therefore, dismissal of these "Witness Tampering" Counts of the Second Superseding Indictment is mandated in the present case.  Murphy, 762 F.2d at 1151.

## CONCLUSION

In United States v. Murphy, 762 F.2d 1151 (1st Cir. 1985), the First Circuit Court of Appeals set aside and ordered dismissal of an indictment charging that a defendant tried (through threats of force) to influence testimony of a witness.  Id.  The indictment did not specify the official proceeding which the grand jury had in mind.  Id.  The court recognized the failure to specify the details of this important element of the crime as "plain error."  Id.  The Second Superseding Indictment in the present case is patently defective under the holding set forth in Murphy.  Its failure to specify either the specific official proceeding or the witness(es) allegedly tampered is even more violative of the Defendant's rights in the present case, and the need to

---

[1] It is important to note that the Government cannot allege that the Defendant in this case should move for a Bill of Particulars.  A similar argument was made in Murphy, where the Court specifically held that "The government maintains that appellants should have moved for a Bill of Particulars under Fed.R.Crim.P. 7(f) if they had wanted more definite information than was provided in the indictment.  This argument is specious, since it has long been settled law that an invalid indictment cannot be cured by a Bill of Particulars. United States v. Murphy, supra., citing, Russell v. United States, 369 U.S. at 770, 82

correct an important procedural injustice is no less great.  Given Murphy, "plain error" is unequivocally established, mandating dismissal of the offending Counts of the Second Superseding Indictment.

By all of the above, the Defendant's Motion to Dismiss Counts 34, 35, 37, 39, 41 & 43 (Witness Tampering) from the Second Superseding Indictment must be allowed.

THE DEFENDANT,
FRANK KEOUGH


By: /s/ Daniel D. Kelly
   Daniel D. Kelly, Esq.
   101 State Street
   Suite 715
   Springfield, MA 01103
   Tel.: (413) 733-0770
   Fax:  (413) 733-1245

### CERTIFICATE OF SERVICE

I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 27th day of September, 2006.

/s/ Daniel D. Kelly
Daniel D. Kelly, Esq.
101 State Street
Suite 715
Springfield, MA 01103
Tel.: (413) 733-0770
Fax:  (413) 733-1245

---

S.Ct. at 1050; C. Wright, 1 Federal Practice and Procedure § 129 (1982).