UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

vs.                                                                                           Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
        Defendants

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS COUNT 29 (EXTORTION)
FROM THE SECOND SUPERSEDING INDICTMENT**

The Defendant has moved for dismissal of Count 29 of the Second Superseding Indictment, which charges extortion "by wrongful use and threat of use of economic harm and under color of official right" in violation of 18 U.S.C. § 1951 (The Hobbs Act). The grounds for Defendant's Motion to Dismiss are that Count 29 fails to meet the requirements of Rule 7(c) (1) of the Federal Rules of Criminal Procedure, and is violative of the Defendant's rights as protected by the Fifth and Sixth Amendments to the United States Constitution.

When ruling on a Motion to Dismiss an Indictment (or a Count thereof), the Court's review is limited to "the well-pleaded facts in the indictment itself." United States v. Nippon Paper Industries Co., Ltd., 109 F.3d 1 (1st Cir. (Mass.)1997), citing, United States v. National Dairy Prods. Corp., 372 U.S. 29, 33 n. 2 (1963). It is a fundamental principle that the indictment must contain the *essential facts* constituting an offense charged and must set forth every *essential element* of an alleged offense. Fed.R.Crim.Pro. Rule 7(c)(1); see, e.g., United States v. McDonough, 959 F.2d 1137, 1140 (1st Cir. (Mass.)1992) (emphasis supplied).

Hence, in order for an Indictment charging "Extortion" in violation of 18 U.S.C. § 1951 to pass constitutional muster, and comply with the requirements of Rule 7(c), the Indictment

must identify the extortionate act by which the Defendant allegedly "obtain[ed] [the] property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951.  See, e.g., United States v. Cruzado-Laureano, 404 F.3d 470 (1st Cir. 2005); United States v. Rivera Rangel, 396 F.3d 476 (1st Cir. 2005). Examination of the Second Superseding Indictment in the present case establishes that Count 12 (Extortion) fails to set forth this essential fact for the crime charged, and therefore must be dismissed. United States v. Murphy, 762 F.2d 1151 (1985).

## STATEMENT OF FACTS

With regard to the essential facts and elements that are the subject of this Motion to Dismiss, the Second Superseding Indictment sets forth the following:

**Count 29**: Between on or about April 23, 1999 and December 8, 1999, in the District of Massachusetts, Francis G. Keough III, defendant herein, did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by extortion, in that the defendant unlawfully obtained $29,000.00 from The Ware Group, Inc., which property was not due the defendant and The Ware Group's consent having been induced by wrongful use and threat of use of economic harm and under color of official right.

Count 29 of the Second Superseding Indictment incorporates by reference paragraphs 1 through 98, but the only two paragraphs that could even arguably be related to this charged offense are paragraphs 30 & 34, which provide:

**Paragraph 30:** On or about February 26, 1999, defendant KEOUGH began charging the building materials for the construction of his Rhodes Island residence to the account of the general contractor handling the 501 Worthington Street renovation in order to obtain the contractor's discount, and because defendant KEOUGH did not have the money to purchase the goods and materials at the time.

**Paragraph 34:** On or about April 30, 1999, defendant KEOUGH caused the general contractor handling the 501 Worthington Street renovation to make a second payment towards defendant KEOUGH's purchases of building materials on the contractor's account to prevent the suspension of the charge account.

In sum, Count 29 of the Second Superseding Indictment only provides the generic label of wrongful use of actual or threatened force, violence, or fear, or under color of official right, without identification of the *essential fact* of the alleged "actual or threatened force, violence, or fear, or under color of official right" which is the subject of Count 29 of the Indictment. Indeed, by using the conjunctive "and" (rather than the disjunctive "or" as found in the statute), Count 29 ambiguously does not differentiate between the two types of extortion that may be charged under the Hobbs Act. Under these circumstances, the Defendant has absolutely no notice as to what essential fact the Grand Jury relied upon in returning an indictment for this offense. As the discussion below shall provide, the ambiguity and lack of identification of essential facts in this Count 29 of the Second Superseding Indictment mandates its dismissal.

## DISCUSSION

An indictment is sufficient only "if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enables him to enter a plea without fear of double jeopardy." United States v. Yefsky, 994 F.2d 885, 893 (1st Cir. 1993), citing, Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Murphy, 762 F.2d 1151, 1154 (1st Cir. 1985) (indictment dismissed because it did not fairly inform defendant of specific conduct alleged to be criminal, i.e., identification of the alleged official proceeding for which the Defendant tried to influence the testimony of a witness). The Court must dismiss

the indictment if it fails to allege facts which constitute a prosecutable offense. United States v. Coia, 719 F.2d 1120, 1123 (11th Cir.1983), cert. denied, 466 U.S. 973 (1984). A motion to dismiss an indictment is not a device for a summary trial of the evidence, but rather is directed only to the question of the validity of the indictment on its face. United States v. Winer, 323 F.Supp. 604, 605 (E.D.Pa.1971), citing, United States v. Sampson, 371 U.S. 75 (1962).

Hence, when ruling on a motion to dismiss an indictment, the allegations contained therein are assumed to be true. United States v. Murphy, 762 F.2d at 1154; United States v. Buckley, 689 F.2d 893, 897 (9th Cir.1982), cert. denied, 460 U.S. 1086 (1983). A deficiency in a Count of an Indictment is not curable by reading the indictment as a whole. United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993). "Each count in an indictment is regarded as if it was a separate indictment." Id., citing, United States v. Winter, 663 F.2d 1120, 1138 (1st Cir.1981), quoting, Dunn v. United States, 284 U.S. 390, 393 (1932). Thus, each count must be sufficient without reference to other counts unless the allegations of those counts expressly are incorporated. Id.

It is well settled that Indictments, or particular count(s) thereof, which fail to plead sufficient factual information to meet constitutional standards, may be noticed and dismissed at any time. As the Court in United States v. Richards, 204 F.3d 177, 191 (5th Cir. 2000) explained the rule: "An indictment's failure to charge an offense is a jurisdictional defect. Because the sufficiency of an indictment is a prerequisite to jurisdiction, a defendant at any time may raise an objection based on failure to charge an offense." Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2349, 2356 n.3 (2000); United States v. Prentiss, 206 F.3d 900, 964-965 (10th Cir. 2000); United States v. Murphy, 762 F.2d 1151, 1155 (1st Cir. 1985).

Rule 7(c) (1) of the Federal Rules of Criminal Procedure requires that each count of an indictment contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993). "The

indictment may incorporate the words of the statute to set forth the offense, **but the statutory language must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged**." Id. at 893 (emphasis supplied). These requirements embodied in Rule 7(c) were designed to protect three constitutionally mandated principles. Id.

First, is the guarantee which derives from the Sixth Amendment, that any indictment which an accused is called to answer must provide adequate notice to inform the individual of the charges he must prepare to defend and to ensure that he has the effective assistance of counsel. Every charge contained in the indictment must provide the defendant with a sufficient basis to prepare his defense. United States v. Santa-Manzano, 842 F.2d 1, 3 (1st Cir. 1988); United States v. Murphy, 762 F.2d 1151, 1155 (1st Cir. 1985); United States v. Tomasetta, 429 F.2d 978 (1st Cir. 1970). "Ill defined charges leave the prosecutor free to roam at large – to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." Russell v. United States, 369 U.S. 749, 768 (1962).

Second, each count must be factually adequate on its face to enable a defendant to plead "double jeopardy" against a later prosecution, thereby protecting his rights guaranteed by the Fifth Amendment of the Constitution. United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993).

Third, "the Indictment Clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury." United States v. Pirro, 212 F.3d 86, 92 (2d Cir. 2000) (A criminal charge must set forth sufficient factual allegations to "shield a defendant in a federal felony case from unfounded prosecutorial charges and . . . (by) requir(ing) him to defend in court only those allegations returned by an independent grand jury, as provided by the Fifth Amendment"); see also, Hamling v. United States, 418 U.S. 87 (1974); Russell v. United States, 369 U.S. 749, 768-71 (1962) ("To allow the prosecutor, or

the Court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guarantee of the intervention of a grand jury was designed to secure.  For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him"); United States v. McDonough, 959 F.2d 1137, 1140 (1st Cir. 1992).

      Hence, the Supreme Court specifically held in Russell v. United States, supra, that:

> It is an elementary principal of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the Indictment shall charge the offense in the same generic terms as in the definition; but it must state the species -- it must descend to particulars...' " An Indictment not framed to apprize the defendant "with reasonable certainty of the nature of the accusation against him... is defective, although it may follow the language of the statute... Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.

Id. 369 U.S. at 764-65 (citations and footnotes omitted) (emphasis added).  Rule 7(c)(1) of the Federal Rules of Criminal Procedure enforces these constitutional mandates, requiring that every indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Hence, an indictment must be sufficiently factually specific to "enable[] the Court to determine whether the facts alleged are sufficient in law to withstand a motion to dismiss or to support a conviction."  United States v. Clark, 123 F. Supp. 2d 314, 317 (D.V.I. 2000); see also, Belt v. United States, 868 F.2d 1208, 1211 (11th Cir. 1989) ("The requirement that an indictment set forth the essential elements of the an offense functions not only to give the defendant notice as guaranteed by the Sixth Amendment, but also to inform the Court of the facts alleged to enable it to determine whether the facts are sufficient in law to support a conviction").

In the present case, Count 29 of the Second Superseding Indictment charges extortion in violation of the Hobbs Act, 18 U.S.C. § 1951, which provides in part:

(b) As used in this section–

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

According, there are two types of criminal conduct that may justify prosecution under the Hobbs Act: a) Private persons may violate the statute by use of fear, and b) persons holding public office may also violate the statute by a wrongful taking under color of official right. United States v. Kelly, 722 F.2d 873 (1st Cir. (Mass.), 1983).

In the present case, it is certainly ambiguous as to whether the Grand Jury returned the indictment on the basis of whether the Defendant, Keough:

A) violated the statute by wrongful use of actual or threatened force, violence, or fear, or

B) violated the statute by a wrongful taking under color of official right.

Hence, as explained above, long standing constitutional jurisprudence provides that Count 29 of the Second Superseding Indictment violates the Defendant's Sixth Amendment guarantee that every charge contained in the indictment must provide the defendant with a sufficient basis to prepare his defense. Likewise, the ambiguity of Count 29 prevents the defendant from his ability to plead "double jeopardy" against a later prosecution, because there is no basis to conclude the basis of liability upon which the Grand Jury returned the indictment. Likewise, the Defendant's Fifth Amendment rights under the Indictment Clause are violated due to failure of sufficient amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury.

In anticipation that the Government in this case may possibly argue that both aspects of

the Hobbs Act applies in order to save this Count of the Indictment (private and public), the following discussion demonstrates that Count 29 fails to meet the requirements of Rule 7(c) (1) of the Federal Rules of Criminal Procedure, and is violative of the Defendant's rights as protected by the Fifth and Sixth Amendments to the United States Constitution, even if these two types of extortion under the Hobbs Act are examined separately.

A.  **COUNT 29 OF THE SECOND SUPERCEDING INDICTMENT FAILS TO ALLEGE ESSENTIAL FACTS NECESSARY TO SUPPORT A CHARGE OF VIOLATION OF THE HOBBS ACT WRONGFUL USE OF ACTUAL OR THREATENED FORCE, VIOLENCE, OR FEAR**

There are absolutely no factual allegations whatsoever in the Second Superseding Indictment that the Defendant committed extortion by way of farce or violence, or threat thereof. Hence, the only remaining possible theory of violation of the Hobbs act under the "private" conundrum is threat of economic loss. United States v. Rivera Rangel, 396 F.3d 476 (1st Cir., Feb 08, 2005). In Rivera Rangel, the Court thoroughly examined the criteria for establishing a violation of the Hobbs Act through fear of economic loss. The Court held that in order to establish "extortion through fear of economic loss," the Government must "show that the victim believed that economic loss would result from his ... failure to comply with the alleged extortionist's terms, and that the circumstances ... rendered that fear reasonable." Id., citing, United States v. Capo, 817 F.2d 947, 951 (2d Cir.1987) ("the proof need establish that the victim reasonably believed: first, that the defendant had the power to harm the victim, and second, that the defendant would exploit that power to the victim's detriment.").

Importantly, the loss feared must be "a particular economic loss, not merely the loss of a potential benefit." United States v. Rivera Rangel, supra, citing, United States v. Edwards, 303 F.3d 606, 635 (5th Cir.2002); United States v. Garcia, 907 F.2d 380, 385 (2d Cir.1990) (reversing an extortion conviction where the jury was permitted to consider the theory of fear of

economic loss because the evidence "did not establish that the company acted out of fear that without these payments it would lose existing contracts or even opportunities to which it was legally entitled"). Extortion through exploitation of fear of economic loss is committed when defendant or a third person attempts to instill fear in victim by commission of various acts, which could include threat of economic loss to victim unless victim bows to defendant's demands, which is followed by defendant attempting to extort property by exploiting this previously instilled fear in the victim. United States v. Furey, 491 F.Supp. 1048 (E.D.Pa.1980), affirmed 636 F.2d 1211, cert. denied, 451 U.S. 913.

In the present case, there is no rendition whatsoever of this *essential fact* for a Hobbs Act violation (under the "private" conundrum) that The Ware Group had a reasonable fear of economic loss, or that the Defendant, Keough, in fact made any such threat. As specifically delineated by the Court in United States v. Rivera Rangel, the loss feared must be "a particular economic loss, not merely the loss of a potential benefit." Id., citing, United States v. Capo, 817 F.2d at 952-54 (reversing a finding of extortion through fear of economic loss because the victims did not act out of fear of the harm the defendants might inflict upon them if they refused to pay; rather, they were seeking to secure the defendants' assistance to improve their chances of obtaining jobs).

Likewise, there is no allegation whatsoever in the Second Superseding Indictment that "that the defendant performed certain acts, the necessary and natural effects of which were to instill fear in the victim." United States v. Agnes, 581 F. Supp. at 471. While the term "fear" includes fear of economic loss, there is no extortion unless the payments were made under some form of compulsion. United States v. Adcock, 558 F.2d 397, 403 (8th Cir.1977), cert. denied, 434 U.S. 921 (1977); United States v. Hathaway, 534 F.2d at 395 (voluntary payments by "victim" would not constitute extortion); United States v. Rabbitt, 583 F.2d at 1027 ("victim" had acquired state contracts in the past and during the period in question without the defendant's

assistance and therefore record lacked substantial evidence that payment compulsory or result of reasonable fear).

Although Count 29 parrots the language of the statute that the Defendant obtained the property by "threat of use of economic loss," the Indictment is fatally defective for alleging a single essential fact is support of this conclusory statement.  E.g., Russell v. United States, 369 U.S. 749, 768-71 (1962); United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993); United States v. Murphy, 762 F.2d 1151 (1985).  Accordingly, Count 29 of the Second Superseding Indictment must be dismissed.[1]

## B. THE DEFENDANT, FRANCIS KEOUGH, CANNOT BE PROSECUTED FOR VIOLATION OF THE HOBBS ACT "UNDER COLOR OF OFFICIAL RIGHT" BECAUSE HE IS A PRIVATE CITIZEN

There are absolutely no allegations contained in the Second Superseding Indictment that the Defendant, Keough, was at anytime material hereto a "public official."

In United States v. Cruzado-Laureano, 404 F.3d 470 (1st Cir., Apr 05, 2005), the Court held that to establish a violation of the Hobbs Act, 18 U.S.C. § 1951, for extortion under color of official right, "the Government need only show that a public official has obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts." Id., citing, Evans v. United States, 504 U.S. 255, 268 (1992).  The Cruzado-Laureano Court held in that case that because the Defendant was paid to use her official powers to further the "victim's" interests, the jury could reasonably have found her guilty of extortion under color of official

---

[1] It is important to note that the Government cannot allege that the Defendant in this case should move for a Bill of Particulars.  A similar argument was made in Murphy, where the Court specifically held that "The government maintains that appellants should have moved for a Bill of Particulars under Fed.R.Crim.P. 7(f) if they had wanted more definite information than was provided in the indictment.  This argument is specious, since it has long been settled law that an invalid indictment cannot be cured by a Bill of Particulars. United States v. Murphy, supra., citing, Russell v. United States, 369 U.S. at 770.

right. Id., citing, United States v. Freeman, 6 F.3d 586, 593-94 (9th Cir.1993) ("Because the evidence demonstrates that [defendant] possessed and misused official powers in connection with his [official] position ..., we hold that a rational trier of fact could have found the essential elements of the crime of official right extortion beyond a reasonable doubt."); United States v. Loftus, 992 F.2d 793, 796 (8th Cir.1993) ("In this case, we consider whether [defendant] promised to use his official position ... to serve the bribe-giver's interests.").

In the present case, there is no allegation in the Second Superseding Indictment whatsoever that the Defendant, Keough, occupied a public office. On the contrary, the Indictment takes great pains to detail Keough's position as President of a non-profit corporation – subject to the corporation's Board of Directors. Therefore, as a matter of law, Keough cannot commit a violation of the "wrongful taking under color of official right" conundrum of the Hobbs Act because he is a private citizen.

It is well established that prosecuting private citizens under the "color of official right" theory of extortion is inappropriate under the Hobbs Act, irrespective of the actual influence that private citizen purports to maintain over government officials. United States v. McClain, 934 F.2d 822, 831 (7th Cir.1991). In United States v. Tomblin, 46 F.3d 1369, 1382 (5th Cir.1995), the Fifth Circuit struck down a prosecution of a private citizen under the "official right" theory. Tomblin, a private citizen, coerced his victims into giving him money by threatening to use against them his political influence with a United States Senator. Id. 1382-83. Tomblin was convicted of extortion under color of official right, and the Fifth Circuit reversed on the basis that the defendant's actions did not result in any public official's receiving any money; the defendant himself was neither a public official nor in the process of becoming one; and the influence the defendant threatened to use was not official power. Id. at 1382-83.

In the present case, there is no allegation in the Second Superseding Indictment that the Defendant was at any time a public official. Accordingly, Count 29 of the Indictment charging

the Defendant with extortion "under color of official right" must be dismissed. . E.g., Russell v. United States, 369 U.S. 749, 768-71 (1962); United States v. Coia, 719 F.2d 1120, 1123 (11th Cir.1983), cert. denied, 466 U.S. 973 (1984) (Court must dismiss the indictment if it fails to allege facts which constitute a prosecutable offense).

## CONCLUSION

Count 29 of the Second Superseding Indictment in the present case is patently defective for failure to set forth an *essential fact* of the alleged extortionate conduct committed by the Defendant in violation of the Hobbs Act. Russell v. United States, 369 U.S. 749, 768-71 (1962). The Count is inherently vague and ambiguous, and deprives the Defendant from numerous protections afforded by the Fifth and Sixth Amendment, mandating dismissal of this Count from the Second Superseding Indictment. Id.

By all of the above, the Defendant's Motion to Dismiss Count 29 (extortion) from the Second Superseding Indictment must be allowed.

        THE DEFENDANT,
        FRANK KEOUGH


        By: /s/ Daniel D. Kelly_____
           Daniel D. Kelly, Esq.
           101 State Street
           Suite 715
           Springfield, MA 01103
           Tel.: (413) 733-0770
           Fax:  (413) 733-1245

## CERTIFICATE OF SERVICE

I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon

the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 27th day of September, 2006.

/s/  Daniel D. Kelly
Daniel D. Kelly, Esq.
101 State Street
Suite 715
Springfield, MA 01103
Tel.: (413) 733-0770
Fax:  (413) 733-1245