# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES

vs.                                                Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
           Defendants

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION TO SEVER
## COUNTS 27 & 28, AND COUNTS 31-45
## FROM THE SECOND SUPERSEDING INDICTMENT

Pursuant to Rule 14 of the Rules of Criminal Procedure, the Defendant has moved to

a)      sever Counts 27 & 28 from the Second Superseding Indictment for purposes of

trial of this matter; and

b)      sever Counts 31 through 45 from the Second Superseding Indictment for purposes

of trial of this matter.

The grounds for Defendant's Motion to Sever is that trial of these Counts with the other

Counts of the Indictment would prejudice the Defendant in violation of his Fifth Amendment

rights and Rule 14 of the Federal Rules of Criminal Procedure.


## STATEMENT OF FACTS

The Second Superseding Indictment is a Fifty Count Indictment, charging the Defendants

with various disparate offenses of Mail Fraud, Extortion, Obstruction of Justice, Making False

Statements, Witness Tampering, Perjury, Criminal Contempt and Filing False Tax Returns.

Examination of Counts 27 & 28 from the Second Superseding Indictment provides that

the Government is charging Defendants Keough and Guzman with mail fraud via sexual

misconduct with two unidentified tenants of the Friends of the Homeless where the Defendants were employed.  None of the remaining 48 Counts of the Indictment (except the Conspiracy Count I, which in actuality charges several conspiracies, See **Defendant's Motion to Dismiss Count I**) in any way alleges or intimates sexual misconduct upon any of the Defendants.

Examination of Counts 31 through 45 from the Second Superseding Indictment provides that the Defendant Keough committed various acts to frustrate the Government's investigation of this matter, including Witness Tampering, Perjury, Making False Statements, Criminal Contempt and Obstruction of Justice.  The Defendant Keough is the only defendant charged with these Counts (except the Conspiracy Count I, which in actuality charges several conspiracies, and inexplicably includes the Defendants Hallahan and Guzman into this particular conspiracy offense included into Count I. See **Defendant's Motion to Dismiss Count I**).[1]

As the Discussion below shall provide, trial of these Counts with the other Counts of the Indictment would prejudice the Defendant in violation of his Fifth Amendment rights and Rule 14 of the Federal Rules of Criminal Procedure

---

[1]The Defendant further moved that he be allowed to file a  Motion to Sever for misjoinder of various Counts of the Indictment pursuant to Rules 8 & 14, following disposition of Defendant's Motions to Dismiss filed herewith.   As explained in Defendants' Motions to Dismiss, the Second Superceding Indictment is inherently defective as to certain Counts, as a result of which the Defendant cannot argue that they were misjoined on the face of the Indictment (due to lack of allegation of constitutionally required *essential facts*).  The standard for a Motion to Sever under Rule 8(a) is that if offenses charged in a single indictment are dissimilar, or not part of the same act or transaction, they should be severed for trial.  Congress did not provide for joinder of unrelated transactions and dissimilar crimes merely because some evidence might be common to all of the counts indeed looking to the important evidence, the counts in this case seem to revolve around quite different facts.  United States v. Edgar, 82 F.3d 499 (1st Cir. 1996).  The rule of joinder does not become a license to join any and all charges made against a single defendant, no matter what their interconnection. See, e.g., United States v. Edgar, 82 F.3d 499 (1st Cir.1996).  Accordingly, under the facts and circumstances in the present case, the Defendant respectfully requests that he be allowed to file a Motion to Sever various Counts of the Indictment pursuant to Rules 8 & 14, following disposition of Defendant's Motions to

Dismiss filed herewith.

## DISCUSSION

Rule 14 of the Federal Rules of Criminal Procedure provides, in relevant part:

> If it appears that a defendant or the government is prejudiced by a
> joinder of offenses or of defendants in an indictment or
> information or by such joinder for trial together, the court may
> order an election or separate trials of counts, grant a severance of
> defendants, or provide whatever other relief justice requires.

It is fundamental that offenses contained in an indictment, even if properly joined under Fed.R.Crim.P. 8(a), may still be severed under Fed.R.Crim.P. 14 where the defendant will be unfairly prejudiced by the joinder of offenses. United States v. Yefsky, 994 F.2d 885, 895 (1st Cir.1993); United States v. Gilbert, 92 F.Supp.2d 1 (2000). Fed.R.Crim.P. 14. In order to prevail on a motion for relief from prejudicial joinder, a defendant must make a "strong showing of prejudice." United States v. Jordan, 112 F.3d 14, 16 (1st Cir.1997), quoting, United States v. Gray, 958 F.2d 9, 14 (1st Cir.1992). In other words, the defendant must "present enough information ... to satisfy the court that the claim of prejudice is genuine." United States v. Yefsky, supra, quoting United States v. Tracy, 989 F.2d 1279, 1284 (1st Cir.1993).

There are three types of prejudice that may result from trying a defendant for several offenses during the same trial:

1)   the defendant may become embarrassed or confounded in presenting separate
defenses;

2)   proof that defendant is guilty of one offense may be used to convict him of a
second offense, even though such proof would be inadmissable in a second trial
for the second offense; and

3)   a defendant may wish to testify in his own behalf on one of the offenses but not
another, forcing him to choose the unwanted alternative of testifying as to both or
testifying as to neither.

United States v. Scivola, 766 F.2d 37, 41-42 (1st Cir.1985) (internal citations omitted); United States v. Jordan, 112 F.3d 14, 16 (1st Cir.1997).

Severance for undue prejudice is a matter committed to the sound discretion of the trial judge. United States v. Alosa, 14 F.3d 693, 694-95 (1st Cir.1994). Courts to look to "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." United States v. Edgar, 82 F.3d 499, 503 (1st Cir. 1996), quoting, United States v. Taylor, 54 F.3d 967, 973 (1st Cir.1995)), cert. denied, 117 S.Ct. 184, 136 L.Ed.2d 123 (1996).

In the present case, the Defendant would suffer severe prejudice if he were forced to defend the sexual misconduct allegations contained in Counts 27 & 28 with the remaining charges in the indictment which are completely unrelated to any suggestion of sexual misconduct. Evidence of sexual relations with two Tenants at the Defendant's place of employ that would not be admissible at trial of the remaining Counts, would be offered at trial of Counts 27 & 28. Such evidence violates Fed.R.Evid. 404(b), which states in relevant part:

> Evidence of other crimes, wrongs, or acts, is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

It is plain that evidence of Defendants' sexual relations with two tenants of the Friends of the Homeless, Inc. would not be admissible in evidence at trial of the remaining Counts 1-27 & 30-50 of the Indictment to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." On the contrary, such evidence could only be used as "evidence of other crimes, wrongs, or acts, [which] is not admissible to prove the character of a person in order to show action in conformity therewith." Such allegations of sexual misconduct are unequivocally prejudicial, casting the Defendant as a bad person with

propensity to commit crimes and bad acts, which would irreparably taint the jury's consideration of the Defendants guilt with the remaining Counts of the Indictment regardless of limiting instructions. Severance is appropriate when the evidence that would be presented at one trial would be inadmissible at the second trial. United States v. Scivola, 766 F.2d at 41; United States v. Diallo, 29 F.3d 23, 28 (1st Cir.1994).

Likewise, the admission of evidence of Keogh's alleged Obstruction of Justice, Perjury, False Statements and Witness Tampering at trial of the remaining counts of the Second Superceding Indictment would be prejudicial and improperly admitted. The case of United States v. Gilbert, 92 F.Supp.2d 1 (2000), demonstrates the necessity to sever these counts to avoid irreparable prejudice to the Defendant.

In Gilbert, 92F.Supp.2nd 1 (2000), the defendant, Kristen Gilbert was a nurse at the Veterans Affairs Medical Center ("VAMC") in Northampton, Massachusetts who was charged with murdering four men and attempting to murder three more. Id. at 1 (2000). All of the men had been Gilbert's patients at the VAMC. Id. Additional charges of retaliation against a witness and obstruction of justice, were the ones the Gilbert moved to sever. Upon learning that her ex-boyfriend, James Perrault, was going to be interviewed by agencies investigating the suspicious deaths at the VAMC, Gilbert attempted to dissuade Perrault from doing so. Among other things, Gilbert tried to physically block his motor vehicle, and she began to make harassing telephone calls to Perrault using a voice-transformer. Gilbert, 92F.Supp.2d at 2-3.

The Gilbert court held that the additional counts needed to be severed as it would be simply impossible for any jury not to draw damaging inferences regarding the defendant's character from the evidence presented in support of the Obstruction of Justice counts. Id. The Court specifically held that "...the evidence underlying the retaliation and obstruction of justice charges, if it were applied to the murder counts, is precisely the kind of character evidence prohibited by Fed.R.Evid. 404(a)." Gilbert, 92F.Supp.2d at 6.

The same holds true in the present case.  Like Gilbert, the evidence relating to the Defendant Keough's charges of Obstruction of Justice and related counts if applied to the remaining Counts of the Second Superseding Indictment, "is precisely the kind of character evidence prohibited by Fed.R.Evid. 404(a)." Id.

It should be noted that even if this evidence could be deemed to have some probative value as evidence of intent or consciousness of guilt, the court must balance this probative value against potential unfair prejudice.  Id.  As the Gilbert Court held, "It has long been recognized that '[t]here is always a danger when several crimes are tried together, that the jury may use the evidence cumulatively; that is, that, although so much as would be admissible upon any one of the charges might not have persuaded them of the accused's guilt, the sum of it will convince them as to all."  Id., citing, United States v. Halper, 590 F.2d 422, 430-431 (2d Cir.1978), quoting Hand, J., in United States v. Lotsch, 102 F.2d 35, 36 (2d Cir.1939); see also, United States v. Aguilar-Aranceta, 58 F.3d 796, 800 (1st Cir.1995); United States v. Rodriguez-Estrada, 877 F.2d 153, 155 (1st Cir.1989).

The term "unfair prejudice," when applied to a criminal defendant, "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  United States v. Rosario-Peralta, 199 F.3d 552, 561 (1st Cir.1999) quoting, Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).  In weighing probative value against unfair prejudice, the court should keep in mind the following factors: "the Government's need for the evidence; the strength of evidence establishing the similarity of the two acts; the inflammatory nature of the evidence, and the degree to which it would promote an inference based solely on the defendant's criminal propensity."  Trenkler, 61 F.3d at 56 (internal citations omitted).

In Gilbert, keeping these factors in mind, the court concluded that it would be simply impossible in this case for any jury not to draw damaging inferences regarding the defendant's

character from the evidence supporting the Obstruction of Justice charges, and is precisely the kind of character evidence that is prohibited by Fed.R.Evid. 404(a).  Id., citing, Old Chief, 519 U.S. at 179 (stating "[a]lthough propensity evidence is relevant, the risk that the jury ... uncertain of guilt, will convict anyway because a bad person deserves punishment--creates a prejudicial effect that outweighs ordinary relevance." (internal citations omitted)).

In the present case, evidence of Keough's sexual relations with two Tenants of his place of employment in exchange for free rent "would require a thorough airing of all the dirty linen related to [Keough's alleged] affair..."  Id.  Because this evidence is so inflammatory, the jury would find it impossible to limit it solely to the issue of Keough's consciousness of guilt.  Id., citing, Rosario-Peralta, 199 F.3d at 562 quoting Old Chief, 519 U.S., at 180, 117 S.Ct. 644 (stating "[u]nfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"); United States v. Frankhauser, 80 F.3d 641, 648-49 (1st Cir.1996) (warning that "[t]he trial judge ... must weigh the special relevance against the prejudicial risk, taking into account the likely hostile jury reaction ...").

Likewise, evidence of the obstruction of justice/witness tampering/perjury/false statement Counts would inevitably lead the jury to draw an inference of the defendant's criminal propensity.  Gilbert, supra, citing, Aguilar-Aranceta, 58 F.3d at 801 (stating, "[h]ere, we cannot escape the conclusion that the most powerful inference that the jury was likely to make from the prior conviction is also the forbidden one:  that because she was previously convicted under nearly identical circumstances, she must be guilty here.").  The danger that this evidence would lead the jury to infer criminal propensity is so great in this case that, whatever limited probative value the evidence retains, it is substantially outweighed by the unfair prejudicial effect on the defendant.  Id.

8

## CONCLUSION

Counts 27 & 28 and Counts 30-45 involve allegations and evidence that would otherwise be inadmissable against the Defendant at a separate trial of the remaining Counts of the Second Superseding Indictment.  A joint trial of these Counts would irreparably prejudice the Defendant in violation of his Fifth Amendment rights and Rule 14 of the Federal Rules of Criminal Procedure.

By all of the above, the Defendant's Motion to Sever Counts 27 & 28 and Counts 31-45 from the Second Superseding Indictment for purposes of trial must be allowed.

THE DEFENDANT,
FRANK KEOUGH


By:  /s/ Daniel D. Kelly
     Daniel D. Kelly, Esq.
     101 State Street
     Suite 715
     Springfield, MA 01103
     Tel.: (413) 733-0770
     Fax:  (413) 733-1245


## CERTIFICATE OF SERVICE

I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 27th day of September, 2006.


/s/ Daniel D. Kelly
Daniel D. Kelly, Esq.
101 State Street
Suite 715
Springfield, MA 01103
Tel.: (413) 733-0770
Fax:  (413) 733-1245