UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

vs.                                                                 Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
        Defendants

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION FOR ORDER COMPELLING
GOVERNMENT TO SPECIFY EVIDENCE
THE GOVERNMENT INTENDS TO USE AT TRIAL**

Fed.R.Crim.P. 12(d)(2) provides:

(d)    Notice by the Government of the Intention to Use Evidence.

    (2)    At the Request of the Defendant. At the arraignment or as soon thereafter as is practicable the defendant may, in order to afford an opportunity to move to suppress evidence under subdivision (b)(3) of this rule, request notice of the government's intention to use (in its evidence in chief at trial) any evidence which the defendant may be entitled to discover under Rule 16 subject to any relevant limitations prescribed in Rule 16.

The Defendant requested the Government to specify the evidence the Government intends to use at trial pursuant to Rule 12(d)(2). To date, the Government has refused to make said specification. Accordingly, the Defendant now moves for an Order compelling the Government to specify what evidence it intends to use at trial in conformity with Rule 12(d)(2).

The case of <u>United States v. de la Cruz-Paulino</u>, 61 F.3d 986 (1st Cir. 1995) is on point and controlling on this issue. In this case, the District Court refused to Order the Government to

make such disclosure, on the grounds that due to the Government's "open file" policy, no such further disclosure was required. Id. The First Circuit Court of Appeals flatly rejected this proposition.

More specifically, the de la Cruz-Paulino Court held that "To the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) creates a notice requirement. The open file policy does not, in and of itself, satisfy this notice requirement because it does not specify which evidence the government intends to use at trial." Id., citing, United States v. Brock, 863 F.Supp. 851, 868 (E.D.Wis.1994). Providing open-file discovery does not satisfy Rule 12(d)(2) because "the defendant is still 'left in the dark' as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial." Id., citing, United States v. Kelley, 120 F.R.D. 103, 107 (E.D.Wis.1988). Thus the district court erred in ruling that the government's open-file discovery satisfied the requirement of Rule 12(d)(2).

As its text makes clear, Rule 12(d)(2) allows defendants to request notice of the government's intent to use evidence "in order to afford an opportunity to move to suppress evidence under subdivision (b)(3) of this rule." Fed.R.Crim.P. 12(d)(2). Further, Rule 12(d) "provides a mechanism for insuring that a defendant knows of the government's intention to use evidence to which the defendant may want to object" so that the defendant may "avoid the necessity of moving to suppress evidence which the government does not intend to use." Id. This in turn preserves the integrity of a trial by not interrupting it with suppression motions. Id. Indeed, the de la Cruz-Paulino Court held that government violations of Rule 12(d)(2) should excuse a defendant's failure to move to suppress evidence prior to trial, as required by Rule 12(b)(3), since defendants have no incentive to move to suppress evidence that the government

will not be introducing.  Id., citing, United States v. Poole, 794 F.2d 462, 464 n. 1 (9th Cir.1986).

The de la Cruz-Paulino Court went on to point out that even though Rule 12(d) was not designed to give defendants notice of the government's trial strategy, the government's failure to designate certain pieces of evidence could work an unfairness if the defendant were not prepared immediately to rebut it.[1]  The Court specifically stated that in such circumstances of late disclosure, a continuance of trial should be granted rather than allowing the government effectively to sandbag the defendant by introducing previously undesignated evidence. Id.

In the present case, the Court should issue an Order requiring the Government to specify the evidence it intends to use at trial.  The refusal by the Government to so designate can only be viewed as an improper attempt to "sandbag" the Defendant.  Indeed, the de la Cruz-Paulino Court specifically stated that "Where governmental noncompliance is the result of bad faith, exclusion of the undesignated evidence may be appropriate." Id., citing, United States v. Flores-Rivera, 56 F.3d 319, 328 n. 7 (1st Cir.1995) (repeating admonishment against government misconduct and stating that court may use supervisory power to dismiss an indictment to deter future prosecutorial misconduct).

## CONCLUSION

The Government has refused to specify the evidence it will use at trial despite the Defendant's requests and the requirements of Rule 12(d)(2).  An "open file" policy does not satisfy the requirements of Rule 12(d)(2).   United States v. de la Cruz-Paulino, 61 F.3d 986 (1st Cir. 1995).  Indeed, the inexplicable refusal is this case boarders on bad faith, if it has not already

---

[1] The Court compared Fed.R.Crim.P. 16 (Discovery and Inspection) advisory committee's note ("broad discovery contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at the trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence").

crossed the boarder, justifying dismissal of the Indictment.  Id.

By all of the above, the Defendant's Motion for Discovery in Conformity with Discovery Request Letter must be allowed.

```
                                    THE DEFENDANT,
                                    FRANK KEOUGH


                              By: /s/ Daniel D. Kelly
                                    Daniel D. Kelly, Esq.
                                    101 State Street
                                    Suite 715
                                    Springfield, MA 01103
                                    Tel.: (413) 733-0770
                                    Fax:  (413) 733-1245
```

## CERTIFICATE OF SERVICE

I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 27th day of September, 2006.

```
                                    /s/ Daniel D. Kelly
                                    Daniel D. Kelly, Esq.
                                    101 State Street
                                    Suite 715
                                    Springfield, MA 01103
                                    Tel.: (413) 733-0770
                                    Fax:  (413) 733-1245
```