## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES

vs.                                                           Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
        Defendants

### DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY MINUTES
### ON GROUNDS OF PARTICULARIZED NEED (PERJURY CHARGE)

      Now comes the Defendant, Francis Keough, in the above-captioned matter, and moves this Honorable Court, pursuant to Rules 6(e) of the Federal Rules of Criminal Procedure and this Court's inherent supervisory power over grand jury proceedings, for an order requiring the Government to disclose the minutes of the Grand Jury returning the instant Indictment and any investigating grand juries concerning the instant Indictment.

      As grounds therefor, the Defendant states that:

1.    Count 44 of the Second Superceding Indictment charges the Defendant with perjury before the grand jury in violation of 18 U.S.C. § 1623(a), in that the grand jury was investigating whether the Defendant, Francis Keough, had knowledge about the submission of Friends of the Homeless, Inc.'s (FOH) time sheets that did not reflect the hours actually worked by FOH employees, and if FOH employees received wages for work not performed.  In response to inquiry as to whether such FOH time sheets were true and accurate, the Defendant responded, "Yes.  To the best of my knowledge."

2.    Rule 6(e) of the Federal Rules of Criminal Procedure provides the Court with authority to order disclosure of such grand jury minutes to defense counsel upon a showing of particularized need.  <u>Dennis v. United States</u>, 384 U.S. 855 (1966).

3.  As stated in <u>United States v. Tanner</u>, 279 F.Supp. 457, 472 (N.D.Ill.1967):

    > Although pursuant to Rule 6(e), the proceedings of the Grand Jury are supposed to be shrouded in secrecy, except insofar as the Government attorneys are concerned, the trial court has the inherent power and unmitigated duty to lift the lid of secrecy in order to insure that justice will be done.

4.  Because of the nature of the perjury charge in this case, the Defendant has a "particularized need" for the production of the grand jury testimony of those witnesses whom the government will present at trial. <u>United States v. Duffy</u>, 54 F.R.D. 549 (1972).

5.  More specifically, in order for Defendant to adequately prepare his defense, it is necessary for Defendant to have access, prior to trial, of the grand jury testimony of those persons which the government intends to call as witnesses. <u>United States v. Duffy</u>, <u>supra</u>.

6.  The <u>Duffy</u> case is almost exactly on point with the present case. As the Court in <u>Duffy</u> held:

    > Because of the nature of the charge in the case at bar, perjury before the grand jury, there is a particularized need for the production of the grand jury testimony of those witnesses whom the government will present at trial.
    >
    > Whether the defendant has perjured himself will depend on a comparison of his testimony with the testimony of the other witnesses, which will presumably be the same at the trial as it was before the grand jury. Nuances in the testimony of those witnesses may be important.
    >
    > The government has access in advance of trial to both the testimony of defendant and the testimony of the other witnesses, and fairness requires that the defendant have like access to the same testimony.

WHEREFORE, by all of the above, Defendant's Motion for Disclosure of Grand Jury Minutes on Grounds of Particularized Need (Perjury Charge), must be allowed.

                THE DEFENDANT,
                FRANK KEOUGH


By: /s/ Daniel D. Kelly
    Daniel D. Kelly, Esq.
    101 State Street
    Suite 715
    Springfield, MA 01103
    Tel.: (413) 733-0770
    Fax:  (413) 733-1245


**CERTIFICATE OF SERVICE**

    I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 27th day of September, 2006.


/s/ Daniel D. Kelly
Daniel D. Kelly, Esq.
101 State Street
Suite 715
Springfield, MA 01103
Tel.: (413) 733-0770
Fax:  (413) 733-1245