**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES

vs.                                              Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
        Defendants

**DEFENDANT'S MOTION FOR DISCOVERY**
**RELATED TO GRAND JURY ABUSE**

      Now comes the Defendant, Francis Keough, in the above-captioned matter, and moves this Honorable Court, pursuant to Rules 6, 7, 12 and 16 of the Federal Rules of Criminal Procedure and this Court's inherent supervisory power over grand jury proceedings, for an order requiring the Government to disclose the information requested herein relating to possible abuse of the grand jury.

      As grounds therefor, the Defendant states that the denial of the instant requests would deny him the facts necessary to effectively exercise his rights under Fed.R.Crim.P. 12(b)(1) to raise "[d]efenses and objections based on defects in the institution of the prosecution."

      Wherefore, the Defendant respectfully requests this Honorable Court order disclosure of:

1.     The names of all entities or persons to whom grand jury material has been disclosed pursuant to the provisions of Fed.R.Crim.P. 6(e), and copies of any documents authorizing such disclosure.

2.     The names of all persons other than grand jurors who were present during the presentation of any evidence relating to this case to any grand jury, whether all such persons

were authorized by law to be present, and all documentation relating to any such authorization.

3.     Whether the indicting grand jury was presented with any hearsay testimony and, if so, a copy of the transcript containing any warnings, if any, given regarding the qualities inherent in hearsay testimony.

4.     If "hearsay" evidence was presented to the grand jury regarding the instant Indictment, whether:

    (a)     the grand jury was informed that the evidence that they were receiving was hearsay; and

    (b)     the grand jury was informed that they could disregard the "hearsay" evidence and require the presence of the "declarant;"

5.     Whether any evidence concerning this case was presented to any grand jury other than the grand jury which actually returned the indictment.

6.     Whether any evidence adduced by any grand jury other than the one which returned the indictment was presented to the grand jury which returned the indictment, and if so, the nature of such transmissions and whether any judicial authorization was requested or ordered for such disclosures;

7.     Whether the indicting grand jury was advised of the possible bias or interest of all witnesses who testified, including but not limited to the substance of any agreement or favorable consideration given the witnesses in return for their cooperation or testimony and, if so, a copy of the portion of the transcript containing such information.

8.     Whether the indicting grand jury was advised of any other exculpatory evidence and, if so, a description of all such evidence presented.

9.     The names of witnesses who testified to the grand jury under statutory or de facto

immunity or other promises as to the consequences of their testimony.

10. The names of all other witnesses who testified to the Grand Jury.

11. An itemization of any and all documents and/or physical evidence shown to or introduced before the Grand Jury that returned the indictments, and the dates when such were received by the Grand Jury.

12. Whether the indicting grand jury was advised of all elements of all charges contained in the indictment, and of all relevant defenses to those charges and, if so, a copy of the transcript containing those instructions.

13. Whether any comments were made upon the evidence presented to the indicting grand jury and/or upon the veracity of witnesses appearing before said grand jury by the prosecuting attorney and, if so, a copy of the transcript containing those instructions.

14. What procedures, if any, were taken to refresh grand jurors' recollections as to testimony given at previous sessions of the grand jury?

15. What procedures, if any, were taken to inform grand jurors absent from a particular session about testimony previously given by witnesses called before the grand jury?

16. What pledge, if any, were the grand jurors returning the instant Indictment in this case required to make regarding what they would base their decision on in determining whether the Indictment should be returned?

17. What jury instructions, if any, were given to the grand jury prior to voting on the instant Indictment, and when were the instructions given?

18. On the date that the indictment was returned:

   a) The time of day that the grand jury convened;

   b) The time of day that the grand jury was first presented with a written indictment;

    c)    The time of day that the grand jury foreman signed the indictment;

    d)    The time of day that the prosecutor signed the indictment.

19. Copies of the ballot used for the voting by the grand jurors and the record filed with the clerk of the court indicating the number of jurors concurring in the finding of the indictment, pursuant to Fed.R.Crim.P. 6(c).

20. The voting record of each grand juror as to the instant Indictment and the voting record, if any exists, of any other grand jurors who were members of any grand juries investigating incidents which led to the instant Indictment, and particularly:

    (a)    The dates that votes were taken on the instant Indictment and any other voting that took place amongst other grand juries:

    (b)    On the date referred to in Paragraph 15(a) above, the votes of each individual grand juror on each count of the Indictment;

21. Copies of the attendance records of all the grand jurors during the course of the grand jury proceedings, including, but not limited to, the indicting grand jury in the instant case, specifying the exact dates upon which each grand jury member attended a session of the grand jury.

22. The date of impanelment of the grand jury, the dates evidence was presented to the grand jury and copies of all documents relevant to its origin and extensions, if any.

23. A transcript of the voir dire conducted with respect to the grand jury.

24. The manner in which the Indictment was presented to the indicting grand jury for approval, including:

    (a)    The date(s) the instant Indictment was presented to the indicting grand jury;

  (b)  Who was responsible for drafting the instant Indictment, i.e., the grand jurors, the United States Attorney's office attorneys or others;

  (c)  How the instant Indictment was presented to the grand jury for approval, e.g., was it read to the grand jurors prior to each vote or were copies of the proposed Indictment given to each individual grand juror to read prior to each vote? Was it signed by the United States Attorney/Assistant Attorney prior to the Indictment being returned; and

  (d)  Who was the representative of the United States Attorney's office that presented the Indictment to the grand jury and in what manner did that person present the Indictment?

25. What procedures, if any, were taken to inform grand jurors of the grand jury that voted for the instant Indictment about testimony previously given to the first grand jury that investigated this matter but did not vote for the instant Indictment;

26. Copies of all documents reflecting the appointments of any prosecutor who appeared before the grand jury.

27. A transcript of the opening and closing statements made by the United States Attorney's office and its representatives to the grand jury returning the instant Indictment and any investigating grand juries concerning the instant Indictment;

28. A transcript of any and all colloquy between United States Attorney's Office attorneys and members of the grand jury that took place before, during or after the testimony of any witnesses;

29. A transcript of any and all colloquy or conversations that took place between United States Attorney's Office attorneys and members of the grand jury with respect to instructions that

were given to the grand jury or explanations of either law or fact made to the grand jury or inquired about by any members of the grand jury;

30. Copies of the completed Juror Qualification Questionnaires utilized to cull the qualified grand jurors from the grand jury(ies) sitting on the instant indictment.

31. A copy of the list of grand jurors who served on the grand jury that returned the instant indictment.

32. Copies of all documents maintained by the Clerk of the District Court which have not been specifically requested herein.

          THE DEFENDANT,
          FRANK KEOUGH

By: /s/ Daniel D. Kelly
    Daniel D. Kelly, Esq.
    101 State Street
    Suite 715
    Springfield, MA 01103
    Tel.: (413) 733-0770
    Fax: (413) 733-1245

## CERTIFICATE OF SERVICE

I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 27th day of September, 2006.

/s/ Daniel D. Kelly
Daniel D. Kelly, Esq.
101 State Street
Suite 715
Springfield, MA 01103
Tel.: (413) 733-0770
Fax: (413) 733-1245