UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

vs.                                                                 Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
        Defendants

**DEFENDANT'S MOTION TO STRIKE SURPLUSAGE
FROM THE SECOND SUPERSEDING INDICTMENT**

Now comes the Defendant, Francis Keough, in the above-captioned matter, and moves this Honorable Court, pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, to Strike the Surplusage from the Second Superseding Indictment.

As grounds therefor, the Defendant states:

1. Fed.R.Crim.P. 7(d) provides that: "The court on motion of the defendant may strike surplusage from the indictment or information."

2. A motion to strike surplusage should be granted when it "serves to protect the defendant 'against immaterial or irrelevant allegations in an indictment, which may be prejudicial.'" United States v. Lewis, 40 F.3d 1325, 1346 (1st Cir.1994) (quoting Fed. R. Crim. P. 7(d), advisory committee note); United States v. Fahey, 769 F.2d 829, 841-42 (1st Cir.1985)

3. Whether to strike allegations in the indictment rests in the sound discretion of the Court. United States v. Lewis, 40 F.3d at 1346.

4. Allegations related to issues not related to the jury's determination should be strciken. United States v. Cormier, 226 F.R.D. 23 (D.Me., 2005) (striking allegations relating to

sentencing).

5. Surplusage includes any extra facts included that generally do not provide necessary specifics that are useful to the defendant in preparing a defense. Instead, surplusage allegations are intended to argue the government's case – the jury takes the indictment into deliberations, and has an opportunity to re-read the government's entire theory of the case. The government "insert[s] unnecessary allegations for 'color' or 'background' hoping that these will stimulate the interest of the jurors" Wright, Federal Practice and Procedure, § 127 (3d ed. 1999).

5. Review of the Second Superceding Indictment provides that there are numerous instances of irrelevant and immaterial allegations contained therein intended to prejudice the Defendant and obtain unfair advantage with the Jury. More specifically, the defendant moves that the following be stricken as surplusage:

¶9:    all references in this paragraph the Defendant, Keough's, vacation and benefits packages, as such are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment;

¶10:   all references in this paragraph the Defendant, Guzman's, release from prison for armed robbery, as such are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the criminal propensity of the Defendant (Fed.R.Evid. 404(a));

¶12:   all references in this paragraph the Defendant, Keough, transferred his property to his Wife, as such are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment;

¶13:   all references in this paragraph the Defendant, Keough, fraudulently sold the property to the Defendant Guzman, and later to an unindicted co-conspirator, as

such are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment;

¶14:  all references in this paragraph the Defendant, Keough, transferred his property to his Wife, as such are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment;

¶15:  all references in this paragraph the Defendant, Keough, transferred his property to his Wife, as such are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment;

¶20:  the entire allegations set forth in this paragraph should be stricken, as they are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the alleged criminal propensity of the Defendant (Fed.R.Evid. 404(a));

¶21:  the entire allegations set forth in this paragraph should be stricken, as they are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the alleged criminal propensity of the Defendant (Fed.R.Evid. 404(a));

¶25:  the entire allegations set forth in this paragraph should be stricken, as they are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the alleged criminal propensity of the Defendant (Fed.R.Evid. 404(a));

¶26:  the entire allegations set forth in this paragraph should be stricken, as they are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the alleged criminal

    propensity of the Defendant (Fed.R.Evid. 404(a));

¶27:  the entire allegations set forth in this paragraph should be stricken, as they are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the alleged criminal propensity of the Defendant (Fed.R.Evid. 404(a));

¶39:  all references in this paragraph that the letter drafted while on FOH time was "a false and fraudulent exculpatory letter to the Springfield Police Department to explain why the employee forgave a $90,000.00 loan issued under the City of Springfield's Home Loan Program on May 8, 1997," as such are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the criminal propensity of the Defendant (Fed.R.Evid. 404(a));

¶40:  the entire allegations set forth in this paragraph should be stricken, as they are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the alleged criminal propensity of the Defendant (Fed.R.Evid. 404(a));

¶42:  the entire allegations set forth in this paragraph should be stricken, as they are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the alleged criminal propensity of the Defendant (Fed.R.Evid. 404(a));

¶61:  the entire allegations set forth in this paragraph should be stricken, as such are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the alleged criminal

propensity of the Defendant (Fed.R.Evid. 404(a));

¶62:   all references in this paragraph that the refrigerator transported to the Rhode Island residence while on FOH time was "stolen from the SHA," as such are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the criminal propensity of the Defendant (Fed.R.Evid. 404(a));

¶63:   all references in this paragraph that the refrigerator transported to the Rhode Island residence while on FOH time was "stolen from the SHA," as such are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the criminal propensity of the Defendant (Fed.R.Evid. 404(a));

¶86:   all references in this paragraph that the refrigerator transported to the Rhode Island residence while on FOH time was "stolen from the SHA," as such are irrelevant and immaterial and otherwise inadmissible as evidence at trial as to the charges in the indictment, and are prejudicial regarding the criminal propensity of the Defendant (Fed.R.Evid. 404(a)).

Wherefore, by all of the above, the Defendant's Motion to Strike the Surplusage from the Second Superseding Indictment must be allowed.

                                            THE DEFENDANT,
                                            FRANK KEOUGH


                                       By: /s/ Daniel D. Kelly
                                            Daniel D. Kelly, Esq.
                                            101 State Street
                                            Suite 715

        Springfield, MA 01103
Tel.: (413) 733-0770
Fax:  (413) 733-1245

## CERTIFICATE OF SERVICE

I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 27th day of September, 2006.

/s/ Daniel D. Kelly
Daniel D. Kelly, Esq.
101 State Street
Suite 715
Springfield, MA 01103
Tel.: (413) 733-0770
Fax:  (413) 733-1245