UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

vs.                                                                  Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
        Defendants

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION FOR SEVERANCE OF
DEFENDANTS KEOUGH & GUZMAN FOR TRIAL**

Pursuant to Automatic Discovery, the Defendant Keough has been provided with a statement made by the Defendant Guzman to a Special Agent for the Federal Bureau of Investigations. Said statement is inculpatory of the Defendant Keough, and in fact names the Defendant, Francis Keough.

Rule 14 of the Federal Rules of Criminal Procedure provides in pertinent part:

> If it appears that a defendant... is prejudiced by a joinder of
> offenses or of defendants in an indictment... the court may... grant
> a severance of defendants or provide whatever other relief justice
> requires.

In Bruton v. United States, 391 U.S. 123 (1968), the Court set forth a prejudicial situation which compels severance of co-defendants. In Bruton, co-defendants were jointly tried for armed robbery. During the course of the trial, the court admitted the confession of one co-defendant which implicated the other. The confessing co-defendant exercised his Fifth Amendment right and declined to take the stand. The Supreme Court held that the trial court's admission of the confession was reversible error even though a clear, concise and understandable instruction was given to the jury requiring them to consider the confession only against the co-defendant who gave it. The Bruton Court explained that the constitutionally guaranteed right of confrontation as

protected by the Sixth Amendment to the United States Constitution was violated as to the non-confessing defendant.

The First Circuit Court of Appeals considered the application of <u>Bruton</u> in <u>United States v. DiGregio</u>, 605 F.2d 1148 (1st Cir. 1979), cert. den. 444 U.S. 944 (1979).  In <u>DiGregio</u>, the Court held that limiting instructions will cure prejudice caused by the admitting co-defendant statements only when the statements do not name the defendant.  <u>Id.</u>

In the present case, Guzman's inculpatory statement to a Special Agent of the Federal Bureau of Investigations directly names and implicates the Defendant Keough.  Under these circumstances, there is a classic <u>Bruton</u> requirement for severing the trial of these two defendants.

## **CONCLUSION**

The Government has provided the Defendant with a statement by his co-defendant Guzman which names and inculpates the Defendant Keough.  Bruton and its progeny mandate severance of the trial of these two defendants.  <u>United States v. DiGregio</u>, 605 F.2d 1148 (1st Cir. 1979), cert. den. 444 U.S. 944 (1979).

By all of the above, the Defendant's Motion to Sever Counts 27 & 28 and Counts 31-45 from the Second Superseding Indictment for purposes of trial must be allowed.

THE DEFENDANT,
FRANK KEOUGH

By: /s/ Daniel D. Kelly
    Daniel D. Kelly, Esq.
    101 State Street
    Suite 715
    Springfield, MA 01103
    Tel.: (413) 733-0770
    Fax:  (413) 733-1245

## CERTIFICATE OF SERVICE

    I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 27th day of September, 2006.

                                              /s/ Daniel D. Kelly
                                              Daniel D. Kelly, Esq.
                                              101 State Street
                                              Suite 715
                                              Springfield, MA 01103
                                              Tel.: (413) 733-0770
                                              Fax:  (413) 733-1245