**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES

vs.                                                    Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
                    Defendants

**DEFENDANT'S MOTION TO DISMISS**
**SECOND SUPERSEDING INDICTMENT**
**(PRE-INDICTMENT DELAY)**

Now comes the Defendant, Francis Keough, in the above-captioned matter, and moves this Honorable Court, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, for an Order dismissing the Second Superseding Indictment.

In the alternative, the Defendant requests that this Honorable Court issue an Order directing the Government furnish the Defendant with the Grand Jury minutes in this case, and that the Court hold a hearing to examine the grand jury proceedings with respect to Defendant, Francis Keough. On the basis of what is learned as a result of that hearing, the Court should dispose of this motion and enter an order dismissing the Second Superseding Indictment against the Defendant.

As grounds therefor, the Defendant states that the his defense has been irreparably prejudiced by the undue delay in the return of the Indictments in this case, in violation of Defendant's Fifth Amendment right to due process of law.

In further support thereof, the Defendant states:

1.       At all times material hereto, the Defendant has resided in Springfield, Massachusetts, and

has been physically present in Massachusetts, except for short periods of time. At no time during

that period has the Defendant been outside Massachusetts for more than a few days.

2.    At all times material hereto, the Defendant has maintained a principal place of business at

769 Worthington Street, Springfield, Massachusetts, and has been regularly and usually at that

place of business five (5) days each week.

3.    In approximately April 2003, the Defendant requested to be interviewed by an agent of

the Federal Bureau of Investigation in connection with offenses alleged in the indictment herein.

At that time the Defendant fully and freely answered all questions asked by the agents, who

followed up with the defendant on more than one occasion. At the conclusion of said

interview(s), the agent(s) thanked the Defendant for his cooperation and stated that he would be

contacted by him or another agent if further information were needed.

4.    From the time of those interview(s), until he was informed by A.U.S.A. Welch on March

4, 2004 that he was a target of the grand jury, when the defendant appeared in front of the grand

jury subpoena to answer what he thought was a keeper of the records subpoena, the Defendant

had no further contact with that agent, with any other agents of the Federal Bureau of

Investigation, or with any other law-enforcement personnel concerning the alleged offense(s).

5.    In light of the agent's statements to the Defendant at the conclusion of the interview, and

in light of the lack of future contact, the Defendant concluded that the investigation of the

Defendant had been completed and that the Defendant had been exonerated, and the Defendant

therefore took no steps either to preserve evidence or to secure potential defense witnesses.

6.    As a result, the Defendant is unable to remember the names and addresses of many

persons who might have testified or produced evidence in the Defendant's behalf. Furthermore,

the defendant, and many businesses the defendant interacted with concerning the 1999 building of the defendant's home in Rhode Island (which is the subject of several counts of the indictment), have either lost, misplaced, or otherwise discarded records of transactions from 1999 that the defendant could have produced in his defense.

8.      By reason of all the above, the Defendant has been unable accurately to reconstruct his activities during the time of the alleged offense(s), and his ability to prepare his defense has been severely circumscribed as a result thereof.

9.      Under the principles stated in United States v. Marion, 404 U.S. 307 (1971), a substantial question of pre-indictment delay is already presented with regard to any prosecution of the defendant in this case.  See also, United States v. Williams, 378 F.Supp. 61 (D.C. Mo. 1972).  "It should therefore be apparent that should the Court conclude that defendant's motion to dismiss should be granted on the ground of undue pre-indictment delay, such a dismissal would be with prejudice, thus foreclosing the saving provisions of § 3288."  Id.

10.     Based on the prejudicial loss of witnesses and impairment to Defendant's ability to prepare his defense due to the unwarranted delay, the Indictment against him must be dismissed.

11.     Alternatively, as held by the Court in United States v. Williams, supra, proper consideration of undue pre-indictment delay question requires that a transcript of all proceedings which took place before the grand jury in regard to the Defendant be produced for the Defendant's examination.  Id.

        Wherefore, by all of the above, the Defendant's Motion to Dismiss the Second Superseding Indictment for prejudicial pre-indictment delay must be allowed.

                        THE DEFENDANT,
                        FRANK KEOUGH

By: /s/ Daniel D. Kelly
Daniel D. Kelly, Esq.
101 State Street
Suite 715
Springfield, MA 01103
Tel.: (413) 733-0770
Fax:  (413) 733-1245

## CERTIFICATE OF SERVICE

I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 27th day of September, 2006.

/s/ Daniel D. Kelly
Daniel D. Kelly, Esq.
101 State Street
Suite 715
Springfield, MA 01103
Tel.: (413) 733-0770
Fax:  (413) 733-1245