**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES

vs.                                                                 Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
        Defendants

**DEFENDANT'S MOTION TO SEVER COUNTS 46-50**
**FROM THE SECOND SUPERCEDING INDICTMENT**

      Now comes the Defendant, Francis Keough, in the above-captioned matter, and moves this Honorable Court, pursuant to Rules 8(a) & 14 of the Federal Rules of Criminal Procedure, to sever Counts 46-50 from the Second Superseding Indictment for purposes of trial of this matter.

      As grounds therefor, the Defendant states:

1.     Counts 46-50 charge the filing of false tax returns in violation of 26 U.S.C. § 7206(1). The remaining Counts (1-45) charge various disparate Counts of Conspiracy (which does not include the substantive tax offenses); Mail Fraud, Extortion, Obstruction of Justice, Making false Statements, Witness Tampering, Perjury and Criminal Contempt.

2.     The Defendant Keough wishes to testify that he believed his tax returns to be true and accurate at the time he filed them, that he reported all of his total income on said tax returns, and his subjective belief as to the accuracy of said tax returns and that he did not violate the law with regard thereto.  See, e.g., Cheek v. United States, 498 U.S. 192, 203-04 (1991) (holding that a defendant is entitled to present his subjective belief that he did not violate the law in defense to tax indictment charging violation of 26 U.S.C.A. §§ 7201, i.e., the "good faith defense" – even if

such belief is objectively unreasonable).

3.  The joinder of the Tax Counts with the remaining Counts of the Second Superseding Indictment for trial would prejudice the Defendant in violation of his Fifth Amendment rights and Rule 14 of the Federal Rules of Criminal Procedure, because the Defendant wishes to testify on his own behalf with regard to the Tax Counts but not the others, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither." United States v. Scivola, 766 F.2d 37, 41-42 (1st Cir.1985); see also, United States v. Jordan, 112 F.3d 14 (1st Cir. 1997) (severance should have entered between mail fraud charges joined with an attendant tax evasion claim stemming from the same scheme, where the joinder prevented him from testifying as to the good faith defense to the tax evasion charge).

4.  In addition, it appears from the Indictment that the Tax Counts are misjoined with the remaining Counts, requiring severance. United States v. Randazzo, 80 F.3d 623 (1st Cir. 1996).

In further support thereof, the Defendant relies on his Memorandum of Law in Support of Defendant's Motion to Sever Counts 46-50, filed herewith.

Wherefore, by all of the above, the Defendant's Motion to Sever Counts 46-50 must be allowed.

                              THE DEFENDANT,
                              FRANK KEOUGH

                              By: /s/ Daniel D. Kelly
                                  Daniel D. Kelly, Esq.
                                  101 State Street
                                  Suite 715
                                  Springfield, MA 01103
                                  Tel.: (413) 733-0770
                                  Fax: (413) 733-1245

**CERTIFICATE OF SERVICE**

    I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 27th day of September, 2006.

    /s/ Daniel D. Kelly
Daniel D. Kelly, Esq.
101 State Street
Suite 715
Springfield, MA 01103
Tel.: (413) 733-0770
Fax:  (413) 733-1245