UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

vs.                                                    Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
        Defendants

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO SEVER COUNTS 45-50
FROM THE SECOND SUPERCEDING INDICTMENT**

      Pursuant to Rules 8(a) & 14 of the Rules of Criminal Procedure, the Defendant has moved to sever Counts 46-50 from the Second Superseding Indictment for purposes of trial of this matter.

      The grounds for Defendant's Motion to Sever is that trial of these Counts with the other Counts of the Indictment would prejudice the Defendant in violation of his Fifth Amendment rights and Rule 14 of the Federal Rules of Criminal Procedure by depriving him of his ability to testify regarding the Tax Counts. Further, it appears that said Tax Counts were improperly joined with the remaining Counts of the Indictment under Rule 8(a).

## **STATEMENT OF FACTS**

Counts 46-50 of the Second Superseding Indictment charge the defendant Keough with the filing of false tax returns in violation of 26 U.S.C. § 7206(1). The remaining Counts (1-45) charge various disparate Counts of Conspiracy (which does not include the substantive tax offenses); Mail Fraud, Extortion, Obstruction of Justice, Making False Statements, Witness Tampering, Perjury and Criminal Contempt.

The Defendant wishes to offer his testimony regarding the Tax Counts, that he believed his tax returns to be true and accurate at the time he filed them, that he reported all of his total income on said tax returns, and his subjective belief as to the accuracy of said tax returns and that he did not violate the law with regard thereto. However, given the nature of the remaining Counts charged against him (conspiracy, mail fraud, extortion, obstruction of justice, making false statements, witness tampering, perjury and criminal contempt), he would be prevented from offering this important testimony regarding the Tax Counts if all these Counts were tried together.

In addition, it appears from the Second superseding Indictment that the Counts are unrelated to the remaining charged offenses in the Indictment. Certainly, there is no relation whatsoever between the tax offenses and the charges of obstruction of justice, making false statements, witness tampering, perjury and criminal contempt. To the extent one could argue that the tax offenses stems from the mail fraud, the Indictment indicates otherwise. Only the Defendant Keough was charged with the Tax Offenses whereas the other defendants charged with mail fraud were not also similarly charged with filing false tax returns.

Therefore, as the Discussion below shall provide, trial of these Tax Counts with the other

Counts of the Indictment would prejudice the Defendant in violation of his Fifth Amendment rights and Rule 14 of the Federal Rules of Criminal Procedure

## DISCUSSION

**I. RULE 14 PROVIDES THAT SEVERANCE SHOULD BE ENTERED FOR TRIAL WHEN A DEFENDANT IS UNFAIRLY PREJUDICED BY THE JOINDER OF OFFENSES**

Rule 14 of the Federal Rules of Criminal Procedure provides, in relevant part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires.

It is fundamental that offenses contained in an indictment, even if properly joined under Fed.R.Crim.P. 8(a), may still be severed under Fed.R.Crim.P. 14 where the defendant will be unfairly prejudiced by the joinder of offenses. United States v. Yefsky, 994 F.2d 885, 895 (1st Cir.1993); United States v. Gilbert, 92 F.Supp.2d 1 (2000). Fed.R.Crim.P. 14. In order to prevail on a motion for relief from prejudicial joinder, a defendant must make a "strong showing of prejudice." United States v. Jordan, 112 F.3d 14, 16 (1st Cir.1997), quoting, United States v. Gray, 958 F.2d 9, 14 (1st Cir.1992).

There are three types of prejudice that may result from trying a defendant for several offenses during the same trial:

1) the defendant may become embarrassed or confounded in presenting separate defenses;

2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissable in a second trial for the second offense; and

3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

3

United States v. Scivola, 766 F.2d 37, 41-42 (1st Cir.1985) (internal citations omitted); United States v. Jordan, 112 F.3d 14, 16 (1st Cir.1997).

In the present case, the Defendant's prejudice results from his desire to testify in his own behalf on the Tax offenses but not the others, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither. Id.

The Defendant Keough wishes to testify that he believed his tax returns to be true and accurate at the time he filed them, that he reported all of his total income on said tax returns, and his subjective belief as to the accuracy of said tax returns and that he did not violate the law with regard thereto. See, e.g., Cheek v. United States, 498 U.S. 192, 203-04 (1991) (holding that a defendant is entitled to present his subjective belief that he did not violate the law in defense to tax indictment charging violation of 26 U.S.C.A. §§ 7201, i.e., the "good faith defense" – even if such belief is objectively unreasonable). The joinder of the Tax Counts with the remaining Counts of the Second Superseding Indictment for trial would prejudice the Defendant in violation of his Fifth Amendment rights and Rule 14 of the Federal Rules of Criminal Procedure, because the Defendant wishes to testify on his own behalf with regard to the Tax Counts but not the others, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither." United States v. Scivola, 766 F.2d 37, 41-42 (1st Cir.1985); United States v. Jordan, 112 F.3d 14 (1st Cir. 1997).

The decision in Jordan is on point with the present case, where the Court held that severance should have entered between mail fraud charges joined with an attendant tax evasion claim stemming from the same scheme, where the joinder prevented him from testifying as to the good faith defense to the tax evasion charge. Id.

4

## II. SEVERANCE IS REQUIRED WHERE TAX OFFENSES ARE NOT DIRECTLY RELATED TO THE REMAINING COUNTS OF THE INDICTMENT

In addition to the Rule 14 basis for severance, severance of offenses is required under Rule 8(a) when joinder of the Tax Counts to the remaining charges in the Indictment under is questionable at best.

In the present case, there is certainly no relation between the tax Counts and the charges of obstruction of justice, making false statements, witness tampering, perjury and criminal contempt. To the extent one could argue that the tax offenses stems from the mail fraud, the Indictment indicates otherwise. Only the Defendant Keough was charged with the Tax Offenses whereas the other defendants charged with mail fraud were not also similarly charged with filing false tax returns. If the tax Counts are not related to the mail fraud counts, then severance is required under Rule 8(a). United States v. Randazzo, 80 F.3d 623 (1st Cir. 1996).

In Randazzo, the First Circuit considered whether the trial court erred in permitting joinder of four counts of conspiracy and 93 substantive counts in connection with the making of false statements to the government and introducing improperly branded or adulterated food into interstate commerce in connection with the processing and sale of shrimp, as well as four counts of causing a company to file false corporate tax returns. The trial court had permitted joinder of the tax return charges with the "shrimp charges." The First Circuit ruled that the joinder was in error, as the claimed failure to accurately report income was **not** directly related to the shrimp charges. Id. The Court rejected the government's argument that joinder was appropriate under the theory that the offenses were of the "same or similar character" because both sets of offenses involved the use of falsehoods or omissions to profit at the expense of the federal government. Id. Likewise, the Randazzo Court rejected the argument that many facts are common to both sets of charges: for example, they occurred during overlapping time frames; Randazzo's control over the Company was a common element; and the Company's sagging financial condition provided a

5

common motive was sufficient for joinder.  Id.  The Court concluded that "we think that it is very hard to describe adulterating or mislabeling shrimp as offenses "similar" to tax fraud-except at a level of generality so high as to drain the term of any real content. Even the government's best case does not stretch as far as the present facts."  Id.

The same holds true in the present case.  Separate and apart from the prejudice argued above under Rule 14, unless the tax offenses arise directly from the mail fraud counts, there is no basis for joinder of these offenses.  Randazzo, supra.   Given the fact that Keough was the only defendant indicted for tax offenses, although all three defendants were involved in the alleged mail fraud, it is untenable to conclude that the tax offenses are directly related to the other offenses that are charged in the Indictment.  Accordingly, severance of these Tax Counts for trial must be entered.

## CONCLUSION

Counts 46-50 charge Keough with filing false tax returns, for which Keough would be prejudicially prevented from testifying if the tax offenses are tried together with the remaining offenses charged in the Second Superseding Indictment.  Further, joinder of the Tax Counts with the remaining Counts in the indictment appears improper under Rule 8(a), requiring severance.

By all of the above, the Defendant's Motion to Sever Counts 46-50 from the Second Superseding Indictment must be allowed.

    THE DEFENDANT,
    FRANK KEOUGH


    By: /s/ Daniel D. Kelly_____
        Daniel D. Kelly, Esq.
        101 State Street
        Suite 715
        Springfield, MA 01103
        Tel.: (413) 733-0770
        Fax:  (413) 733-1245

6

## CERTIFICATE OF SERVICE

    I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service this 27th day of September, 2006.

                                     /s/ Daniel D. Kelly_____
                                     Daniel D. Kelly, Esq.
                                     101 State Street
                                     Suite 715
                                     Springfield, MA 01103
                                     Tel.: (413) 733-0770
                                     Fax:  (413) 733-1245