**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

UNITED STATES

vs.                                                      Criminal No. 04-30032-MAP

FRANK KEOUGH, et al.,
                    Defendants

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION FOR DISCOVERY
IN CONFORMITY WITH DISCOVERY REQUEST LETTER**

The Defendant has moved for an Order compelling the Government to comply with

Defendant's Discovery request letter and provide said discovery as requested therein.  The basis

for said motion is that pursuant to the Government's proffer of its automatic discovery

obligations under Local Rule 116 and its response to Defendant's Discovery Letter, the

Government has merely provided Defendant's counsel with access to a room full of boxes

containing thousands of documents with specification or identification.  In other words, the

Government has simply buried the Defendant in a mountain of paper, with no identification or

distinguishment as to the relevance or import of the documents.

Due to the nature of this case (A 64 page Indictment containing no less than Fifty (50)

Counts, and thousands of pages of documents in the possession, custody and control of the

Government), and in order for the Defendant to have an adequate opportunity to prepare his

defense, the Defendant has made specific requests for discovery as to each Count and allegation

set forth in the Second Superseding Indictment.

More specifically, the Defendant requested in his Discovery Letter that the Government specifically identify for each Request in the Letter:

> a)    which documents the Government intends to offer at trial;
>
> b)    which documents on which a Government witness will rely or to which said witness will refer; and
>
> c)    which documents are material to Defendant's preparation of his defense.[1]

The Defendant specifically stated in his Letter Request, that the Requests were being made not only pursuant to Local Rule 116, but also pursuant to both Rules 12(b)(4) and the authorities set forth in the cases of United States v. de la Cruz-Paulino, 61 F.3d 986 (1st Cir. 1995); United States v. Bortnovsky, 820 F.2d 572 (2nd Cir. 1987); United States v. Anderson, 416 F.Supp.2d 110 (D.D.C. 2006); United States v. Falkowitz, 214 F. Supp. 2d 365 (S.D. N.Y. 2002); United States v. Upton, 856 F. Supp. 727 (E.D.N.Y. 1994); United States v Laughlin, 768 F. Supp 957 (N.D.N.Y. 1991); United States v. Poindexter, 727 F. Supp. 1470 (D.D.C. 1989); United States v. Turkish, 458 F. Supp. 874 (S.D.N.Y 1978); United States v. Countryside Farms, Inc., 428 F.Supp. 1150, 1154 (D.Utah 1977).

These cases hold that the Government is required to identify which documents it intends to offer at trial, which documents will be relied upon by Government witnesses, and which documents are material to the Defendant's preparation of his defense. Id. An "open file" policy

---

[1]In addition, as to each item of documentary or tangible evidence obtained by the Government as requested, the Defendant requested that the Government provide a statement as to how such evidence was obtained and, if the evidence was obtained by seizure or by subpoena, a description of the date on and exact location at which the property was seized and party from whom it was subpoenaed, and all documents relating thereto.

is not enough.  Id.  This is particularly so when, as in this case, the Government has buried the

Defendant in a mountain of paper.  Id.

For example, in United States v. Bortnovsky, 820 F.2d 572 (2d Cir.1987), the

government contended that it had fulfilled its obligations to the defendants by allegedly being

specific in the indictment and providing over 4,000 documents.  Id.  The twelve count indictment

included a violation of the mail fraud statute and conspiracy to defraud the United States by

virtue of a scheme whereby the defendants submitted false claims for burglary to the Federal

Insurance Administration and the New York Property Insurance Underwriting Association.  Id.

The indictment provided a list of the suspect pieces of mail along with their approximate dates of

mailing and addressees but did not enumerate which of numerous documents were falsified or

the dates of the allegedly staged burglaries.  Id.  The Court of Appeals reversed the convictions

because it concluded that the defendants "were hindered in preparing their defense by the district

court's failure to compel the Government to reveal crucial information: ...the identity of the three

fraudulent documents."  Id. at 574.

The reasoning in Bortnovsky compels the same conclusion in the present case.  As the

Court specifically held:

> The Government did not fulfill its obligation merely by providing
> mountains of documents to defense counsel who were left
> unguided as to which documents would be proven falsified or
> which of some fifteen burglaries would be demonstrated to be
> staged.

Id. at 574.

In the present case the Government has in its possession thousands of pieces of paper,

and of those thousands of documents the Superseding Indictment puts the Defendants on notice

of only a handful of items which the Government contends is fraudulent (but which are not even

specifically identified and produced).  If these are the only documents the Government intends to

rely upon at trial, the Defendants should be so advised.  If there are additional documents which

the Government intends to rely upon, or which the Government's witnesses intend to rely upon,

or which are material to the Defendant's preparation of his defense, then the Defendant's need

for identification is even greater in order for Defendant to have an adequate opportunity to

prepare his defense.

        As the Court held in United States v. Upton, supra.:

> The purpose of requiring the government to identify which
> documents it will rely upon at trial in a situation such as this –
> where there are thousands of documents – is to allow the defendant
> to adequately prepare his or her defense.  General familiarity with
> the nature of the documents, as in this case, will not allow
> defendants to do that if they are not informed which documents
> include the allegedly falsified information and which documents
> the government witnesses will refer to or rely upon.

Id.

        In the present case, the Defendant's Letter Request was served not only pursuant to Local

Rule 116 but, more importantly, was served pursuant to these fundamental needs and principals

of specific identification in order to allow the Defendant an adequate opportunity to prepare his

defense.  The Government has not met these needs or principles through its automatic discovery

proffer, nor in its Response to Defendant's Discovery Letter.  On the contrary, the Government's

proffer of discovery is inadequate and fails to meet the criteria set forth in Rules 12 & 16, as well

as relevant caselaw.  As a result thereof, the Defendant's ability to prepare his defense has been

severely prejudiced, and an Order compelling the Government to produce discovery as requested

in said Letter must be entered.

**<u>CONCLUSION</u>**

        For reason that the Government has provided the Defendant with "a needle in a haystack"

discovery response to Defendant's Discovery Letter, the Defendant's ability to prepare his

defense has been severely frustrated.  Federal jurisprudence provides that in cases such as the

present one, where the Government has merely provided Defendant's counsel with access to a

room full of boxes containing thousands of documents with specification or identification, with

an complex indictment charging multiple and disparate offenses, an "open file" policy is not

enough.

By all of the above, the Defendant's Motion for Discovery in Conformity with Discovery

Request Letter must be allowed.

THE DEFENDANT,
FRANK KEOUGH


By: /s/ Daniel D. Kelly_____
    Daniel D. Kelly, Esq.
    101 State Street
    Suite 715
    Springfield, MA 01103
    Tel.: (413) 733-0770
    Fax:  (413) 733-1245


## CERTIFICATE OF SERVICE

I, Dan Kelly, Esq., hereby certify that I caused the foregoing document to be served upon
the United States Attorney's Office at 1500 Main Street, Springfield, MA, by electronic service
this 27th day of September, 2006.


/s/ Daniel D. Kelly_____
Daniel D. Kelly, Esq.
101 State Street
Suite 715
Springfield, MA 01103
Tel.: (413) 733-0770
Fax:  (413) 733-1245