```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )  CR-N-04-30032-MAP
                                 )
              Plaintiff,         )
                                 )
     vs.                         )
                                 )
FRANCIS G. KEOUGH, et al.,       )
                                 )
              Defendants.        )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT KEOUGH'S
MOTION FOR DISCLOSURE OF GRAND JURY MINUTES**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Steven H. Breslow, Assistant United States Attorney, hereby files this response to defendant Francis G. Keough's Motion for Disclosure Of Grand Jury Minutes On Grounds of Particularized Need (Perjury Charge) (Docket No. 131). This motion should be denied as meritless.

I.  Background

Keough is currently charged in a fifty-count second superseding indictment charging him with conspiracy to commit mail fraud, substantive mail fraud, extortion, obstruction of justice, making false statements, witness tampering, perjury, criminal contempt, and tax fraud, all in connection with his role as Executive Director of the Friends of the Homeless ("FOH"), a non-profit organization based in Springfield, MA.

In particular, Count 44 charges that on or about April 22, 2003, Keough perjured himself by testifying to a federal grand jury

1

that the FOH timesheets that he had produced to the grand jury were accurate. As the indictment alleges, however, the FOH timesheets did not reflect the hours actually worked by FOH employees, including Keough himself. At trial, the government expects to demonstrate the falsity of Keough's statement by offering the testimony of several FOH employees, including employees whom Keough directed to provide him with private work on FOH time. Several of these FOH employees have already testified in the grand jury.

II. Principles of Law

The Jencks Act, 18 U.S.C. § 3500, provides in pertinent part:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

18 U.S.C. § 3500(b). Section 3500(e) defines statement to include a statement made by the witness to the grand jury. 18 U.S.C. § 3500(e).

Local Rule 117.1(A)(4)(a) requires the government disclose to the defendant twenty-one days before trial "[t]he exculpatory information identified in L.R. 116.2." L.R. 117.1(A)(4)(a). Local Rule 117.1(A)(8)(a) requires the government to provide the defendant seven days before trial with the names and addresses of the witnesses that it expects to call in its case-in-chief. L.R. 117(A)(8)(a).

Although not required to do so by either the Jencks Act or the Local Rules, the government intends to disclose the grand jury testimony of every witness in its direct case twenty-one days before trial.

III. Argument

Citing to two ancient cases in the Northern District of Illinois and one Supreme Court case whose facts pre-date the passage of the Jencks Act, the defense seeks to obtain premature Jencks Act material. The request not only lacks a legal basis, but will be obviated by the government's disclosure of the grand jury testimony three weeks before trial.

Dennis v. United States, 384 U.S. 855 (1966), is inapposite, since that case involved an outright denial of disclosure of the grand jury testimony in a 1963 trial that pre-dated the passage of the Jencks Act in 1964. Id. at 868-72. United States v. Duffy, 54 F.R.D. 549 (N.D. Ill. 1972), is equally inapt, since the government apparently resisted disclosure of the grand jury testimony until after the witness had testified at trial. Finally, the court in United States v. Tanner, 279 F. Supp. 457, 472 (N.D. Ill. 1967), held that the defendants had failed to make a showing of particularized need for the statements.

Here, Keough has failed to show any particularized need for the grand jury testimony now. The government will be disclosing the testimony well in advance of trial and, as a result, the motion should be denied.

IV. Conclusion

For the foregoing reasons, the Government respectfully asks that the Court deny defendant Keough's Motion for Disclosure Of Grand Jury Minutes On Grounds of Particularized Need (Perjury Charge).

Filed this 27th day of November, 2006.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


/s/ Steven H. Breslow
STEVEN H. BRESLOW
Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                                Springfield, Massachusetts
                                            November 27, 2006


    I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronically filing and mailing said motion to:

Daniel Kelly, Esq.
101 State Street
Suite 715
Springfield, MA  01103
Counsel for defendant Francis G. Keough

Lori Levinson, Esq.
66 West Street
Pittsfield, MA  01201
Counsel for Defendant Angel T. Guzman

Michael Foy, Esq.
935 Main Street, Suite 203
Springfield, MA  01103
Counsel for Defendant Michael P. Hallahan


                                                      /s/ Steven H. Breslow
                                                    STEVEN H. BRESLOW
                                                    Assistant United States Attorney