UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | CR-N-04-30032-MAP |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **FRANCIS G. KEOUGH, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT KEOUGH'S
MOTION FOR DISCOVERY RELATED TO GRAND JURY ABUSE**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Steven H. Breslow, Assistant United States Attorney, hereby files this response to defendant Francis G. Keough's Motion for Discovery Related to Grand Jury Abuse (Docket No. 132). This motion should be denied as meritless.

I.  Background

Keough is currently charged in a fifty-count second superseding indictment charging him with conspiracy to commit mail fraud, substantive mail fraud, extortion, obstruction of justice, making false statements, witness tampering, perjury, criminal contempt, and tax fraud, all in connection with his role as Executive Director of the Friends of the Homeless, a non-profit organization based in Springfield, MA.

The instant indictment followed two earlier indictments. On June 29, 2004, the grand jury initially indicted Keough with one count of extortion. On July 28, 2005, the grand jury returned a

1

first superseding indictment against Keough, adding four counts of obstruction of justice, two counts of making false statements, and four counts of witness tampering. The instant indictment was filed on January 12, 2006, adding both charges and co-defendants.

The second superseding indictment added one count of conspiracy to commit mail fraud, twenty-seven counts of substantive mail fraud, six counts of obstruction of justice, two counts of witness tampering, one count of criminal contempt, one count of perjury, and one count of filing false income tax returns. In addition, the second superseding indictment added two defendants: Angel T. Guzman and Michael P. Hallahan, who were each charged with conspiracy to commit mail fraud and substantive mail fraud.

II. Principles of Law

It is well-settled that "[a]lthough the grand jury operates under judicial supervision, it is essentially an independent institution. In recognition of this status, courts afford grand jury proceedings a presumption of regularity." United States v. Flemmi, 245 F.3d 24, 28 (1st Cir. 2001) (citations omitted). Moreover, "a party asserting a claim of grand jury abuse must shoulder a heavy burden." Id.; see also In re United States, 441 F.3d 44, 58 (1st Cir. 2006) (stating that separation of power "constraints mean that there must be some reasonable basis for a district court to launch an inquiry into claims that the prosecutor has engaged in grand jury misconduct.").

The presumption of regularity "attaches even after the grand jury has returned an initial indictment. After all, superseding

indictments setting forth new charges or adding new defendants are familiar fare." Flemmi, 245 F.3d at 28. As the First Circuit explained:

> Thus, if a grand jury's continuing indagation results in the indictment of parties not previously charged, the presumption of regularity generally persists. So too when the grand jury's investigation leads to the filing of additional charges against previously indicted defendants.

Id. (citations omitted).

III. Argument

Without any legal or factual justification, Keough's motion seeks a broad array of discovery into the grand jury process that resulted in the succession of indictments against him. As grounds, Keough's motion simply asserts - without any elaboration or basis - that "the denial of the instant requests would deny him the facts necessary to exercise his rights under Fed. Crim. P. 12(b)(1) to raise "[d]efenses and objections based on defects in the institution of the prosecution." Motion, at page 1.

Keough's motion essentially puts the cart before the horse: rather than asserting specific grand jury abuse, it requests a broad invasion into the grand jury to see if any abuse occurred. Keough's motion is thus a baseless attempt to mount a fishing expedition for potential abuse.

Further, the evolving nature of the three indictments supports the presumption of regularity in the grand jury proceeding. Each successive indictment added new charges and/or new defendants and

should therefore be presumed to be the product of ordinary proceedings.  See Flemmi, 245 F.3d at 28.

Because Keough has not shouldered his "heavy burden" to show abuse or even demonstrated "some reasonable basis" for an inquiry, the motion should be denied.

IV. Conclusion

For the foregoing reasons, the Government respectfully asks that the Court deny defendant Keough's Motion for Discovery Related to Grand Jury Abuse.

Filed this 27th day of November, 2006.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney


          /s/ Steven H. Breslow
        STEVEN H. BRESLOW
        Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          November 27, 2006


    I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronically filing and mailing said motion to:

Daniel Kelly, Esq.
101 State Street
Suite 715
Springfield, MA  01103
Counsel for defendant Francis G. Keough

Lori Levinson, Esq.
66 West Street
Pittsfield, MA  01201
Counsel for Defendant Angel T. Guzman

Michael Foy, Esq.
935 Main Street, Suite 203
Springfield, MA  01103
Counsel for Defendant Michael P. Hallahan


                                               /s/ Steven H. Breslow
                                             STEVEN H. BRESLOW
                                             Assistant United States Attorney