```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )    CR-N-04-30032-MAP
                               )
              Plaintiff,       )
                               )
       vs.                     )
                               )
FRANCIS G. KEOUGH, et al.,     )
                               )
              Defendants.      )
```

## GOVERNMENT'S RESPONSE TO DEFENDANT KEOUGH'S MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT (PRE-INDICTMENT DELAY)

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Steven H. Breslow, Assistant United States Attorney, hereby files this response to defendant Francis G. Keough's Motion To Dismiss Second Superseding Indictment (Pre-Indictment Delay) (Docket No. 136).

This motion should be denied as meritless because Keough has failed to establish that any delay in indictment caused him actual significant prejudice and was intended by the government to gain an unfair tactical advantage.  See United States v. Marler, 756 F.2d 206, 213 (1st Cir. 1985).

I.    Background

    A.    Keough's Pre-Indictment Contacts With The FBI

Keough was first interviewed by FBI Special Agent Hedges on December 12, 2002.  Special Agent Hedges later interviewed Keough twice more, on April 8 and 29, 2003.

1

Finally, on March 9, 2004, Keough responded to a subpoena issued to Friends of the Homeless, Inc. ("FOH"), where he served as Executive Director and the keeper of the records; before he gave testimony on that day, he was advised that he was a target of the grand jury investigation. Approximately three months later, in June 2004, Keough was first indicted.

B.   The Government's Indictments

Keough is currently charged in a fifty-count second superseding indictment charging him with conspiracy to commit mail fraud, substantive mail fraud, extortion, obstruction of justice, making false statements, witness tampering, perjury, criminal contempt, and tax fraud, all in connection with his role as Executive Director of FOH.

The instant indictment followed two earlier indictments. On June 29, 2004, the grand jury initially indicted Keough with one count of extortion. The extortion charge was based upon payments solicited by Keough from a FOH contractor for the purchase of materials to construct Keough's vacation home in Charlestown, Rhode Island.

On July 28, 2005, the grand jury returned a first superseding indictment against Keough, adding four counts of obstruction of justice, two counts of making false statements, and four counts of witness tampering.

The instant indictment was filed on January 12, 2006, adding both charges and co-defendants. The second superseding indictment added one count of conspiracy to commit mail fraud, twenty-seven

counts of substantive mail fraud, six counts of obstruction of justice, two counts of witness tampering, one count of criminal contempt, one count of perjury, and five counts of filing false income tax returns. In addition, the second superseding indictment added two defendants: Angel T. Guzman and Michael P. Hallahan, who were each charged with conspiracy to commit mail fraud and substantive mail fraud.

    C.    The Government's Pre-Indictment Investigation

Before Keough was initially indicted for extortion by the grand jury on June 29, 2004, the government engaged in significant investigation of Keough. This investigation included the execution of six search warrants in December 2003,[1] subsequent analysis of the seized records, interviews of potential witnesses including the individual whom Keough extorted, and the issuance of approximately 72 grand jury subpoenas from March 2003 through May, 2004.

II. Principles of Law

It is well-settled in the First Circuit that "[t]o prevail on a due process challenge, a defendant bears the heavy burden of showing that the delay in indictment caused him actual prejudice and that the delay was 'undertaken by the Government solely "to gain tactical advantage over the accused."'" Marler, 756 F.2d at 213 (citations omitted). Accordingly, "[a]n indictment brought within an applicable statute of limitations period is, constitutionally speaking, late only if the delay significantly prejudices Keough and

---

[1] These warrants were executed at the residences and places of business of Keough and the individual whom he extorted.

the government 'intentionally delayed' the indictment 'to gain an unfair tactical advantage or for other bad faith motives.'" United States v. Crooks, 766 F.2d 7, 11 (1st Cir. 1985) (rejecting a defendant's due process claim based on a 3½ year delay between criminal activity and indictment) (quoting Marler); see United States v. Stokes, 124 F.3d 39, 47 (1st Cir. 1997) ("A criminal defendant who asserts such a claim bears the heavy burden of showing not only that the preindictment delay caused him actual, substantial prejudice, but also that the prosecution orchestrated the delay to gain a tactical advantage over him.").

III. Argument

As set forth below, Keough's motion fails to meet the well-settled requirements for dismissing a case for pre-indictment delay. The motion should be denied because Keough fails to establish that: (1) his defense has suffered actual prejudice beyond that inherent in any period of delay; and (2) the delay was the result of an intentional stratagem by the United States to gain a tactical advantage.

Notably, although Keough's claim of delay focuses only on a period of months preceding the filing of the initial indictment (which charged only one count of extortion), his motion seeks the dismissal of all of the fifty counts of the second superseding indictment.

A.  Keough Fails To Show Actual Prejudice

The first requirement for dismissing a timely-returned indictment on the basis of pre-indictment delay is a showing that

the delay caused actual prejudice to Keough. United States v. Marion, 404 U.S. 307, 325 (1971). A showing of "actual prejudice" requires a demonstration of more than just "the real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost." Id. As the Supreme Court has long since noted, "[i]n light of the applicable statute of limitations . . . these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indictment." Id.

Actual prejudice is not shown by simply cataloguing vague or generalized concerns about the disadvantages of dealing with older cases. As the First Circuit has ruled, "[f]or the defendant to carry the heavy burden of proving actual prejudice from pre-indictment delay, concrete proof is required; mere speculation and bare allegations will not suffice." United States v. McCoy, 977 F.2d 706, 711 (1st Cir. 1992) (citing Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990)).

Here, Keough cannot meet this standard. Rather, defense counsel's[2] self-serving, unsubstantiated, and unspecified claims of prejudice consist of a mere recital of the kind of generalized concerns that the Court noted in Marion are "inherent in any extended delay." 404 U.S. at 326.

---

[2] Notably, these claims are made solely in the body of the motion submitted by defense counsel, rather than in an affidavit sworn to by Keough himself.

Defense counsel first asserts that based upon the agent's statements to Keough (i.e., thanking him for his cooperation and advising him that he would be contacted if further information was needed) and the lack of future contact, Keough concluded that the investigation had been with his exoneration. Particularly in light of the fact that Keough repeatedly lied to the agent about certain material aspects of the ongoing investigation in effort to avoid the grand jury's focus,[3] Keough's purported conclusion was unwarranted and, even if accepted by the Court as genuine, the product of wishful thinking.

Defense counsel next asserts that he "took no steps either to preserve evidence or to secure potential defense witnesses." Motion, ¶ 5. However, defense counsel does not specify the evidence or witnesses, or discuss how such evidence and witnesses would be relevant to his defense. Nor does defense counsel specify whether

---

[3] In the Second Superseding Indictment, the grand jury indicted Keough for the following false statements to the FBI: (i) for obstructing justice between approximately December 16, 2002 and April 29, 2003 by making a series of false statements to a Special Agent of the Federal Bureau of Investigation about how he had paid for the construction of his residence in Charleston, Rhode Island in order to have his name removed from grand jury subpoenas being issued on behalf of the federal grand jury (Count 30); (ii) for false statements by telling the FBI on or about April 8, 2003 that no money from the Friends of the Homeless, Inc. was ever used for the construction of his house in Charleston, Rhode Island (Count 31); and (iii) for false statements by telling the FBI on or about April 29, 2003 that he had paid for everything used for the construction of his house in Charlestown, Rhode Island that he had received from a local building supply company (Count 32).

the evidence and witnesses actually have become unavailable, and if so, how and when, or how the unavailability is attributable to any period of delay.  Cf. Marion, 404 U.S. at 324-25 (noting that "prejudice to the defense of a criminal case may result from the shortest and most necessary delay"); United States v. Crouch, 84 F.3d 1497, 1518 (5th Cir. 1996) (where certain witnesses died shortly after the criminal conduct, their "'loss' could not be attributable to any improper delay.").

Defense counsel's claim that Keough "is unable to remember the names and address of many persons who might have testified or produced evidence" is self-serving and should be rejected.  Motion ¶ 7. As the First Circuit has noted, "[g]enerally, the assertion that memories have dimmed with the passage of time cannot establish actual substantial prejudice."  Marler, 756 F.2d 214 (citations omitted).

Defense counsel next claims that "many businesses the defendant interacted with concerning the 1999 building of the defendant's home in Rhode Island (which is the subject of several counts of the indictment) have either lost, misplaced, or otherwise discarded records of transactions from 1999 that defendant could have produced in his defense." Motion, ¶ 7.  But this claim of prejudice is just as vague.  Defense counsel fails to specify any business, any record, or any transaction, fails to indicate when the records became unavailable, and fails to substantiate that the unavailability was due to the 14-month delay between Keough's last interview and his indictment.

In short, defense counsel's claims of prejudice are either erroneous or speculative. Indeed, these claims are less substantial than the kinds of claims that the First Circuit has considered in its published decisions, all of which have proved insufficient to constitute actual prejudice. See, e.g., Stokes, 124 F.3d at 47 (no actual prejudice from 5-year delay where defendant was unable to locate a witness and lost the benefit of concurrent state and federal sentences); McCoy, 977 F.2d at 711 (no actual prejudice from 3½ year delay where defendant lost benefit of concurrent state and federal sentences); United States v. Acevedo, 842 F.2d 502, 504 (1st Cir. 1988) (no actual prejudice after 10-month delay where defendant claimed faded memory undermined his alibi defense); United States v. Picciandra, 788 F.2d 39, 42-43 (1st Cir. 1986) (no actual prejudice from 5-year delay where informant died and government failed to produce grand jury testimony); Marler, 756 F.2d at 215 (no actual prejudice after a 4-year delay where crime scene was obliterated, and defense witness became incompetent).

B.  Keough Fails to Show That
    The Government Acted in Bad Faith

Even if Keough had shown actual prejudice, his motion would still fail the second prong of the Marion test since he makes no showing that any delay was an intentional device to gain tactical advantage over the accused. See Marion, 404 U.S. at 325. As the Supreme Court has noted, "to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." United States v. Lovasco, 431 U.S. 783, 796 (1977).

Prosecutors are given broad discretion to determine the timing of indictments, which discretion is limited only by the requirement that it comport with "'fundamental conceptions of justice.'" Picciandra, 798 F.2d at 42 (citations omitted). The Supreme Court held in Lovasco that preindictment "investigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused,'" and does not violate due process. 431 U.S. at 795. Indeed, the Court cautioned that the due process does not require "subordinat[ing] the goal of 'orderly expedition' to that of 'mere speed.'" Id.

The First Circuit's decisions recognize that the investigation of complex cases and the difficult choices that the government must make in deciding when and how to proceed are ill-served by forcing the government to make hasty prosecution determinations. See United States v. Capone, 683 F.2d 582, 589 (1st Cir. 1982) (no violation where Government waited until "the eve of the expiration of the statute of limitations" to immunize a key witness); United States v. Ciampaglia, 628 F.2d 632, 639 (1st Cir. 1980) (no violation where delay was due to government's desire to indict all coconspirators at the same time). See also Marler, 756 F.2d at 215 (government's prosecution after conclusion of state trial not bad faith or abusive).

Keough does not claim that the government intentionally delayed his Indictment in order to gain a tactical advantage over him. He claims only that the delay was "unwarranted." Motion, ¶ 11. However, as set forth above, the 14-month delay between Keough's

9

last interview and the indictment was entirely warranted, since the government was busily engaged in the investigation of Keough's offenses. Absent a showing that the government acted in bad faith -- that it intentionally delayed seeking Keough's indictment for the sole purpose of gaining such advantages -- his motion must fail.

Because Keough has not shouldered his "heavy burden" to show actual significant prejudice or a delay motivated by bad faith, the motion should be denied.

IV. Conclusion

For the foregoing reasons, the Government respectfully asks that the Court deny defendant Keough's Motion To Dismiss Second Superseding Indictment (Pre-Indictment Delay).

Filed this 27th day of November, 2006.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney


     /s/ Steven H. Breslow
    STEVEN H. BRESLOW
    Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          November 27, 2006


    I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronically filing and mailing said motion to:

Daniel Kelly, Esq.
101 State Street
Suite 715
Springfield, MA  01103
Counsel for defendant Francis G. Keough

Lori Levinson, Esq.
66 West Street
Pittsfield, MA  01201
Counsel for Defendant Angel T. Guzman

Michael Foy, Esq.
935 Main Street, Suite 203
Springfield, MA  01103
Counsel for Defendant Michael P. Hallahan


                                     /s/ Steven H. Breslow
                                    STEVEN H. BRESLOW
                                    Assistant United States Attorney

11