Moreover, even if Hallahan were to obtain testimony from Keough and Guzman that neither conspired with him, the government expects to introduce evidence of other unindicted co-conspirators who conspired with him, including an intake worker whose records Keough falsified. Therefore, even assuming that both of his co-defendants testified that they did not conspire with Hallahan, a jury could find and convict defendant him for conspiring with others. The fact that Hallahan could reach a conspiratorial agreement with others further undermines the exculpatory nature of co-defendant Phillips' testimony. See Nason, 9 F.3d at 159 (finding that defendant could have conspired with other co-conspirators rendered proffered testimony of co-defendants not sufficiently exculpatory to require severance.).

Finally, Hallahan did not establish the second-tier Drougas factors. First, a severed trial will be a heavy drain on judicial and prosecutorial resources. A severed trial will require the Government to prove some of the allegations in the Superseding Indictment twice, including the conspiracy charged in Count One. The Government essentially would put on much of the same evidence and call many of the same witnesses at both trials, each of which would last weeks. Second, co-defendant Keough's testimony in particular would be the subject of considerable impeachment.

    3.    Hallahan's Claim Of Spillover Prejudice Is Ordinary And Does Not Warrant Severance

Hallahan has utterly failed to show the requisite "'actual prejudice,' which we define as the `substantial and injurious effect or influence in determining the jury's verdict.'" <u>United States v. Melendez</u>, 301 F.3d at 36 (quoting <u>Edgar</u>, 82 F.3d at 508).

Hallahan's motion only claims that "it is anticipated that" he will be "denied a fair trial by reason of the greater quantum of evidence to be advanced against his co-defendants." Motion, at 1, ¶ 4.  Hallahan similarly devotes one paragraph to his argument, contending simply that:

> [t]he multiple indictments [sic] against Keough and the evidence and witnesses anticipated at trial relate to alleged matters that do not involve defendant Hallahan. The process of presenting this evidence would be highly prejducial to Hallahan. Hallahan faces only two indictments [sic].

Memorandum, at 1.  This claim is simply not prejudice "so pervasive that it would be likely to effect a miscarriage of justice." <u>DeLeon</u>, 187 F.3d at 63.

For example, the fact that a co-defendant may have engaged in other bad acts, including acts of violence, does not suffice to establish "actual prejudice." <u>DeLeon</u>, 187 F.3d at 63 (holding that repeated inquiries about third-party fear based on co-defendant's violent nature and co-defendant's prior drug conviction did not warrant severance); <u>DeLuca</u>, 137 F.3d at 37 (evidence of violent assault by co-defendant not warrant severance for defendant).

The relative disparity between the weight of the evidence between defendants also does not warrant severance.  <u>Id</u>. (citing

United States v. Rawwad, 807 F.2d 294, 295 (1st Cir. 1986) (stating that "[t]he difficulty with this argument lies in the case law holding to the contrary.")).

Here, Hallahan appears to make precisely the same argument that the First Circuit routinely has rejected in these types of severance claims. "'First, a measure of evidentiary spillover is a foreseeable concomitant of virtually every joint trial, yet seldom indicates undue prejudice.'" DeLuca, 137 F.3d at 36 (quoting United States v. Yefsky, 994 F.2d 885, 896 (1st Cir. 1993)).

Second, the First Circuit has repeatedly held that "'[i]n the context of conspiracy, severance will rarely, if ever, be required.'" United States v. Flores-Rivera, 56 F.3d 319, 325 (1st Cir. 1995) (quoting United States v. Brandon, 17 F.3d 409, 440 (1st Cir. 1994)). In Flores-Rivera, the First Circuit rejected the defendant's argument for severance because he was named in less than ten percent of all the overt acts in the indictment and that his alleged role in the conspiracy was "significantly less" than that of his co-defendants. Id. As the First Circuit stated in United States v. O'Bryant,:

> To be sure, there is some truth to appellant's complaint that a minnow (O'Bryant) and a kingfish (Puleo) stood trial together. It is also true that the prosecution drew a bead on Puleo and aimed most of its ammunition in his direction. But these truths, without more, did not necessitate a separate trial for O'Bryant. It is well settled that, '[e]ven where large amounts of testimony are irrelevant to one defendant, or were one defendant's involvement in an overall agreement is far less than the involvement of others,' the court of appeals must be

23

> 'reluctant to second guess severance denials.'
> Such reluctance is fully justified here.

998 F.2d 21, 26 (1st Cir. 1993) (quoting <u>United States v. Boylan</u>, 898 F.2d 230, 246 (1st Cir. 1990)).

Moreover, motions for severance have been denied in other cases involving more sensational crimes, such as murder, which have been admitted against one defendant, but not against other defendants. <u>See</u> <u>e.g.</u> <u>United States v. Delpit</u>, 94 F.3d 1134, 1143-44 (8th Cir. 1996) (murder for hire); <u>United States v. Anderson</u>, 89 F.3d 1306, 1312 (6th Cir. 1996) (murder and attempted murder); <u>United States v. DeVillio</u>, 983 F.2d 1185, 1192 (2nd Cir. 1993) (attempted murder); <u>United States v. Alvarez</u>, 755 F.2d 830, 858 (11th Cir. 1985) (murder of federal agent).

Hallahan's claim that more evidence will fall on Keough and Guzman ignores the principle that co-conspirators may have varying degrees of knowledge within a conspiracy, but nonetheless still be found guilty of knowingly and willfully participating in that conspiracy. <u>See</u> <u>First Circuit Pattern Jury Instructions</u>, ¶ 4.03 (1998 Ed.) (stating that "[y]ou need not find that [defendant] agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he/she participated in each act of the agreement or played a major role . . . ."). <u>See also</u> <u>Rogers</u>, 121 F.3d at 16 (affirming denial of motion for severance because conspiracies often have defendants with varying degrees of involvement); <u>United States v. Perkins</u>, 926 F.2d 1271, 1280 (1st Cir. 1991) (same). As a conspirator, Hallahan is bound by the

statements and actions of his co-conspirators. His complaints of undue prejudice are no different than those inherent in any conspiracy trial.

Finally, jury instructions can guard against the possibility of prejudicial spillover. Melendez, 301 F.3d at 36. The First Circuit repeatedly has upheld denials of severance motions where "the district court took appropriate measures to safeguard against potential spillover prejudice by instructing the jury to consider separately the charges and the evidence as to each defendant." DeLeon, 187 F.3d at 63 (citations omitted).

B. Keough Fails To Show Actual Prejudice

Like Hallahan, Keough also fails to show the required prejudice. First, Guzman is expected to plead guilty on or about December 4, 2006, thus entirely mooting Keough's Bruton claim that he would be prejudiced by the admission of Guzman's statements to the FBI. However, in the event that Guzman does not plead guilty and the statements are admitted, Keough has still failed to justify severance.

A Bruton error occurs only where the co-defendant's statement "'expressly implicates' the defendant, leaving no doubt that [the statement] would prove 'powerfully incriminating.'" Sotomayor-Vasquez, 249 F.3d at 11 (quoting Smith, 46 F.3d at 1228). As the First Circuit explained in United States v. Vega-Molina, 407 F.3d 511, 519 (1st Cir. 2005):

> Bruton proscribes the introduction of statements that are 'powerfully incriminating' vis-a-vis a jointly tried codefendant. 391 U.S. at 135, 88 S.Ct. 1620. A statement is

25

> powerfully incriminating only when it is inculpatory on its face. <u>Richardson</u>, 481 U.S. at 207, 107 S.Ct. 1702. The confession in <u>Bruton</u> fit that description because it identified both the declarant and his codefendant by name as the perpetrators of the crime. <u>Bruton</u>, 391 U.S. at 124, 88 S.Ct. 1620. Statements that are incriminating only when linked to other evidence in the case do not trigger application of <u>Bruton</u>'s preclusionary rule. <u>Richardson</u>, 481 U.S. at 208, 107 S.Ct. 1702.

"In other words, the Confrontation Clause permits 'out of court statements [which] neither name nor impugn [the defendant] directly, and thus cannot be supposed to have implanted in the jurors' minds the kinds of powerfully incriminating impressions against which Bruton protects.'" <u>Sotomayor-Vasquez</u>, 249 F.3d at 11 (quoting <u>United States v. Limberopoulos</u>, 26 F.3d 245, 253 (1st Cir. 1994)).

Here, all but one of Guzman's statements to the FBI, set forth above at page 13, are simply not the kind of "powerfully incriminating" statements warranting severance since they are not inculpatory of Keough on their face. The only statement that directly implicates Keough in a crime is the statement that Guzman refinanced the home <u>as Keough suggested</u>, with a forged bank letter prepared in part by Keough's secretary, Pat Walker. This statement can be cured by deleting any reference to the fact that Keough suggested the forgery.

Because these statements, at best, are of an incriminatory nature, they are insufficient to warrant severance. <u>See</u> <u>United States v. Lopez-Lopez</u>, 282 F.3d 1, 12 (1st Cir. 2002) (holding that the fact that a statement may be "of an 'incriminatory nature' is

26

insufficient to clear the hurdle requiring a powerfully incriminating statement.").

IV. <u>Conclusion</u>

For the foregoing reasons, the Government respectfully asks that the Court deny defendant Francis G. Keough's Motion For Severance Of Defendants Keough & Guzman For Trial (Docket No. 134) and defendant Michael P. Hallahan's Motion To Sever Defendants.

Filed this 27th day of November, 2006.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


 /s/ Steven H. Breslow
STEVEN H. BRESLOW
Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          November 27, 2006


    I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronically filing and mailing said motion to:

Daniel Kelly, Esq.
101 State Street
Suite 715
Springfield, MA  01103
Counsel for defendant Francis G. Keough

Lori Levinson, Esq.
66 West Street
Pittsfield, MA  01201
Counsel for Defendant Angel T. Guzman

Michael Foy, Esq.
935 Main Street, Suite 203
Springfield, MA  01103
Counsel for Defendant Michael P. Hallahan


                          /s/ Steven H. Breslow
                          STEVEN H. BRESLOW
                          Assistant United States Attorney