UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR-N-04-30032-MAP |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FRANCIS G. KEOUGH, et al., | ) |
| | ) |
| Defendants. | ) |

GOVERNMENT'S RESPONSE TO DEFENDANT KEOUGH'S MOTION TO STRIKE
SURPLUSAGE FROM THE SECOND SUPERSEDING INDICTMENT

The United States of America, by and through Michael J.
Sullivan, United States Attorney for the District of Massachusetts,
and Steven H. Breslow, Assistant United States Attorney, hereby
files this response to defendant Francis G. Keough's Motion To
Strike Surplusage From The Second Superseding Indictment (Docket No.
133).  This motion should be denied as meritless.

I.   Background

     A.   The Government's Indictments

     Keough is currently charged in a fifty-count second superseding
indictment charging him with conspiracy to commit mail fraud,
substantive mail fraud, extortion, obstruction of justice, making
false statements, witness tampering, perjury, criminal contempt, and
tax fraud, all in connection with his role as Executive Director of
Friends of the Homeless ("FOH"), a non-profit organization based in
Springfield, MA.

     The instant indictment followed two earlier indictments.  On
June 29, 2004, the grand jury initially indicted Keough with one

count of extortion.  The extortion charge was based upon payments
solicited by Keough from a FOH contractor for the purchase of
materials to construct Keough's vacation home in Charlestown, Rhode
Island.

On July 28, 2005, the grand jury returned a first superseding
indictment against Keough, adding four counts of obstruction of
justice, two counts of making false statements, and four counts of
witness tampering.

The instant indictment was filed on January 12, 2006, adding
both charges and co-defendants.  The second superseding indictment
added one count of conspiracy to commit mail fraud, twenty-seven
counts of substantive mail fraud, six counts of obstruction of
justice, two counts of witness tampering, one count of criminal
contempt, one count of perjury, and one count of filing false income
tax returns.  In addition, the second superseding indictment added
two defendants: Angel T. Guzman and Michael P. Hallahan, who were
each charged with conspiracy to commit mail fraud and substantive
mail fraud.

    B.   <u>Principles of Law</u>

The standard for striking surplusage under Federal Rule of
Criminal Procedure 7(d) is exacting.  <u>United States v. Sawyer</u>, 878
F.Supp. 279, 294 (D. Mass. 1995) (Gorton, J.); <u>United States v.
Gambale</u>, 610 F.Supp. 1515, 1542-43 (D. Mass. 1985) (Keeton, J.); <u>see
United States v. Oakar</u>, 111 F.3d 146, 157 (D.C. Cir. 1997); <u>United
States v. Graves</u>, 5 F.3d 1546, 1550 (5th Cir. 1993); <u>United States
v. Scarpa</u>, 913 F.2d 993, 1013 (2d Cir. 1990); <u>United States v.</u>

*Poindexter*, 725 F.Supp. 13, 35 (D.D.C. 1989).  Rule 7(d) has been construed as not favoring the striking of surplusage.  *Id.*; *see also Gambale*, 610 F.Supp. at 1543; *Sawyer*, 878 F.Supp. at 294. Therefore, although decisions on motions to strike surplusage are reviewed for abuse of discretion, *United States v. Lewis*, 40 F.3d 1325, 1346 (1st Cir. 1994), the scope of that discretion is narrow. *Oakar*, 111 F.3d at 157.

As District Judge Gorton explained in *Sawyer*, 878 F. Supp. at 294 (citing *Gambale*, 610 F.Supp. at 1542-43):

> A "motion to strike surplusage is granted only if the allegations are inflammatory, prejudicial, and irrelevant to the crime charged ..."  *Id.* The determinative question in a motion to strike surplusage is not the prejudice, but the relevance of the allegation to the crime charged. "If the evidence of the allegation is admissible and relevant to the charge, then despite prejudice, the language will not be stricken."  *Id.*

*See Graves*, 5 F.3d at 1550.  "'If evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken.'" *Scarpa*, 913 F.2d at 1013 (quoting *United States v. DePalma*, 461 F.Supp. 778, 797 (S.D.N.Y. 1978)).  Therefore, cumulative allegations that do not meet the strict standard should not be stricken.  *Oakar*, 111 F.3d at 157.  Even if an allegation is "somewhat sensational," it will not be stricken so long as it is relevant.  *Graves*, 5 F.3d at 1550. Allegations that are relevant to identity of the participants, establishment of the scheme, execution of the scheme, motive,

knowledge, and context should not be stricken as long as the allegations are relevant and not prejudicial. Id.; Scarpa, 913 F.2d at 1013; United States v. Reeves, 892 F.2d 1223, 1228 (5th Cir. 1990).

II. Argument

Here, Keough cannot show that any of the disputed allegations are prejudicial because it is the district court's practice not to read the indictment to the jury or to deliver a copy of the indictment to the jury during deliberations. Instead, the district court typically summarizes the indictment during *voir dire* and then later in the jury instructions. Since the jury will never hear or see many of the allegations within the indictment, it is impossible for the jury to be unfairly prejudiced. Therefore, the district court should deny the motion based solely upon Keough's inability to make a showing of prejudice.

Moreover, all of the disputed allegations also satisfy the relevance analysis. The reference to Keough's compensation package in Paragraph 9 is relevant because it is direct evidence of the theft of money and of honest services and the manner by which Keough deprived the City of Springfield and others of his honest services and because it provides context for Keough's theft from FOH of his time, which Keough achieved by falsifying his timesheets.

The reference to Angel Guzman's prior conviction and release from prison in Paragraph 10 is relevant because it identifies

Keough's co-conspirator and describes the circumstances surrounding Guzman's placement at FOH.  In addition, the reference is relevant because it because it is direct evidence of the theft of money and of honest services and the manner by which Keough deprived the City of Springfield and others of his honest services, since: (a) Guzman's probation barred him from leaving the Commonwealth of Massachusetts; (b) Guzman nonetheless traveled repeatedly to Rhode Island to perform private work on Keough's Charlestown home (on FOH time) and also used the home after it was built; and (c) Keough informed Guzman's probation officer that he was not in violation of his probation.  This reference thus supports the Manner and Means identified in Paragraph 24 (alleging that as a reward for their loyalty and complicity in the scheme to defraud, Keough permitted Guzman and Hallahan to receive pay for hours not worked at FOH).

The references to Keough's transfer of property to his wife in Paragraphs 12, 14, and 15 are relevant because they shed light on Keough's state of mind after he became aware of the government's corruption investigation and because they support the inference that Keough sought to protect his assets from the eventual forfeiture action in his criminal case.

The reference to Keough's fraudulent sale and re-sale of the 24-26 Palmer Avenue property in Paragraph 13 is relevant because it relates directly to the execution of Keough's scheme to defraud.  See Counts 24-25.

Paragraph 20 is relevant because it demonstrates how Keough sought to obtain a compliant Board in order to conceal his crimes from Board oversight.

Paragraph 21 is relevant because it relates directly to the execution of Keough's scheme to defraud. See ¶ 4 (describing competitive bidding certification filed by FOH).

Paragraph 25 is relevant because it demonstrates how Keough sought to obtain a compliant Board in order to conceal his crimes from Board oversight.

Paragraphs 26 and 27 are relevant because they serve as the proof of the Manner and Means set forth at Paragraph 20 (alleging that Keough obtained a conflicted Board that exercised virtually no oversight over Keough) and they are also relevant because they provide the context for Keough's subsequent extortion charge, in which Keough solicited payment from an FOH contractor to pay for materials to construct the Charlestown property.

Paragraph 39 is relevant because: (a) since the HETC employee had been directed to forgive the loan by a FOH Board member and Keough helped the FOH Board Member thwart a police investigation into the fraud by drafting a bogus letter of explanation, it is direct evidence of the Manner and Means set forth at Paragraph 20 (alleging that Keough obtained a conflicted Board that exercised virtually no oversight over Keough); (b) it is direct evidence of the theft of money and of honest services and the manner by which Keough deprived the City of Springfield and others of his honest

services; and (c) it provides context for Keough's theft from FOH of his time.

Paragraph 40 is relevant because it is direct evidence of the theft of money and of honest services and the manner by which Keough deprived the City of Springfield and others of his honest services and because it relates directly to the execution of Keough's scheme to defraud.  <u>See</u> ¶ 4 (describing competitive bidding certification filed by FOH).

Paragraph 42 is relevant because it is direct evidence of the theft of money and of honest services and the manner by which Keough deprived the City of Springfield and others of his honest services and because it relates directly to the execution of Keough's scheme to defraud.  <u>See</u> ¶ 4 (describing competitive bidding certification filed by FOH).

Paragraph 61 is relevant because it is direct evidence of the theft of money and of honest services and the manner by which Keough deprived the City of Springfield and others of his honest services and because it relates directly to the execution of Keough's scheme to defraud.  <u>See</u> ¶ 4 (describing competitive bidding certification filed by FOH).  The references to refrigerators "stolen from the SHA" are relevant because they provide the context by which Keough obtained the refrigerators.

III. <u>Conclusion</u>

    For the foregoing reasons, the Government respectfully asks that the Court deny defendant Keough's Motion To Strike Surplusage From The Second Superseding Indictment.

    Filed this 27th day of November, 2006.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

                          /s/ Steven H. Breslow
                        STEVEN H. BRESLOW
                        Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden,   ss.                          Springfield, Massachusetts
                                        November 27, 2006


        I,  Steven  H.  Breslow,  Assistant  U.S.  Attorney,  do  hereby
certify that I have served a copy of the foregoing by electronically
filing and mailing said motion to:

Daniel Kelly, Esq.
101 State Street
Suite 715
Springfield, MA  01103
Counsel for defendant Francis G. Keough

Lori Levinson, Esq.
66 West Street
Pittsfield, MA  01201
Counsel for Defendant Angel T. Guzman

Michael Foy, Esq.
935 Main Street, Suite 203
Springfield, MA  01103
Counsel for Defendant Michael P. Hallahan


                              /s/ Steven H. Breslow
                              STEVEN H. BRESLOW
                              Assistant United States Attorney