```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )  CR-N-04-30032-MAP
                               )
            Plaintiff,         )
                               )
     vs.                       )
                               )
FRANCIS G. KEOUGH, et al.,     )
                               )
            Defendants.        )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT KEOUGH'S MOTIONS
FOR DISCOVERY IN CONFORMITY WITH DISCOVERY REQUEST LETTER AND
FOR AN ORDER COMPELLING GOVERNMENT TO SPECIFY EVIDENCE THE
GOVERNMENT INTENDS TO USE AT TRIAL**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Steven H. Breslow, Assistant United States Attorney, hereby files this response to defendant Francis G. Keough's Motion For Discovery In Conformity With Discovery Request Letter (Docket No. 139) and Motion For Order Compelling Government To Specify Evidence The Government Intends To Use At Trial (Docket No. 129). These motions should be denied as meritless.

I.   Background

   A.   The Indictment

Keough is currently charged in a fifty-count second superseding indictment charging him with conspiracy to commit mail fraud, substantive mail fraud, extortion, obstruction of justice, making false statements, witness tampering, perjury, criminal contempt, and tax fraud, all in connection with his role as Executive Director of

the Friends of the Homeless ("FOH"), a non-profit organization based in Springfield, MA.

    B.    <u>The Motions</u>

In his motions, Keough requests: (1) the specific evidence that the government intends to use at trial, pursuant to Fed. R. Crim. Pro. 12(d)(2)[1]; and (2) for discovery in compliance with his discovery letter filed on June 6, 2006 (see Exhibit 1-3 attached hereto)[2] and responded to by the government on June 22, 2006 (see Exhibit 4 attached hereto). The latter motion particularly requests government identification of: (a) the documents the government intends to offer at trial; (b) the documents on which a government witness will rely on or refer to; and (c) the documents material to the preparation of his defense.

    C.    <u>The Rule 12(b)(4) Notice</u>

The government has already provided Keough with notice pursuant to Rule 12(b)(4). On or about May 10, 2005, the government wrote Keough's counsel a discovery letter that stated in pertinent part:

> The Government intends to use evidence seized pursuant to search warrants executed at the residence of Francis Keough, Friends of the Homeless, Hilltop Construction, and all Rule 16 statements of Francis Keough, both recorded and not recorded. The Government is not aware of any other categories of evidence that would

---

[1] In 2002, Rule 12 was amended so that "Rule 12(b)(4) is composed of what is currently Rule 12(d). <u>See</u> Advisory Committee Notes to Rule 12, 2002 Amendments.

[2] Due to the bulk of the document, this Exhibit had to be scanned in three separate parts for ECF filing, as Exhibits 1-3.

2

be subject to suppression motions under Rule 12(d).[3]

C. <u>Disclosure of Exhibits Pursuant to Local Rule</u>

The government intends to provide its exhibits in advance of trial pursuant to the Local Rules. Local Rule 117.1(A)(8) states in pertinent part:

> [A]t least seven (7) days before the trial date the government must:
>
> (a) Provide the defendant with the names and addresses of the witnesses the government intends to call at trial in its case-in-chief.
>
>                *** *** ***
>
> (b) Provide the defendant with copies of the exhibits and a premarked list of the exhibits the government intends to offer in its case-in-chief.

Local Rule 117.1(A)(8).

---

[3] Defense counsel has been previously provided with Keough's statements that were consensually recorded on December 16, 2002; April 8, 2003; April 29, 2003; March 9, 2004; April 27, 2004; April 29, 2004; April 30, 2004; May 3, 2004; May 4, 2004; May 7, 2004; July 12, 2004; July 13, 2004; August 23, 2004; October 4, 2004; December 7, 2004; December 21, 2004; January 12, 2005; and June 14, 2005. In addition, Keough has already received his statements that he made during a proffer with the government on December 17, 2003 and to an FBI agent on April 20 and 21, 2005.
    In addition, the government intends to use some or all of the evidence seized during the December 23, 2003 execution of a search warrant at his Rhode Island home and during the December 2, 2003 execution of search warrants at the following locations in Springfield, MA, also previously been provided to Keough's counsel: 1102 State Street (business premises of The Ware Group, Inc. and Northern Star Development, Inc.); 156 Bowdoin Street (personal residence of Frank Ware); 18 Cortland Street (business premises of Hilltop Construction, Inc.); 769 Worthington Street (business premises of FOH); and 1117 Sumner Avenue (personal residence of Francis Keough).

II. Argument

   A. Keough Has Rule 12(b)(4) Notice

Rule 12(b)(4) of the Federal Rules of Criminal Procedure provides in pertinent part:

> [T]he defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4).

The First Circuit has held that to establish a discovery violation under Rule 12(b)(4)'s predecessor, Rule 12(d)(2), "a defendant must prove that the alleged violation prejudiced his case." United States v. Candelaria-Silva, 162 F.3d 698, 702 (1st Cir. 1998) (citing United States v. de la Cruz-Paulino, 61 F.3d 986, 993 (1st Cir. 1995)); see United States v. Roy, 375 F.3d 21, 25 (1st Cir. 2004) (stating that "a showing of prejudice is essential"). As the First Circuit has explained:

> Rule 12(d) is a matter of procedure, rather than a rule designed to ensure fairness at trial. See id. As we have stated in the past, the rule serves to: (1) afford the defendant an opportunity to move to suppress evidence under Rule 12(b)(3); and (2) avoid the necessity of the defendant moving to suppress evidence which the government does not intend to present. See id. Rule 12(d) differs from discovery rules designed to ensure fairness in that it was <u>not</u> designed to aid the defendant in ascertaining the government's trial strategy. See id.

Candelaria-Silva, 162 F.3d at 702 (emphasis added). See also United States v. El-Silimy, 228 F.R.D. 52, 56-57 (D. Maine 2005) (Cohen,

J.) (denying the defendant's motion to compel Rule 12(b)(4) notice where government had provided notice that it intended to use "some or all of the items made available to you in discovery as evidence in its case-in-chief at the trial.")

Here, the government exceeded the notice approved by the District Court in El-Silimy, since the government in May 2005 specified that it intends to offer: (a) evidence seized pursuant to search warrants executed at the residence of Keough, Friends of the Homeless, and Hilltop Construction; and (b) all of Keough's Rule 16 statements, both recorded and not recorded.  Thus, for approximately eighteen months, Keough has been able to prepare motions to suppress the evidence seized pursuant to these searches as well as his own Rule 16 statements.

Keough's reliance on de la Cruz-Paulino is mistaken, since in that case the government "never notified the defendants that it intended to introduce" certain evidence that it referred to in opening statement and subsequently offered.  61 F.3d at 992 (emphasis added).  In that case, the government specified certain items pursuant to the defendant's Rule 12(d)(2) request and indicated that it would notify the defense at least five days before trial of "any other physical and/or documentary evidence" that it intended to use at trial.  Id.  However, neither the government's Rule 12(d)(2) notice nor its subsequent five-day notice specified a telephone or cardboard, which the government ultimately introduced.  Id.  Thus, the defendants had absolutely no notice that the government would seek to offer these items. The First Circuit

reasone that the government's reliance on its "open-file discovery" policy did not suffice to provide the required notice and held that "the government violated Rule 12(d)(2) by not indicating prior to trial its intention to introduce the telephone and the cardboard into evidence during its case-in-chief." Id. at 995.

Here, by contrast, the government is not relying on a mere open-file discovery claim. Not only has the government indicated that it will seek to offer all of the defendant's statements as well as evidence from the searches, but it will also provide a list of its exhibits at least seven days before trial, as required by Local Rule 117.1(A)(8)(B). To require more now would impermissibly convert Rule 12(b)(4) into a tool "to aid the defendant in ascertaining the government's trial strategy." Candelaria-Silva, 162 F.3d at 702; see also de la Cruz-Paulino, 61 F.3d at 994 (stating that "Rule 12(d) was not, however, designed to alert defendants to the strength or weakness of the government's case against them").

Keough notes that the de la Cruz-Paulino decision cited approvingly to two District Court cases from the Eastern District of Wisconsin, United States v. Brock, 863 F. Supp. 851, 868 (E.D. Wis. 1994) and United States v. Kelly, 120 F.R.D. 103, 107 (E.D. Wis. 1998). However, as the District Court in El-Silimy observed, Brock "noted that a statement that the government intended to use all of the discoverable material as evidence was sufficient, even though 'obviously the government might not end up using all of the discoverable information in its files.'" 228 F.R.D. at 57 (quoting

6

Brock, 863 F.Supp. at 868, n. 33). Similarly, as the District Court in El-Silimy recognized, in Kelly the government simply chose to rely solely on its "open file" discovery policy in response to a 12(b)(4) motion. Id. (citing Kelly, 120 F.R.D. at 107).

Here, as in Brock, the government has provided sufficient Rule 12(b)(4) notice, since the notice "alerts the defendant[] to the fact that they should look at [the items seized pursuant to the searches and the statements of Keough] in considering any motion to suppress." Brock, 863 F.Supp. at 868, n. 33.

B.  Keough Is Not Entitled To More Specific Discovery

Keough's Motion For Discovery In Conformity With Discovery Request Letter seeks the government to identify the following: (a) the documents the government intends to offer at trial; (b) the documents on which a government witness will rely on or refer to; and (c) the documents material to the preparation of his defense. Memorandum of Law, at 2. The defendant's motion should be rejected because it is contrary to law.

Rule 16(a)(1)(E) states in pertinent part that

> [u]pon a defendant's request, the government must permit the defendant to inspect and copy . . . documents . . . which are within the possession, custody or control of the government, and:
>
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial;

See Fed. R. Crim. P. 16(a)(1)(E)(i)-(ii)(emphasis added). The plain language of Rule 16(a)(1)(E) only obligates the Government to

7

"permit the defendant to inspect and copy," and nothing more. Fed. R. Crim. P. 16(a)(1)(E).

The plain language of Rule, therefore, ends the matter. See e.g. United States v. Burns, 15 F.3d 211, 215 (1st Cir. 1994) (plain language of Rule 16(a)(1)(A) limits disclosure of defendant's statements to a known government agent); United States v. Smith, 101 F.3d 201, 209-210 (1st Cir. 1996) (plain language of former Rule 16(a)(1)(D) disposes of argument that expert's unrecorded personal observations must be disclosed under Rule 16).

Despite that plain language, Keough nonetheless claims that Rule 16(a)(1)(E) compels more. In effect, Keough seems to argue that the Government must take its "mountain of paper", Memorandum of Law, p. 1, and organize it into three categories: (a) the documents the government intends to offer at trial; (b) the documents on which a government witness will rely on or refer to; and (c) the documents material to the preparation of his defense.

1. Documents Material To The Defense.

The Circuit courts universally have held that the Government has no obligation to pinpoint Brady materials within its discovery, the very argument that Keough advances today under the auspices of Rule 16(a)(1)(E)(ii). See United States v. Pelullo, 399 F.3d 197, 204, 212 (3rd Cir. 2005) (holding that Brady "impose[d] no additional duty on the prosecution team members to ferret out any potentially defense-favorable information from" 160 boxes and 36 file cabinets of warehouse records initially made available for inspection and copying under Rule 16(a)(1)(E)). See also United

States v. Mmahat, 106 F.3d 89, 94 (5th Cir. 1997) (holding that no obligation arose under Brady to "point the defense to specific documents within a larger mass of material that it has already turned over" where Government gave defense access to 500,000 pages of documents); United States v. Parks, 100 F.3d 1300, 1307 (7th Cir. 1996) (holding that "Brady [does not] require[ ] the Government to carry the burden of transcribing [65 hours of intercepted conversations]" because the defendants "had been given the same opportunity as the government to discover the identified documents" and "information the defendants seek is available to them through the exercise of reasonable diligence") (internal quotations and citation omitted). The Government cannot discern how the language of Rule 16(a)(1)(E) imposes an additional duty upon the Government beyond that required by Brady.

Similarly, the Government simply cannot determine what is "material to preparing the defense" in a vacuum. Keough faces fifty charges and has not shared with the Government what his defenses are. Keough's interpretation puts the Government in the untenable position of being forced to categorize a set of documents as Rule 16(a)(1)(E)(i) in the dark, but then having to defend itself against possible discovery sanctions for not having properly categorized a document whose materiality the Government never knew. See e.g. United States v. Ferrer-Cruz, 899 F.2d 135, 140 (1st Cir. 1990) (holding that "`[t]he Government is not obligated by Rule 16(a) to anticipate every possible defense, assume what the defendant's trial

testimony (if he decides to testify) will be, and then furnish him with otherwise irrelevant material that might conflict with his testimony.'") (citations omitted).

Finally, the argument that the Government must designate a set of documents as Rule 16(a)(1)(E)(i) contradicts settled First Circuit caselaw. See <u>United States v. Carrasquillo-Plaza</u>, 873 F.2d 10, 12 (1st Cir. 1989) (holding that "[d]efendant's pretrial, blanket demand for 'all books, paper, documents and tangible objects' material to his defense was too general to satisfy the requirement of a request and of a showing of materiality" under the formerly enumerated Rule 16(a)(1)(C)).

If the Court orders the government to designate a set of documents as Rule 16(a)(1)(E)(i) discovery, the government will be forced to make available all of its discovery in the same fashion that it has done so today to avoid any claims of Rule 16 discovery or <u>Brady</u> violations. Since Keough is in the best position to know what is material to his defense, making all of its discovery available for inspection by Keough insures an efficient and orderly jury trial.

2.   <u>The Government's Trial Exhibits</u>

As many courts have recognized, the plain language of Rule 16(a)(1)(E)(ii) requires the government only to "permit the defendant to inspect and copy" the documents it intends to rely upon at trial. Fed. R. Crim. P. 16(a)(1)(E)(ii).

In <u>United States v. Causey</u>, 356 F.Supp.2d 681, 667 (S.D. Texas 2005), the defendants in the heavily litigated Enron prosecution

10

made a request similar to the motion made by Keough. The government's file consisted of 80 million pages of documents, and 300,000 pages of "hot documents" that the government had described as central to the case. The defendants argued that Rule 16 required the Government to identify from these documents the documents that were "material to the defense" and which the government "intends to use in its case-in-chief." Id. The district court denied the request, stating that "[t]he plain language of Rule 16 does not require the government to specify from among the universe of discovery" documents intended for use at trial. Id. at 686-687. The district also noted that the defendants "have cited no case in which the government has been ordered to do so." Id. at 687.

Similarly, in United States v. Nachamie, 91 F.Supp.2d 565, 569 (S.D.N.Y. 2000), the government had produced approximately 200,000 pages of documents for inspection and copying. The defendants moved under Rule 16(a)(1)(C), the predecessor of Rule 16(a)(1)(E), for the government to "identify which documents fall into each of the categories outlined above," i.e., documents material to the defense and intended for use at trial. Id. The defendants complained that "because of the enormity of the production, they cannot determine which documents are simply material to the preparation of their defense and which documents the Government intends to use at trial." Id.

But the district court flatly rejected the argument: "The clear language of Rule 16(a)(1), however, does not require the Government to identify which documents fall in each category –- it

only requires the production of documents responsive to any category." Id. The court reasoned that "a court has no license to rewrite the Federal Rules of Criminal Procedure, and stated that "[i]n the absence of any controlling authority interpreting the Rule as requiring this action," it could not order the Government to designate those documents that it intended to offer in its case-in-chief. Id. at 570.

Other district courts have agreed with Nachamie. As another court held, "Rule 16(a)(1)(C) only requires that the Government afford defendants an opportunity to inspect the documents it intends to introduce at trial. It does not require the Government to *identify* which documents it intends to introduce." United States v. Greyling, 2002 W.L. 42655 *3 (S.D.N.Y. Mar. 18, 2002). Similarly, in denying a defendant's request to identify documents, the Court in United States v. Carrington, 2002 W.L. 31496199 * 2 (S.D.N.Y. Nov. 7, 2002) held that "Rule 16(a)(1)(C) does not require the Government to identify specifically which documents it intends to use as evidence or for impeachment. It merely requires that the Government produce documents falling into the three enumerated categories." But see United States v. Giffen, 379 F.Supp.2d 337, 343 (S.D.N.Y. 2004) (directing the government to provide a preliminary exhibit list and copies of the exhibits thirty days before trial).

Like Keough now, the defendants in Nachamie cited Upton, Poindexter, and Turkish in support of their request for discovery. Id. at 569. Howeer, as the Nachamie court found, "none of those decisions are supported by the language of Rule 16(a)(1) or prior

12

case law." Id. Analyzing each case one at a time, the Nachamie court started with the Turkish decision. The Court explained:

> Turkish, 458 F.Supp. 874, 882 (S.D.N.Y. 1978), simply stated that it was improper for the Government to "bury the defendant in paper" by making all documents generally available. The *Turkish* court cited no authority for its conclusion that the Government had an obligation to *identify* the documents it intended to use in its case-in-chief, and it mistakenly relied on another district court case, United States v. Countryside Farms, Inc., 428 F.Supp. 1150, 1154 (D. Utah 1977), which merely held that the Government had a duty to *produce* such documents.

Id. The Nachamie court then discussed the Poindexter case, stating that the "Poindexter court, which relied only on Turkish and Countryside Farms for its holding, simply compounded the error made in Turkish. Id.

The Nachamie finally discussed the Upton case. Noting that Upton also relied on Turkish and Poindexter, the court stated that

> Upton also fails to ground its conclusion in the language of Rule 16(a)(1) or binding case law. As noted above, neither Turkish nor Poindexter provide adequate support for their holdings. In Bortnovsky, the third case cited by the Upton court, the Second Circuit determined that the trial court had committed reversible error by failing to require the Government to respond to the defendants' demand for a bill of particulars. The court never referred to Rule 16(a)(1)(C), which as noted earlier governs the parties' respective discovery obligations, but relied solely on Fed. R. Cr. P. 7(f), which permits a defendant to seek a bill of particulars in order to identify with particularity the nature of the charge in order to prepare for trial, avoid surprise, and avoid double jeopardy. Bortnovsky, 820 F.2d at 574 (citing Wong Tai v.

13

> United States 273 U.S. 77, 82, 47 S.Ct. 300, 71
> L.Ed. 545 (1927)). Thus, Bortnovsky fails to
> support the Upton court's conclusion that the
> Government must identify the documents it
> intends to offer at trial.

Id.

Thus, as Nachamie makes clear, the cases cited by Keough, including Turkish, Poindexter, Bortnovsky, Countryside Farms, and Upton, are poorly reasoned and not grounded in the plain language of Rule 16. In fact, Keough does not even cite to the specific language in Rule 16 that forms the basis for his request.

Further, Local Rule 117.1(A)(8) dispenses with the need for the designation of evidence requested by Keough. Local Rule 117.1(A)(8) requires the government to produce an exhibit list one week before trial, and the government plans on following this Rule.[4]

The volume of evidence is no reason to force the government to categorize and specify its documents under Rule 16(a)(1)(E). Keough has had access to the documents since June 2004, and the Court can set a relatively distant trial date to provide Keough with more than ample time to review all of the discovery. See United States v. Jordan, 316 F.3d 1215, 1253 (11th Cir. 2003) (stating that defendants "could hardly complain about" being given access to "far more information and materials than the law required" to prepare for

---

[4] Keough also cites to United States v. Falkowitz, 214 F.Supp.2d 365 (S.D.N.Y. 2002), but the court in that case merely ordered the government to "produce a working copy of its exhibit list one week prior to trial." Id. at 393. Notably, the government here also intends to produce its exhibit list one week before trial, as required by the Local Rules.

trial, and proper remedy would have been a request more time.).

Keough's request raises profound practical concerns that could threaten the orderly progress of this case. Keough's request that the government identify and categorize the Rule 16 discovery becomes meaningless unless Keough also insists that the government's segregation of Rule 16 discovery be accurate. That insistence, of course, has no force if there are no consequences for inaccuracy, intentional or not. A trial in this case will collapse under the weight of the innumerable claims of Rule 16 discovery violations alleged by Keough for the government's failure to categorize its discovery properly as the various permutations of the defendants' defenses evolve at trial.

Rule 16 is a discovery rule that requires the government to make certain categories of documents available to the defense. Rule 16 does not require the government to identify its trial strategy and give Keough a roadmap of its strategy. Forcing the government to categorize documents under Rule 16 necessarily reveals the government's strategic view of the significance of each document. While Rule 16 requires an exchange of information, Rule 16 is not and should not be a discovery tool to glean the government's strategy.

III. Conclusion

For the foregoing reasons, the government respectfully asks that the Court deny defendant Keough's Motion For Discovery In Conformity With Discovery Request Letter and Motion For Order

Compelling Government To Specify Evidence The Government Intends To Use At Trial.

Filed this 27th day of November, 2006.

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney

                          _____
                          /s/ Steven H. Breslow
                          STEVEN H. BRESLOW
                          Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          November 27, 2006


I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronically filing and mailing said motion to:

Daniel Kelly, Esq.
101 State Street
Suite 715
Springfield, MA  01103
Counsel for defendant Francis G. Keough

Lori Levinson, Esq.
66 West Street
Pittsfield, MA  01201
Counsel for Defendant Angel T. Guzman

Michael Foy, Esq.
935 Main Street, Suite 203
Springfield, MA  01103
Counsel for Defendant Michael P. Hallahan


                                    _____
                                    /s/ Steven H. Breslow
                                    STEVEN H. BRESLOW
                                    Assistant United States Attorney