48. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about October 1, 1998, the Defendant, Francis Keough, certified to the City of Springfield and the United States Department of Housing and Urban Development via the United States mails that the Friends of the Homeless, Inc. accepted $125,000.00 in Community Development Block Grant funds for the renovations of 501 Worthington Street, Springfield, subject to applicable federal and state conflict of interest laws and other governing rules and regulations.

49. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about October 9, 1998, the Defendant, Francis Keough, certified to the Department of Housing and Community Development and the Commonwealth of Massachusetts via the United States mails that the Friends of the Homeless, Inc. accepted $308,500.00 in Department of Housing and Community Development funds for the renovations of 501 Worthington Street, Springfield, subject to applicable federal and state conflict of interest laws and other governing rules and regulations.

50. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about February 26, 1999, and thereafter, the Defendant, Francis Keough, charged building materials for the construction of his Rhodes Island residence to the account of the general contractor handling the 501 Worthington Street renovation in order to obtain the contractor's discount, and because the Defendant, Francis Keough, did not have the money to purchase the goods and materials at the time.

51. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about March 30, 1999, the Defendant, Francis Keough, caused the Friends of the Homeless, Inc. to pay $1,500.69 in funds dedicated to the 501 Worthington Street renovation project to Home Depot for building materials for his Rhode Island residence.

52. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about April 7, 1999, the Defendant, Francis Keough, received a bill for $1,815.34 from the electrical sub-contractor handling the 501 Worthington Street renovation for electrical supplies related to the rough wiring of the Rhode Island residence that had been charged to the sub-contractor's account.

53. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about April 21, 1999, the Defendant, Francis Keough, mailed a letter requesting Community Development Block Grant funds to the City of Springfield's Department of Housing in which the Defendant, Francis Keough, re-certified as to the truth and accuracy of the original representations, to include the conflict of interest covenants in the 501 Worthington Street grant agreement between Friends of the Homeless, Inc. and the City of Springfield, and further that the Defendant, Francis Keough, also fraudulently billed the City of Springfield for the two extra sets of mattresses and frames for the Rhode Island residence.

54.   Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about April 30, 1999, the Defendant, Francis Keough, caused the general contractor handling the 501 Worthington Street renovation to make a second payment towards the Defendant, Francis Keough's, purchases of building materials on the contractor's account to prevent the suspension of the charge account.

55.   Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about the Spring of 1999, the Defendant, Francis Keough, permitted an individual to use the Friends of the Homeless, Inc.'s van for approximately two weeks so that the individual could travel back and forth between Springfield, Massachusetts and Charlestown, Rhode Island, in order to build the Defendant, Francis Keough's, Rhodes Island residence.

56.   Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about May 24, 1999, the Defendant, Francis Keough, and another individual (unnamed in the Indictment) caused the Springfield Housing Authority to mail check No. 1077 for $1,720.00 to Hazelton Heating, Inc. to pay for a boiler, hot water tank, and baseboard heating components installed in the Defendant, Francis Keough's, Rhodes Island residence.

57.   Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about June 7, 1999, the Defendant, Francis Keough, mailed a letter requesting funds to the Department of Housing and Community Development in which the Defendant, Francis Keough, certified that the representations, to include the conflict of interest covenants, in the 501 Worthington Street loan agreement between the Friends of the Homeless, Inc. and the Department of Housing and Community Development remained true, complete and correct.

58.   Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about June 7, 1999, the Defendant, Francis Keough, mailed a letter requesting Community Development Block Grant funds to the City of Springfield's Department of Housing in which the Defendant, Francis Keough, certified that the representations, to include the conflict of interest covenants, in the 501 Worthington Street loan agreement between the Friends of the Homeless, Inc. and the City of Springfield remained true, complete and correct.

59.   Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about July 13, 1999, while on Friends of the Homeless, Inc.'s time, the Defendant, Francis Keough, assisted an employee of the Hampden County Employment and Training Consortium in drafting a false and fraudulent exculpatory letter to the Springfield Police department to explain why the employee forgave a $90,000.00 loan issued under the City of Springfield's Home Loan Program on May 8, 1997.

60.   Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about August of 1999, the Defendant, Francis Keough, awarded the first of a series of no-bid service jobs totaling approximately $9,900.00 for electrical work at the Friends of the Homeless, Inc. to an electrical contractor who had permitted the

Defendant, Francis Keough, to order electrical materials for his Rhode Island residence through the contractor's account in order to receive the contractor's discount of fifteen percent on supplies and thirty percent on all light fixtures.

61. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about September 21, 1999, the Defendant, Francis Keough, caused the Friends of the Homeless, Inc. to issue a check for $2,664.60 in funds dedicated to the 501 Worthington Street renovation project to pay for the electrical supplies used at the Defendant, Francis Keough's, Rhodes Island residence and billed through the account of the 501 Worthington street electrical subcontractor.

62. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about October of 1999, the Defendant, Francis Keough, awarded a series of no-bid Friends of the Homeless, Inc. renovation jobs totaling approximately $12,000.00 to a Springfield Housing Authority employee who had served as the Defendant, Francis Keough's, who had served as the Defendant, Francis Keough's, unofficial general contractor on the construction of the defendant, Francis Keough's, Rhode Island residence.

63. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about December 29, 1999, the Defendant, Francis Keough, caused the Friends of the Homeless, Inc. to issue a $287.14 reimbursement check to the Defendant, Francis Keough, for costs related to the purchase of a hydronic heater for the Worthington Street Shelter, when in truth this heater had been installed in the Defendant, Francis Keough's, Rhode Island residence.

64. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that beginning in January of 2000, and thereafter, that the Defendants, Francis Keough and Angel Guzman, caused a Friends of the Homeless, Inc. employee to travel to the Defendant, Francis Keough's, Rhode Island residence and perform work on the Defendant, Francis Keough's, personal residence while on Friends of the Homeless, Inc.'s time.

65. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about January of 2000, the Defendants Francis Keough and Michael Hallahan, agreed to submit false Friends of the Homeless, Inc. time sheets for the Defendant, Michael Hallahan, Paul Sarno, or any other Friends of the Homeless, Inc. employee that inflated the number of hours actually worked.

66. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about May 24, 2000, the Defendants, Francis Keough, Michael Hallahan and Angel Guzman, caused the City of Springfield to mail a reimbursement check for $13,726.00 for Friends of the Homeless, Inc. Wages that included payment for personal work performed while on Friends of the Homeless, Inc.'s time and hours not worked at Friends of the Homeless, Inc.

67.  Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that sometime during the summer of 2000, that the Defendant, Francis Keough, had another individual (unnamed in the Indictment) obtain two chainsaws and a wood chipper from the Springfield Housing Authority so that the Defendant, Francis Keough, could have Friends of the Homeless, Inc. employees and Hampden County House of Correction work release inmates clear brush at the Defendant, Francis Keough's, Rhode Island residence.

68.  Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on at least one occasion during the summer of 2000, the Defendant, Francis Keough, arranged for the use of a Springfield School Department Food Services van through a part-time Friends of the Homeless, Inc. intake worker, who worked full-time for the Food Services Department, to transport at least one Friends of the Homeless, Inc. employee and several Hampden County House of Correction work release inmates to the Defendant, Francis Keough's, Rhode Island residence.

69.  Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on at least one occasion during the summer of 2000, at the Defendant, Francis Keough's, direction, at least one Friends of the Homeless, Inc. employee and several Hampden County House of Correction work release inmates traveled to the Defendant, Francis Keough's, Rhode Island residence and cleared brush and trees from the Defendant, Francis Keough's, property while on Friends of the Homeless, Inc.'s time.

70.  Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on at least one occasion during the summer of 2000, at the Defendant, Francis Keough's, direction, a Friends of the Homeless, Inc. employee performed maintenance at 1117-1119 Sumner Avenue, Springfield, MA while on Friends of the Homeless, Inc.'s time.

71.  Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on at least one occasion during the summer of 2000, at the Defendant, Francis Keough's, direction, a Friends of the Homeless, Inc. employee performed maintenance at 24-26 Palmer Avenue, Springfield, MA while on Friends of the Homeless, Inc.'s time.

72.  Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on at least one occasion during the summer of 2000, at the Defendant, Francis Keough's, direction, a Friends of the Homeless, Inc. employee performed maintenance at 53-55 Palmer Avenue, Springfield, MA while on Friends of the Homeless, Inc.'s time.

73.  Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on at least one occasion during the summer of 2000, the Defendant, Francis Keough, caused the Friends of the Homeless, Inc. to order new mattresses for the emergency bed shelter that included mattresses destined for the Defendant, Francis Keough's, Rhode Island residence.

74.   Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that on or about June 20, 2000, the Defendant, Francis Keough, caused the
      submission of a false and fraudulent Individual Self-Sufficient Initiative Program
      application in the name of "Tenant A" (as identified in the Indictment) to the Hampden
      Hampshire Housing Partnership for a rental unit at 1117 Sumner Avenue, Springfield,
      MA.

75.   Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that on or about June 30, 2000, the Defendants, Francis Keough, Michael
      Hallahan and Angel Guzman, caused the City of Springfield to mail a reimbursement
      check for $3,121.72 for Friends of the Homeless, Inc. wages that included payment for
      personal work performed while on Friends of the Homeless, Inc.'s time.

76.   Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that on or about July 1, 2000, the Defendant, Francis Keough, received via the
      United States mail the first of a series of checks issued under the Individual Self-Sufficient
      Initiative Program for rental assistance for "Tenant A" at 1117 Sumner Avenue,
      Springfield, Massachusetts.

77.   Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that on or about August 22, 2000, the Defendants, Francis Keough, Michael
      Hallahan and Angel Guzman, caused the City of Springfield to mail a reimbursement
      check for $7,722.68 for Friends of the Homeless, Inc. wages that included payment for
      personal work performed while on Friends of the Homeless, Inc.'s time.

78.   Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that on or about October 2, 2000, the Defendants, Francis Keough, Michael
      Hallahan and Angel Guzman, caused the City of Springfield to mail a reimbursement
      check for $5,807.22 for Friends of the Homeless, Inc. wages that included payment for
      personal work performed while on Friends of the Homeless, Inc.'s time.

79.   Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that on or about November 6, 2000, the Defendants, Francis Keough, Michael
      Hallahan and Angel Guzman, caused the City of Springfield to mail a reimbursement
      check for $11,288.56 for Friends of the Homeless, Inc. wages that included payment for
      personal work performed while on Friends of the Homeless, Inc.'s time.

80.   Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that on or about December 28, 2000, that the Defendant, Francis Keough, had
      an Friends of the Homeless, Inc. employee create on Friends of the Homeless, Inc. time a
      fraudulent estimate for the replacement of a boiler that had cracked at 1117-1119 Sumner
      Avenue, Springfield, Massachusetts.

81.   Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that in or about 2000 or 2001, the Defendant, Francis Keough, caused an

individual (unnamed in the Indictment) to steal two refrigerators from the Springfield Housing Authority that this individual eventually delivered to the Friends of the Homeless, Inc.

82. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about 2000 or 2001, the Defendant, Francis Keough, arranged for the use of a Springfield School Department Food Services van, through a Friends of the Homeless, Inc. part-time intake worker, to transport at least one of the stolen refrigerators to the Defendant, Francis Keough's, Rhode Island residence.

83. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about 2000 or 2001, the Defendant, Angel Guzman, and another Friends of the Homeless, Inc. employee transported one of the stolen Springfield Housing Authority refrigerators in the Springfield School Department Food Services van to the Defendant, Francis Keough's, Rhodes Island residence while on Friends of the Homeless, Inc. time.

84. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about January of 2001, the Defendants, Francis Keough and Michael Hallahan, continued to process false Friends of the Homeless, Inc. time sheets for certain intake workers who did personal work and favors for the benefit of the Defendant, Francis Keough, and others.

85. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about February 12, 2001, the Defendants, Francis Keough and Angel Guzman, caused the submission of a false and fraudulent Individual Self-Sufficiency Initiative Program application in the name of a Tenant (unnamed in the Indictment) to the Hampden Hampshire Housing Partnership for a rental unit at 87 Longhill Street, Springfield, MA.

86. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about April 6, 2001, the Defendant, Francis Keough, caused the submission of a false and fraudulent Individual Self-Sufficiency Initiative Program application in the name of a Tenant (unnamed in the Indictment) to the Hampden Hampshire Housing Partnership for a rental unit at 414 Chestnut Street, Springfield, MA.

87. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about May 1, 2001, the Defendant, Francis Keough, caused the Hampden Hampshire Housing Partnership to send via the United States mail the first of a series of checks issued under the Individual Self-Sufficiency Initiative Program for rental assistance for a Tenant (unnamed in the Indictment) of 414 Chestnut Street, Springfield, MA.

88. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about May 1, 2001, the Defendants, Francis Keough and Angel Guzman, caused the Hampden Hampshire Housing Partnership to send via the United

States mail the first of a series of checks issued under the Individual Self-Sufficiency Initiative Program for rental assistance for a Tenant (unnamed in the Indictment) of 87 Longhill Street, Springfield, MA.

89.    Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about May 2, 2001, the Defendants, Francis Keough and Angel Guzman, caused the submission of a false and fraudulent Individual Self-Sufficiency Initiative Program application in the name of a Tenant (unnamed in the Indictment) to the Hampden Hampshire Housing Partnership for a rental unit at 24-26 Palmer Avenue, Springfield, MA.

90.    Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about May 8, 2001, the Defendant, Francis Keough, fraudulently caused the submission from the Friends of the Homeless, Inc. and elsewhere to the Union Mutual Insurance Company three fraudulent bills totaling $5,450.31 for general contractor, electrical and asbestos removal services that had not been performed to replace the cracked boiler at 1117-1119 Sumner Avenue, Springfield, MA.

91.    Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about May 17, 2001, the Defendant, Francis Keough, caused Union Mutual Insurance Company to issue a check for $5,200.31 to reimburse their insured for expenses allegedly incurred by the Defendant, Francis Keough, for the replacement of a cracked boiler at 1117-1119 Sumner Avenue, Springfield, MA.

92.    Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on at least one occasion during the summer of 2001, at the Defendant, Francis Keough's, direction, at least one Friends of the Homeless, Inc. employee and several Hampden County House of Correction work release inmates traveled to the Defendant, Francis Keough's, Rhodes Island residence and cleared brush and trees from the Defendant, Francis Keough's, property while on Friends of the Homeless, Inc.'s time.

93.    Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on at least one occasion during the summer of 2001, at the Defendant, Francis Keough's, direction, a Friends of the Homeless, Inc. employee and several Hampden County House of Correction work release inmates performed lawn maintenance at 1117-1119 Sumner Avenue, Springfield, MA while on Friends of the Homeless, Inc.'s time.

94.    Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on at least one occasion during the summer of 2001, at the Defendant, Francis Keough's, direction, a Friends of the Homeless, Inc. employee and several Hampden County House of Correction work release inmates performed maintenance work at 24-26 Palmer Avenue, Springfield, MA while on Friends of the Homeless, Inc.'s time.

95.    Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on at least one occasion during the summer of 2001, at the Defendant,

Francis Keough's, direction, a Friends of the Homeless, Inc. employee and several Hampden County House of Correction work release inmates performed maintenance work at 53-55 Palmer Avenue, Springfield, MA while on Friends of the Homeless, Inc.'s time.

96. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about the fall of 2001, on at least one occasion, the Defendant, Francis Keough, caused individuals working at the Friends of the Homeless, Inc. to work phone banks for a candidate for elected office while on Friends of the Homeless, Inc. or City of Springfield time.

97. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about October 18, 2001, the Defendant, Francis Keough, caused the submission of a false and fraudulent Individual Self-Sufficiency Initiative Program application in the name of a Tenant (unnamed in the Indictment) to the Hampden Hampshire Housing Partnership for a rental unit at 24-26 Palmer Avenue, Springfield, MA.

98. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about late October of 2001, the Defendant, Francis Keough, initiated a sexual relationship with a Friends of the Homeless, Inc. "Female Resident A" (as identified in the Indictment), who consented out of fear of being evicted and becoming homeless again.

99. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about December 1, 2001, the Defendant, Francis Keough, received via the United States mail the first of a series of checks issued under the Individual Self-Sufficient Initiative Program for rental assistance for "Tenant E" (as identified in the Indictment) at 24-26 Palmer Avenue, Springfield, Massachusetts.

100. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about December 1, 2001, the Defendant, Francis Keough, received via the United States mail the first of a series of checks issued under the Individual Self-Sufficient Initiative Program for rental assistance for "Tenant F" (as identified in the Indictment) at 24-26 Palmer Avenue, Springfield, Massachusetts.

101. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about December of 2001, the Defendant, Francis Keough, advised the Friends of the Homeless, Inc. "Female Resident A" and Friends of the Homeless, Inc. employees unaware of the ongoing sexual relationship that Friends of the Homeless, Inc. "Female Resident A" did not have to pay rent despite having a Friends of the Homeless, Inc. job.

102. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about January of 2002, the Defendants, Francis Keough and Michael Hallahan, continued to process false Friends of the Homeless, Inc. time sheets for certain intake workers who did personal work and favors for the benefit of the Defendant, Francis Keough, and others.

103.  Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that in or about the summer of 2002, the Defendant, Angel Guzman, initiated a
      sexual relationship with a Friends of the Homeless, Inc. "Female Resident B" (as identified
      in the Indictment), who consented out of fear of being evicted and becoming homeless
      again and fear for her personal safety.

104.  Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that in or about the summer of 2002, the Defendant, Francis Keough, engaged
      in a sexual act with Friends of the Homeless, Inc. "Female Resident B" at 1117 Sumner
      Avenue, Springfield, Massachusetts, who consented out of fear of being evicted and other
      repercussions.

105.  Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that in or about the summer of 2002, the Defendant, Francis Keough, informed
      Friends of the Homeless, Inc. employees that any cash income received by Friends of the
      Homeless, Inc. "Female Resident B" did not constitute "income" and should not be
      considered in calculating Friends of the Homeless, Inc. "Female Resident B's" true rental
      contributions.

106.  Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that in or about late September or early October of 2002, at the Defendant,
      Francis Keough's, direction, the Defendant, Angel Guzman, and a Friends of the
      Homeless, Inc. employee removed two refrigerators that had been stolen from the
      Springfield Housing Authority from the Defendant, Francis Keough's, Rhode Island
      residence and transported them to 24-26 Palmer Avenue, Springfield, MA while on
      Friends of the Homeless, Inc. time.

107.  Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that on December 16, 2002, the Defendant, Francis Keough, attempted to
      thwart an investigation of himself by, among other statements, falsely telling a FBI special
      agent that the heating system at the Defendant, Francis Keough's, Rhode Island residence
      "wasn't done by anybody with Housing Authority connections."

108.  Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that on April 8, 2003, the Defendant, Francis Keough, attempted to obstruct
      the grand jury investigation by, among other statements, falsely stating, "Fuckin' Christ
      no. What are you crazy?' in response to a FBI special agent's question about the use of
      Friends of the Homeless, Inc. money for the Defendant, Francis Keough's, Rhode Island
      property.

109.  Copies of all documents reflecting, relating or referring to or otherwise indicating or
      evidencing that on April 29, 2003, the Defendant, Francis Keough, attempted to obstruct
      the grand jury investigation by, among other statements, falsely stating to a FBI special
      agent, "Every fucking thing that I ever got out of there, I fucking paid for" in reference to
      the Defendant, Francis Keough's, Rhode Island residence and asking that his name be

removed from federal grand jury subpoenas.

111. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that beginning in or about the late summer, 2003, the Defendant, Francis Keough, caused the submission of false and fraudulent time sheets to the City of Springfield that included his personal work on the political campaign of an unsuccessful mayoral candidate for the City of Springfield. Including, but not limited to, any and all statements by Linda Melconian.

112. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that sometime between December 7, 2003 and December 23, 2003, the Defendant, Francis Keough, removed several mattresses and two televisions that had been stolen from the Friends of the Homeless, Inc. from the Defendant, Francis Keough's, Rhode Island residence in order to conceal evidence from federal investigators.

113. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about March, 2004, the Defendant, Francis Keough, met a Friends of the Homeless, Inc. employee at a Friendly's Restaurant in Westfield, Massachusetts and asked the Friends of the Homeless, Inc. employee to testify falsely before the federal grand jury.

114. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about May 7, 2004, the Defendant, Francis Keough, caused the City of Springfield to mail a reimbursement check for $89,159.86 for Friends of the Homeless, Inc. wages that included payment for personal work performed by the Defendant, Francis Keough, on the political campaign of a City of Springfield mayoral candidate while on Friends of the Homeless, Inc. time. Including, but not limited to, any and all statements by Linda Melconian.

115. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about July of 2004, at the Defendant, Francis Keough's, direction, a Friends of the Homeless, Inc. employee and several Hampden County work release inmates delivered and spread a load of mulch at the Defendant, Michael Hallahan's, residence at 5 Desrosiers Street, Springfield, MA while on Friends of the Homeless, Inc. time.

116. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about July 29, 2004, the Defendant, Francis Keough, caused the City of Springfield to mail a reimbursement check for $29,600.00 for Friends of the Homeless, Inc. wages that included payment for personal work performed by the Defendant, Francis Keough, while on Friends of the Homeless, Inc. time and hours not worked by the Defendant, Francis Keough.

117. Copies of all documents reflecting, relating or referring to or otherwise indicating or