evidencing that on or about May 24, 2005, the Defendant, Francis Keough, attempted to influence the testimony of a person identified as "Witness D" in the Indictment, by following "Witness D's" vehicle from a meeting at the Friends of the Homeless, Inc. Onto Interstate 91 and then approaching "Witness D's" vehicle while parked in the breakdown lane of Interstate 91.

118. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about June 14, 2005, the Defendant, Francis Keough, aided by the Defendant, Angel Guzman, attempted to obstruct the grand jury investigation by telling a person identified as "Witness B" in the Indictment, in substance, that "Witness B" should testify before the federal grand jury that "Witness B" was homeless at the time that "Witness B" enrolled in the Individual Self-Sufficiency Initiative Program, and that "Witness B" should not mention the fact that the Defendant, Francis Keough, had tenants living in the basement at 24-26 Palmer Avenue, Springfield, Massachusetts.

119. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that sometime between July 29, 2005 and August 11, 2005, the Defendant, Francis Keough, attempted to influence the testimony of a person identified as "Witness E" in the Indictment by trying to convince "Witness E" to repeat a false, exculpatory story to federal investigators or the federal grand jury to explain away false and fraudulent Friends of the Homeless, Inc. time sheets submitted by the Defendant, Michael Hallahan.

120. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about the following dates, the Defendant, Francis Keough, devised a scheme and artifice to defraud the Friends of the Homeless, Inc., the City of Springfield, the United States Department of Housing and Urban Development and the public of money and the intangible right to honest services by means of false pretenses, representations, promises, and material omissions, and knowingly caused to be delivered by the United States Postal Service or any private or commercial interstate carrier the following reimbursement checks issued by the City of Springfield and funded by the United States Department of Housing and Urban Development that in part paid for personal work performed by the Defendant, Francis Keough, while on the Friends of the Homeless, Inc.'s time, or hours not worked by the Defendant, Francis Keough, all for the purpose of executing, and attempting to execute, said scheme and artifice to defraud:

| Date | Check Amount |
|---|---|
| 09/30/02 | $ 25,864.00 |
| 10/18/02 | $ 5,893.44 |
| 01/02/03 | $ 9,256.00 |
| 01/02/03 | $ 5,669.53 |
| 02/21/03 | $ 5,669.03 |
| 03/21/03 | $ 25,692.83 |
| 04/10/03 | $ 5,669.53 |
| 05/09/03 | $ 13,296.63 |
| 06/23/03 | $ 5,658.28 |
| 07/09/03 | $ 4,797.75 |

|            |              |
|------------|--------------|
| 05/07/04   | $ 89,159.86  |
| 07/29/04   | $ 29,600.00  |

121. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about the following dates, the Defendant, Francis Keough, devised a scheme and artifice to defraud the Friends of the Homeless, Inc., the City of Springfield, the United States Department of Housing and Urban Development and the public of money and the intangible right to honest services by means of false pretenses, representations, promises, and material omissions, and knowingly caused to be delivered by the United States Postal Service or any private or commercial interstate carrier the following reimbursement checks issued by the City of Springfield and funded by the United States Department of Housing and Urban Development that in part paid for maintenance supplies purchased from a company headed by the Defendant, Francis Keough's, brother-in-law without a competitive bid process, all for the purpose of executing, and attempting to execute, said scheme and artifice to defraud:

| Date       | Check Amount  |
|------------|---------------|
| 03/29/01   | $ 13,293.62   |
| 03/30/02   | $  6,511.68   |
| 06/12/03   | $  7,810.00   |

122. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about the following dates, the Defendant, Francis Keough, devised a scheme and artifice to defraud the Friends of the Homeless, Inc., the United States Department of Housing and Urban Development and the Hampden Hampshire Housing Partnership of money and the intangible right to honest services by means of false pretenses, representations, promises, and material omissions, and knowingly caused to be delivered by the United States Postal Service or any private or commercial interstate carrier the following checks issued by the Hampden Hampshire Housing Partnership under the Individual Self-Sufficiency Initiative Program all for the purpose of executing, and attempting to execute, said scheme and artifice to defraud:

| Date       | Check Amount | Matter                    |
|------------|--------------|---------------------------|
| 05/01/01   | $  475.00    | Rent Check for "Tenant A" |
| 02/01/02   | $  473.00    | Rent Check for "Tenant B" |

123. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about the following dates, the Defendants, Francis Keough and Angel Guzman, devised a scheme and artifice to defraud the Friends of the Homeless, Inc., the United States Department of Housing and Urban Development and the Hampden Hampshire Housing Partnership of money and the intangible right to honest services by means of false pretenses, representations, promises, and material omissions, and knowingly caused to be delivered by the United States Postal Service or any private or commercial interstate carrier the following checks issued by the Hampden Hampshire Housing Partnership under the Individual Self-Sufficiency Initiative Program all for the purpose of executing, and attempting to execute, said scheme and artifice to defraud:

| Date | Check Amount | Matter |
|---|---|---|
| 10/01/01 | $ 475.00 | Rent Check for "Tenant C" |
| 02/01/02 | $ 475.00 | Rent Check for "Tenant D" |
| 09/01/02 | $ 475.00 | Rent Check for "Tenant E" |
| 10/01/02 | $ 475.00 | Rent Check for "Tenant F" |

124. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about May 17, 2001, the Defendant, Francis Keough, devised a scheme and artifice to defraud Union Mutual Fire Insurance Company of money by means of false pretenses, representations, promises, and material omissions, and knowingly caused to be delivered by the United States Postal Service or any private or commercial interstate carrier a Union Mutual Fire Insurance Company check made payable to the Defendant, Francis Keough, for $5,200.31 all for the purpose of executing, and attempting to execute, said scheme and artifice to defraud.

125. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about the following dates the Defendants, Francis Keough and Angel Guzman, devised a scheme and artifice to defraud the following mortgage companies of money by means of false pretenses, representations, promises, and material omissions, and knowingly caused to be delivered by the United States Postal Service or any private or commercial interstate carrier the following complete loan closing packages, which contained false and fraudulent loan documents, to the following mortgage companies, all for the purpose of executing, and attempting to execute, said scheme and artifice to defraud:

| Date | Mortgage Company | Loan Closing Package |
|---|---|---|
| 03/08/02 | New Century Mortgage | 24-26 Palmer Ave., Springfield |
| 10/03/03 | Countrywide Home Loans | 24-26 Palmer Ave., Springfield |

126. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about July 19, 2004, the Defendants, Francis Keough and Michael Hallahan, devised a scheme and artifice to defraud Full Spectrum Lending of money by means of false pretenses, representations, promises, and material omissions, and knowingly caused to be delivered by the United States Postal Service or any private or commercial interstate carrier a complete loan closing package, which contained false and fraudulent loan documents, for the purchase of 5 Desrosiers Avenue, Springfield, MA, to Full Spectrum Lending, all for the purpose of executing, and attempting to execute, said scheme and artifice to defraud.

127. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about March 7, 2002, the Defendant, Francis Keough, devised a scheme and artifice to defraud the Friends of the Homeless, Inc., the Springfield Housing Authority, the Commonwealth of Massachusetts and the public of money, property, and the intangible right to honest services by means of false pretenses, representations, promises, and material omissions, and knowingly caused to be delivered by the United

        States Postal Service or any private or commercial interstate carrier a Friends of the Homeless, Inc. check that did not include any rental contributions of Friends of the Homeless, Inc. "Female Resident A" for whom the Defendant, Francis Keough, had waived her rental obligations because of past and ongoing sexual relations, all for the purpose of executing, and attempting to execute, said scheme and artifice to defraud.

128. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about December 3, 2002, the Defendants, Francis Keough and Angel Guzman, devised a scheme and artifice to defraud the Friends of the Homeless, Inc., the Springfield Housing Authority, the Commonwealth of Massachusetts and the public of money, property, and the intangible right to honest services by means of false pretenses, representations, promises, and material omissions, and knowingly caused to be delivered by the United States Postal Service or any private or commercial interstate carrier a Friends of the Homeless, Inc. check that did not include any rental contributions of Friends of the Homeless, Inc. "Female Resident B" for whom the Defendant, Francis Keough, had waived her rental obligations because of past and ongoing sexual relations with the Defendants, Francis Keough and Angel Guzman, all for the purpose of executing, and attempting to execute, said scheme and artifice to defraud.

129. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that between on or about April 23, 1999 and December 8, 1999, the Defendant, Francis Keough, did knowingly, willfully, and unlawfully affect and attempt to affect interstate commerce by extortion, in that the Defendant, Francis Keough, unlawfully obtained $29,000.00 from The Ware Group, Inc., which property was not due the Defendant, Francis Keough, and The Ware Group, Inc.'s consent having been induced by wrongful use and threat of use of economic harm and under color of official right.

130. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that from on or about December 16, 2002 through or about April 29, 2003, the Defendant, Francis Keough, did corruptly obstruct and impede, and endeavor to obstruct and impede, the due administration of justice by making a series of false statements to a Special Agent of the Federal Bureau of Investigation about how the Defendant, Francis Keough, had paid for the construction of his residence in Charleston, Rhodes Island in order to have his name removed from grand jury subpoenas being issued on behalf of the federal grand jury.

131. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about April 8, 2003, the Defendant, Francis Keough, in a matter within the jurisdiction of the Federal Bureau of Investigation, United States Department of Justice, did knowingly and willfully make a false, fraudulent and fictitious material statement and representation, that is falsely stating to a Special Agent of the Federal Bureau of Investigation in substance that no money from the Friends of the Homeless, Inc. was ever used for the construction of his house in Charleston, Rhodes Island.

132. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about April 29, 2003, the Defendant, Francis Keough, in a matter

within the jurisdiction of the Federal Bureau of Investigation, United States Department of Justice, did knowingly and willfully make a false, fraudulent and fictitious material statement and representation, that is falsely stating to a Special Agent of the Federal Bureau of Investigation in substance that the Defendant, Francis Keough, had paid for everything used for the construction of his house in Charleston, Rhodes Island that he had received from a local building supply company.

133. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that from on or about March 16, 2004 through September 21, 2004, the Defendant, Francis Keough, did corruptly obstruct and impede, and endeavor to obstruct and impede, the due administration of justice by causing "Witness A" to testify falsely about personal work performed at the Defendant, Francis Keough's, residence in Charleston, Rhodes Island while on Friends of the Homeless, Inc.'s time and the use of inmates from the Hampden County House of Correction to perform personal work on the Defendant, Francis Keough's, personal and rental residences.

134. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that from on or about March 16, 2004 through September 21, 2004, the Defendant, Francis Keough, did knowingly corruptly persuade and attempt to persuade "Witness A" with the intent to influence the testimony of "Witness A" in a federal grand jury proceeding by telling "Witness A" in substance that "Witness A" should testify that "Witness A" worked at the Defendant, Francis Keough's, residence in Charleston, Rhodes Island while on personal time, and that "Witness A" exercised bad judgment and was at fault for allowing Hampden County House of Corrections inmates to perform personal work.

135. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about late 2004, or early 2005, the Defendant, Francis Keough, did knowingly corruptly persuade and attempt to persuade "Witness A" with the intent to influence the testimony of "Witness A" in an official proceeding by asking "Witness A" to tell the Federal Bureau of Investigation that "Witness A" personally observed the Defendant, Francis Keough, give $30,000.00 in cash to the owner of The Ware Group, Inc.

136. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about June 14, 2005, the Defendant, Francis Keough, did corruptly obstruct and impede, and endeavor to obstruct and impede, the due administration of justice by telling "Witness B" in substance to testify falsely about "Witness B's" living situation at the time "Witness B" enrolled in the Individual Self-Sufficiency Initiative Program, and not to mention the fact that the Defendant, Francis Keough, had tenants living in the basement at 24-26 Palmer Avenue, Springfield, Massachusetts.

137. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about June 14, 2005, the Defendant, Francis Keough, did knowingly corruptly persuade and attempt to persuade "Witness B" with the intent to influence the testimony of "Witness B" in a federal grand jury proceeding by telling "Witness B" in

substance that "Witness B" should testify that "Witness B" was homeless at the time "Witness B" enrolled in the Individual Self-Sufficiency Initiative Program, and that "Witness B" should not mention the fact that the Defendant, Francis Keough, had tenants living in the basement at 24-26 Palmer Avenue, Springfield, Massachusetts.

138. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about June of 2005, the Defendant, Francis Keough, did corruptly obstruct and impede, and endeavor to obstruct and impede, the due administration of justice by telling "Witness C" in substance that he protects his friends, that everyone should get on the same page, and that if "Witness C" wanted to say that "Witness C" was homeless at the time "Witness C" enrolled in the Individual Self-Sufficiency Initiative Program, that the Defendant, Francis Keough, would back up "Witness C."

139. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that in or about June of 2005, the Defendant, Francis Keough, did knowingly corruptly persuade and attempt to persuade "Witness C" with the intent to influence the testimony of "Witness C" in a federal grand jury proceeding by telling "Witness C" in substance that he protects his friends, that everyone should get on the same page, and that if "Witness C" wanted to say that "Witness C" was homeless at the time "Witness C" enrolled in the Individual Self-Sufficiency Initiative Program, that the Defendant, Francis Keough, would back up "Witness C."

130. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about May 24, 2005, the Defendant, Francis Keough, did corruptly obstruct and impede, and endeavor to obstruct and impede, the due administration of justice by following "Witness D" in his vehicle and eventually causing "Witness D" to stop in the breakdown lane of Interstate 91 in an attempt to influence "Witness D's" testimony before the federal grand jury regarding her recollection seeing the Defendant, Francis Keough, give cash to the owner of The Ware Group, Inc.

141. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about May 24, 2005, the Defendant, Francis Keough, did knowingly corruptly persuade and attempt to persuade "Witness D" with the intent to influence the testimony of "Witness D" in a federal grand jury proceeding by following "Witness D" in his vehicle and eventually causing "Witness D" to stop in the breakdown lane of Interstate 91 in an attempt to "remind" "Witness D" that "Witness D" had seen the Defendant, Francis Keough, give cash to the owner of The Ware Group, Inc., a fact that "Witness D" disputed.

142. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that sometime between July 29, 2005 and August 11, 2005, the Defendant, Francis Keough, did endeavor to obstruct and impede the due administration of justice by attempting to influence "Witness E" to state that hours not worked, but fraudulently recorded on Friends of the Homeless, Inc. time sheets for certain Friends of the Homeless, Inc. Intake workers had actually been worked by the Friends of the Homeless, Inc. intake workers on other, unrecorded occasions.

143. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that sometime between July 29, 2005 and August 11, 2005, the Defendant, Francis Keough, did knowingly attempt to corruptly persuade "Witness E" with the intent to influence the testimony of "Witness E" in a federal grand jury proceeding by attempting to influence "Witness E" to state that hours not worked, but fraudulently recorded on Friends of the Homeless, Inc. time sheets for certain Friends of the Homeless, Inc. Intake workers had actually been worked by the Friends of the Homeless, Inc. intake workers on other, unrecorded occasions.

144. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about April 22, 2003, the Defendant, Francis Keough, while under oath and testifying in a proceeding before a federal grand jury, knowingly made a false material declaration, that is to say that in response to questions with respect to Friends of the Homeless, Inc. employee time sheets, the Defendant, Francis Keough, testified:

> Q: It is accurate that all of the time sheets that you have produced are true and correct?
>
> A: <u>Yes. To the best of my knowledge.</u>

and that the aforesaid underscored testimony of the Defendant, Francis Keough, as he then and there well knew and believed, was false in that the Defendant, Francis Keough, knew that he produced Friends of the Homeless, Inc. time sheets for himself and certain Friends of the Homeless, Inc. intake workers that were not true and correct.

145. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about July 29, 2005, and August 11, 2005, the Defendant, Francis Keough, did willfully and knowingly disobey and resist a lawful order of a Court of the United States, that is, the order issued by the Honorable Kenneth P. Neiman, United States Magistrate Judge on July 29, 2005, in the District of Massachusetts in the case of <u>United States v. Francis G. Keough, III</u>, prohibiting the Defendant, Francis Keough, from having contact with any witnesses, by having contact with witnesses and potential witnesses in the above-captioned matter in violation of the Court's order.

146. Copies of all documents reflecting, relating or referring to or otherwise indicating or evidencing that on or about the following dates, the Defendant, Francis Keough, did willfully make and subscribe a U.S. Individual Income Tax Return Form 1040, for the following calendar years, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service Center which said income tax returns the Defendant, Francis Keough, did not believe to be true and correct as to every material matter in that said returns reported the following total income figures on Line 22, where the Defendant, Francis Keough, then and there knew and believed the said returns did not report all of his total income, and his total income was greater than the amount reported on Line 22:

| Calendar Year | Total Income |
|---|---|
| 1999 | $ 72,857.00 |
| 2000 | $ 125,215.00 |
| 2001 | $ 128,208.00 |
| 2002 | $ 237,709.00 |
| 2003 | $ 111,065.00 |

147. A listing, including name, last known address, and any other identifying information of all inmates at the Hampden County House of Correction, present or former, that are alleged to have acted at the direction of Mr. Keough, whether by him personally or through an agent, to perform acts on private residences, and private businesses in violation of Hampden County House of Correction policy.

Thank you for your prompt attention to this matter.

Sincerely,

/s/ Daniel D. Kelly
Daniel D. Kelly, Esq.,
101 State Street, Suite 715
Springfield, MA 01103
Phone (413) 733-0770
Fax (413) 733-1245
BBO No.: 634648

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 6, 2006.

/s/ Daniel D. Kelly
Daniel D. Kelly