UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-30032-MAP |
| ) | |
| FRANCIS G. KEOUGH, III, ) | |
| Defendant. ) | |

**UNITED STATES' MOTION FOR
MONEY JUDGMENT AND FINAL ORDER OF FORFEITURE**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Final Order of Forfeiture in the above-captioned case pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2641. A proposed Money Judgment and a proposed Final Order of Forfeiture are submitted herewith. In support thereof, the United States sets forth the following:

1. On January 12, 2006, a federal grand jury of this district returned a fifty-count Second Superseding Indictment charging Francis G. Keough, III (the "Defendant") and others, with the following: Conspiracy to Commit Mail Fraud and Theft of Honest Services, in violation of 18 U.S.C. § 371, § 1341, and § 1346, (Count One); Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts Two through Twenty-Eight); Extortion, in violation of 18 U.S.C. § 1951 (Count Twenty Nine); Obstruction of Justice, in violation § 18 U.S.C. § 1503 (Counts Thirty, Thirty-Three, Thirty-Six, Thirty-Eight, Forty, and Forty-Two); Making a False Statement, in violation of 18 U.S.C. § 1001 (Counts Thirty-One

and Thirty-Two); Witness Tampering, in violation of 18 U.S.C. § 1512 (Counts Thirty-Four, Thirty-Five, Thirty-Seven, Thirty-Nine, Forty-One, and Forty-Three); Perjury, in violation of 18 U.S.C. § 1623 (a) (Count Forty-Four); Criminal Contempt, in violation of 18 U.S.C. § 401 (3) (Count Forty-Five); Filing a False U.S. Individual Income Tax Return, in violation of 26 U.S.C. § 7206 (1) (Counts Forty-Six through Fifty).

    2.    The Second Superseding Indictment sought the forfeiture, pursuant to 18 U.S.C. § 982 (a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the offenses and/or, pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the violations.  The property to be forfeited specifically included without limitation:

    (a)    a sum of U.S. Currency not less than $1,000,000.00; and

    (b)    5 Desrosiers Street, Springfield, Massachusetts (the "Real Property").

    3.    The Forfeiture Allegation of the Second Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c)

has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982, 28 U.S.C. § 2461, and 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraphs (a) through (b) above.

4. On January 5, 2007, the Defendant pled guilty to Counts One, Twelve, Fourteen, Seventeen, Nineteen, Twenty-Three, Twenty-Four, Twenty-Nine, Thirty, Thirty-Two, Thirty-Four, Forty-Four, and Forty-Six of the Second Superseding Indictment pursuant to a written plea agreement he signed on January 5, 2007.

5. In the plea agreement, the Defendant agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 as a result of his guilty plea. The Defendant also admitted that the Real Property is subject to forfeiture on the grounds that it constitutes or is derived from proceeds traceable to his offenses. The Defendant and the U.S. Attorney's Office agreed that the Defendant will forfeit to the United States a sum of $145,000.00 in United States currency, representing the amount of proceeds from his violations the Defendant invested in the Real Property, in lieu of the Real Property.

6. On March 21, 2007, the United States received a check in the amount of $88,105.44 (the "Currency") from the Defendant, in partial satisfaction of his forfeiture obligation.

7. By virtue of Defendant's guilty plea and based on the admissions in his plea agreement, the United States now is entitled to forfeit the Currency. Accordingly, the United States now moves for entry of a Final Order of Forfeiture against the Currency. See Fed. R. Crim. P. 32.2(b)(1).

8. The United States has not, as of this date, identified any other specific assets that constitute proceeds of the Defendant's illegal activity. Accordingly, the United States also seeks the entry of an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $56,894.56 in United States currency. This amount represents the proceeds of the Defendant's illegal activity which the Defendant invested in the Real Property, less the Currency.

9. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. See, e.g., United States v. Hall, 434 F.3d 42, 59 (1st Cir. 2006)(criminal forfeiture order may take several forms, including an in personam judgment against defendant for amount of money defendant obtained as proceeds of offense).

10.  Once the Money Judgment is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Money Judgment to forfeit specific property of the Defendant, having a value up to the amount of the money judgment, as substitute assets.  See Candelaria-Silva, 166 F.3d at 42 (once government has obtained money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment).

11.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the Money Judgment and the Final Order of Forfeiture must be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and must be included in the criminal judgment entered by the Court against the Defendant.

WHEREFORE, the United States respectfully requests:

(1) that this Court enter a Money Judgment and a Final Order of Forfeiture against the above-described Currency in the forms submitted herewith; and

(2) that the Money Judgment and the Final Order of Forfeiture be included in the oral pronouncement at the sentencing hearing and in the criminal judgment entered by the Court.

>                    Respectfully submitted,
>
>                    MICHAEL J. SULLIVAN
>                    United States Attorney,
>
>              By:   /s/ Kristina E. Barclay
>                    STEVEN BRESLOW
>                    KRISTINA E. BARCLAY
>                    Assistant U.S. Attorneys
>                    United States Courthouse
>                    Suite 9200
>                    1 Courthouse Way
>                    Boston, MA 02210
>                    (617) 748-3100

Date: March 23, 2007

## CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing United States' Motion for Money Judgment and Final Order of Forfeiture, as well as the proposed Money Judgment and Final Order of Forfeiture, were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

>                    /s/Kristina E. Barclay
>                    KRISTINA E. BARCLAY
>                    Assistant U.S. Attorney

Date: March 23, 2007