UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.    ) | CRIMINAL NO. 04-30032-MAP |
| ) | |
| FRANCIS G. KEOUGH, III,    ) | |
| Defendant.    ) | |

### FINAL ORDER OF FORFEITURE

**Ponsor, D.J.**

WHEREAS, on January 12, 2006, a federal grand jury of this district returned a fifty-count Second Superseding Indictment charging Francis G. Keough, III (the "Defendant") and others, with the following: Conspiracy to Commit Mail Fraud and Theft of Honest Services, in violation of 18 U.S.C. § 371, § 1341, and § 1346, (Count One); Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts Two through Twenty-Eight); Extortion, in violation of 18 U.S.C. § 1951 (Count Twenty Nine); Obstruction of Justice, in violation § 18 U.S.C. § 1503 (Counts Thirty, Thirty-Three, Thirty-Six, Thirty-Eight, Forty, and Forty-Two); Making a False Statement, in violation of 18 U.S.C. § 1001 (Counts Thirty-One and Thirty-Two); Witness Tampering, in violation of 18 U.S.C. § 1512 (Counts Thirty-Four, Thirty-Five, Thirty-Seven, Thirty-Nine, Forty-One, and Forty-Three); Perjury, in violation of 18 U.S.C. § 1623 (a) (Count Forty-Four); Criminal Contempt, in violation of 18 U.S.C. § 401 (3) (Count Forty-Five); Filing a False U.S. Individual Income Tax Return, in violation of 26 U.S.C. § 7206 (1) (Counts Forty-Six through Fifty);

WHEREAS, the Forfeiture Allegation of the Second Superseding Indictment sought the forfeiture, pursuant to 18 U.S.C. § 982 (a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the offenses and/or, pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the violations, specifically including without limitation:

(a) a sum of U.S. Currency not less than $1,000,000.00; and

(b) 5 Desrosiers Street, Springfield, Massachusetts (the "Real Property");

WHEREAS, the Forfeiture Allegation of the Second Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982, 28 U.S.C. § 2461, and 21 U.S.C. § 853 (p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraphs (a) through (b)

above;

WHEREAS, on January 5, 2007, the Defendant pled guilty to Counts One, Twelve, Fourteen, Seventeen, Nineteen, Twenty-Three, Twenty-Four, Twenty-Nine, Thirty, Thirty-Two, Thirty-Four, Forty-Four, and Forty-Six of the Second Superseding Indictment pursuant to a written plea agreement he signed on January 5, 2007;

WHEREAS, in the plea agreement, the Defendant agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 as a result of his guilty plea, and admitted that the Real Property is subject to forfeiture on the grounds that it constitutes or is derived from proceeds traceable to his offenses;

WHEREAS, the Defendant and the U.S. Attorney's Office agreed that the Defendant will forfeit to the United States a sum of $145,000.00 in United States currency, representing the amount of proceeds from his violations the Defendant invested in the Real Property, in lieu of the Real Property;

WHEREAS, on March 21, 2007, the United States received a check in the amount of $88,105.44 (the "Currency") from the Defendant, in partial satisfaction of his forfeiture obligation;

WHEREAS, by virtue of the Defendant's guilty plea and based on his written plea agreement and his admissions, the United States now is entitled to forfeit the Currency;

WHEREAS, the United States has moved for entry of a Final Order of Forfeiture against the Currency, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the Final Order of Forfeiture must be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and must be included in the criminal judgment entered by the Court against the Defendant.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The Defendant shall forfeit the Currency to the United States.

3. The United States Marshals Service shall take custody of the Currency, and shall dispose of it according to law and this Order.

4. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and his admissions in the written plea agreement, that the United States has established the requisite nexus between the Currency to be forfeited and the offenses to which the Defendant pled guilty.

5.  Accordingly, all of the Defendant's interests in the Currency are hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).

6.  Pursuant to Rule 32.2(b)(3), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court, against the Defendant.

DONE AND ORDERED in Springfield, Massachusetts, this 27th day of March, 2007.

_____
MICHAEL A. PONSOR
United States District Judge

5