FRIENDS OF THE HOMELESS, INC.
769 Worthington Street
Springfield, Massachusetts 01105
(413) 732-3069

March 27, 2007

The Honorable Judge Michael A. Ponsor
United States District Court
1550 Main Street
Springfield, MA 01103

      Re:    Victim Impact Statement: United States v. Francis G. Keough, et al

Dear Judge Ponsor:

      Friends of the Homeless, Inc. submits this victim impact statement for your consideration in determining appropriate sentences for the defendants involved in this case.

      Frances G. Keough was Executive Director of Friends of the Homeless, Inc. for approximately 11 years, until 2005, when his employment was terminated following the appointment of a new Board of Directors to manage the agency. I was selected by the new Board of Directors as Executive Director in 2005. In my capacity as Executive Director, I have become aware of the serious neglect and harm to this agency that was caused by Mr. Keough. The loss of honest services by Mr. Keough, and by others for whom Mr. Keough had management responsibility, has cost the agency significant damages in several different ways.

      Friends of the Homeless operates a homeless shelter that provides single room occupancy shelter, open bed dormitory style shelter, meals and other services to homeless persons at its facilities on Worthington Street, Springfield. Mr. Keough's actions have damaged the reputation of the agency and the confidence of those with whom the agency interacts.

      The loss of honest services by Mr. Keough and others has affected the agency in different ways. A meals program that serves over 70,000 meals per year had been badly neglected. No funds for services had been obtained after the agency had a falling out with a prior provider of meals. In addition, the Food Bank of Western Massachusetts severed its ties with Friends of the Homeless due to allegations that merchandise obtained from the Food Bank was being resold. A program by the Sheriff's Department to provide persons to perform maintenance services at the facility had been cancelled due to alleged misuse by Mr. Keough of the personnel assigned to the agency allowing further disrepair.

      The building at 769 Worthington Street was badly neglected. A "transitional living program" had been operating in the basement of the main building at 769 Worthington Street despite the fact that raw sewage backed up regularly and flooded the basement. The new administration was required to replace a boiler system ruined by the sewage at substantial cost. The agency is still attempting to mitigate water damage that dates back to the 1990's.

498849

The Honorable Judge Michael A. Ponsor
March 27, 2007
Page 2

One of the primary sources of revenue for Friends of the Homeless was rental subsidy income that it received for tenancy provided to low-income residents in single room occupancy units. That income was channeled through the Springfield Housing Authority. At the time the new board was assembled for Friends of the Homeless and I was hired, this relationship was in a shambles. In the end it cost Friends of the Homeless approximately $250,000 to settle the decade-old discrepancy. That amount represents close to one quarter of the annual operating expenses for all of Friends of Homeless' programs combined.

Proper funding mechanisms and proper delivery of services had been neglected. The agency has a state contract through the Department of Transitional Assistance for funding the open bed shelter. Although the shelter was housing as many as 80 people or more per night, the primary state contract paid only for 48 beds at rates that are less than half of the statewide average per unit. A woman's shelter developed in 1999 has no direct funding from any state agency. A post-detox program had been operating with little supervision on the premises.

I found that during Mr. Keough's administration, there had been limited or no attempts to implement any modern personnel policy, as well as displays of favoritism that I found unconscionable. I have had to rebuild a staff that can effectively deliver the services that the agency was organized to provide.

One of the worst things that Mr. Keough did was to accept an enormous salary for his position at such a small and ill-funded agency. He received a salary and benefits in excess of ten percent of the total operating budget, despite the fact that there are an average of 30 employees needed to run the agency. That salary has been repeatedly published leading people to think the agency is reasonably well funded when it is not. It is just a further sign of Mr. Keough's disregard for the individuals in need of services and the needs of the agency, overall.

We are slowly trying to repair all of the neglect and harm caused by Mr. Keough. The lack of proper effort, and the deprivation of honest services by Mr. Keough and various staff members, has hindered the agency in its efforts to assist homeless individuals of the community and the region. Friends of the Homeless would welcome any restitution that might be available to cover its losses.

Very truly yours,

William J. Miller, Executive Director