UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 04-30032-MAP |
| ) | |
| FRANCIS G. KEOUGH, III,   ) | |
| Defendant.   ) | |

**UNITED STATES' MOTION FOR A**
**PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461.  A proposed Preliminary Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

1.   On January 12, 2006, a federal grand jury of this district returned a fifty-count Second Superseding Indictment charging Francis G. Keough, III (the "Defendant") and others, with the following: Conspiracy to Commit Mail Fraud and Theft of Honest Services, in violation of 18 U.S.C. § 371, § 1341, and § 1346, (Count One); Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts Two through Twenty-Eight); Extortion, in violation of 18 U.S.C. § 1951 (Count Twenty Nine); Obstruction of Justice, in violation of 18 U.S.C. § 1503 (Counts Thirty, Thirty-Three, Thirty-Six, Thirty-Eight, Forty, and Forty-Two); Making a False

Statement, in violation of 18 U.S.C. § 1001 (Counts Thirty-One and Thirty-Two); Witness Tampering, in violation of 18 U.S.C. § 1512 (Counts Thirty-Four, Thirty-Five, Thirty-Seven, Thirty-Nine, Forty-One, and Forty-Three); Perjury, in violation of 18 U.S.C. § 1623 (a) (Count Forty-Four); Criminal Contempt, in violation of 18 U.S.C. § 401 (3) (Count Forty-Five); Filing a False U.S. Individual Income Tax Return, in violation of 26 U.S.C. § 7206 (1) (Counts Forty-Six through Fifty).

    2. The Second Superseding Indictment sought the forfeiture, pursuant to 18 U.S.C. § 982 (a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the offenses and/or, pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the violations. The property to be forfeited specifically included without limitation:

    (a) a sum of U.S. Currency not less than $1,000,000.00; and

    (b) 5 Desrosiers Street, Springfield, Massachusetts (the "Springfield Property").

    3. The Forfeiture Allegation of the Second Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has

been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982, 28 U.S.C. § 2461, and 21 U.S.C. § 853 (p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraphs (a) through (b) above.

4. On January 5, 2007, the Defendant pled guilty to Counts One, Twelve, Fourteen, Seventeen, Nineteen, Twenty-Three, Twenty-Four, Twenty-Nine, Thirty, Thirty-Two, Thirty-Four, Forty-Four, and Forty-Six of the Second Superseding Indictment pursuant to a written plea agreement he signed on January 5, 2007.

5. In the plea agreement, the Defendant agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461 as a result of his guilty plea. The Defendant also admitted that the Springfield Property is subject to forfeiture on the grounds that it constitutes or is derived from proceeds traceable to his offenses. The Defendant and the U.S. Attorney's Office agreed that the Defendant will forfeit to the United States a sum of $145,000.00 in United States currency, representing the amount of proceeds from his violations the Defendant invested in the Springfield Property, in

lieu of the Springfield Property.

6. On March 21, 2007, the United States received a check in the amount of $88,105.44 from the Defendant, in partial satisfaction of his forfeiture obligation. On March 27, 2007, the Court endorsed a Final Order of Forfeiture directing the forfeiture of the $88,105.44, and a Money Judgment for the remaining $56,984.56.

7. To date, the Defendant has not made any payments towards the outstanding Money Judgment. The United States has identified two assets which could be used to satisfy the outstanding Money Judgment: (1) the Springfield Property, and (2) the real property located at 59 Oyster Drive, Charlestown, Rhode Island (the "Rhode Island Property"). Because the Defendant's wife and minor child reside at the Springfield Property, the United States has agreed to seek forfeiture of the Rhode Island Property to satisfy the outstanding Money Judgment. The United States reserves the right to seek forfeiture of the Springfield Property, in the event that forfeiture of the Rhode Island Property fails to generate sufficient funds to satisfy the outstanding Money Judgment.

8. Pursuant to Rule 32.2(e)(1), the United States is entitled to a preliminary order of forfeiture against the Rhode Island Property, up to the amount of $56,984.56. Upon issuance of a preliminary order of forfeiture, the United States will

provide written notice to all third parties asserting a legal interest in the Rhode Island Property and will publish notice of the Court's order and of the United States' intent to dispose of the Rhode Island Property in a newspaper of general circulation in the district of Massachusetts and in the district of Rhode Island, in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).

WHEREFORE, the United States requests that this Court enter a Preliminary Order of Forfeiture in the form submitted herewith.

>                    Respectfully submitted,
>
>                    MICHAEL J. SULLIVAN
>                    United States Attorney
>
>
>               By:  /s/ Kristina E. Barclay
>                    STEVEN BRESLOW
>                    KRISTINA E. BARCLAY
>                    Assistant U.S. Attorneys

Date: July 12, 2007

### CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing United States' Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

>                    /s/Kristina E. Barclay
>                    KRISTINA E. BARCLAY
>                    Assistant U.S. Attorney

Dated: July 12, 2007