UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA    )
                            )
        v.                  )    CRIMINAL NO. 04-30032-MAP
                            )
FRANCIS G. KEOUGH, III,     )
          Defendant.        )
```

## PRELIMINARY ORDER OF FORFEITURE

**PONSOR, D.J.**

　　WHEREAS, on January 12, 2006, a federal grand jury of this district returned a fifty-count Second Superseding Indictment charging Francis G. Keough, III (the "Defendant") and others, with the following: Conspiracy to Commit Mail Fraud and Theft of Honest Services, in violation of 18 U.S.C. § 371, § 1341, and § 1346, (Count One); Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts Two through Twenty-Eight); Extortion, in violation of 18 U.S.C. § 1951 (Count Twenty Nine); Obstruction of Justice, in violation of 18 U.S.C. § 1503 (Counts Thirty, Thirty-Three, Thirty-Six, Thirty-Eight, Forty, and Forty-Two); Making a False Statement, in violation of 18 U.S.C. § 1001 (Counts Thirty-One and Thirty-Two); Witness Tampering, in violation of 18 U.S.C. § 1512 (Counts Thirty-Four, Thirty-Five, Thirty-Seven, Thirty-Nine, Forty-One, and Forty-Three); Perjury, in violation of 18 U.S.C. § 1623 (a) (Count Forty-Four); Criminal Contempt, in violation of 18 U.S.C. § 401 (3) (Count Forty-Five); Filing a

False U.S. Individual Income Tax Return, in violation of 26 U.S.C. § 7206 (1) (Counts Forty-Six through Fifty);

WHEREAS, the Second Superseding Indictment sought the forfeiture, pursuant to 18 U.S.C. § 982 (a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the offenses and/or, pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the violations, and the property to be forfeited specifically included without limitation:

    (a)   a sum of U.S. Currency not less than $1,000,000.00; and

    (b)   5 Desrosiers Street, Springfield, Massachusetts (the "Springfield Property");

WHEREAS, the Forfeiture Allegation of the Second Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982, 28 U.S.C. § 2461, and 21

U.S.C. § 853 (p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraphs (a) through (b) above;

WHEREAS, on January 5, 2007, the Defendant pled guilty to Counts One, Twelve, Fourteen, Seventeen, Nineteen, Twenty-Three, Twenty-Four, Twenty-Nine, Thirty, Thirty-Two, Thirty-Four, Forty-Four, and Forty-Six of the Second Superseding Indictment pursuant to a written plea agreement he signed on January 5, 2007;

WHEREAS, in the plea agreement, the Defendant agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461 as a result of his guilty plea, and admitted that the Springfield Property is subject to forfeiture on the grounds that it constitutes or is derived from proceeds traceable to his offenses;

WHEREAS, the Defendant and the U.S. Attorney's Office agreed that the Defendant will forfeit to the United States a sum of $145,000 in United States currency, representing the amount of proceeds from his violations the Defendant invested in the Springfield Property, in lieu of the Springfield Property;

WHEREAS, on March 21, 2007, the United States received a check in the amount of $88,105.44 from the Defendant, in partial satisfaction of his forfeiture obligation;

WHEREAS, on March 27, 2007, the Court endorsed a Final Order of Forfeiture directing the forfeiture of the $88,105.44, and a Money Judgment for the remaining $56,984.56;

WHEREAS, to date, the Defendant has not made any payments towards the outstanding Money Judgment;

WHEREAS, the United States has identified two assets which could be used to satisfy the outstanding Money Judgment: (1) the Springfield Property, and (2) the real property located at 59 Oyster Drive, Charlestown, Rhode Island (the "Rhode Island Property");

WHEREAS, the United States has agreed to seek forfeiture of the Rhode Island Property to satisfy the outstanding Money Judgment; and

WHEREAS, pursuant to 21 U.S.C. § 853 (p) and Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, the United States is now entitled to a preliminary order of forfeiture against the Rhode Island Property, up to the amount of $56,984.56.

NOW THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED:

1.   The United States' Motion for Preliminary Order of Forfeiture is ALLOWED.

2.   Pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982, and Rule 32.2 (e)(1) of the Federal Rules of Criminal Procedure, the Defendant's interest in the Rhode Island

Property, up to the amount of $56,984.56, is hereby forfeited to the United States.

3. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982, the United States Marshals Service shall publish at least once for three successive weeks in <u>The Republican</u>, notice of this Order and of the intent of the United States to dispose of the Rhode Island Property in such manner as the Attorney General may direct.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982, the United States Marshals Service shall give, to the extent practicable, written notice to any person known to have alleged an interest in the Rhode Island Property to be forfeited.

5. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 982, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Rhode Island Property shall within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the

Rhode Island Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Rhode Island Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Rhode Island Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 21 U.S.C. § 853(n)(6) and (7), as incorporated by 18 U.S.C. § 982, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982, for the filing of such petitions, the United States Attorney shall have clear title to the Rhode Island Property, for the purpose of disposal of the Rhode Island Property and forfeiture of $56,984.56 of the net proceeds.

7. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982, in which all interests will be addressed.

8.  This Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

_____
MICHAEL A. PONSOR
United States District Judge

Dated: