UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NOS. 04-30032-MAP
04-30032-MAP-1

UNITED STATES OF AMERICA, )
    Plaintiff )
)
vs. )
)
FRANCIS G. KEOUGH, III )
    Defendant )

### DEFENDANT FRANCIS KEOUGH'S MOTION AND OPPOSITION TO THE UNTIED STATES' MOTION FOR A PRELIMINARY ORDER OF FORFEITURE

NOW HERE COMES the defendant, Francis Keough, in the above-entitled matter and respectfully requests this Honorable Court to deny, or to delay the entry of judgment on The Untied States' Motion for a Preliminary Order of Forfeiture with respect to his property located in Charlestown, Rhode Island.

### RESPONSE TO FACTUAL STATEMENTS MADE BY THE UNITED STATES IN ITS' MOTION

The defendant states that there are some factual errors in The United States' Motion which would like to have corrected in the Final Order of Forfeiture should it be granted by the Court. The Untied States refers to the "Springfield property" as 5 Desrosiers Street as the home currently being occupied by the defendant's wife and minor child. That is incorrect. The home currently occupied by the defendant's wife and minor child is located on Sumner Avenue in Springfield, Massachusetts. Furthermore, The United States' Motion states that the home occupied by the defendant's wife and minor child is subject to forfeiture on the grounds that it constitutes or is derived from proceeds trace full to his offenses as admitted by the defendant.

The defendant made his omissions regarding the 5 Derosiers Street property, not the Sumner Avenue property occupied by his wife and minor child. The defendant has never made any omissions regarding the Sumner Avenue home, and maintains that this home, which the defendant has owned for several years, is not the subject of or constitutes or is derived from proceeds trace full to his offenses.

## OPPOSITION TO THE PLAINTIFF'S MOTION

The defendant respectfully request this Court to deny the Government's motion, or in the alternative to delay the entry of the Order for the following reasons. The defendant, according to The Federal Bureau of Prisons Guidelines, will be eligible to enter into a halfway home in the next (60) sixty to (90) ninety days, during which time he will be allowed to obtain employment. Through this employment the defendant will be able to pay back to the Government, in the form of monthly payments, the amounts that could be applied toward the outstanding amounts owed in this case.

At the time of the defendant's sentencing the Court expressed interest that the first amount of monies to be paid back would be the amount payable to the homeless shelter which formerly employed the defendant. The defendant upon obtaining employment in the next several months would be able to begin making those restitution payments.

The Charlestown property referenced by the Government in its' motion currently does not have access via land. The defendant is currently in a dispute with the Sachem Passage Homeowners Association which resulted in a Trial in the Rhode Island State Courts. As a result of this Trial it was ruled that the Sachem Passage Homeowners Association retains the complete jurisdiction and discretion to allow whomever they choose to obtain passage to the defendant's

home. As such they have continued to deny passage to the defendant and any member of his family.

The defendant is represented in his dispute with the Sachem Passage Homeowners Association by Attorney David Lemoie of Providence Rhode Island. Mr. Lemoie has been in recent contact with the Sachem Passage Homeowners Association, and has proposed a settlement of the dispute. (See affidavit of Attorney David Lemoie attached hereto as Exhibit A) The settlement would entail the Sachem Passage Homeowners Association granting access to the Keough family for the purposes of selling the property to a third party. This would allow the home to be sold at a market rate. Without such passage, the auction of the home could bring a final amount less than the amounts owed by the defendant to the Government, as the new buyer would then have to begin negotiations with the Sachem Passage Homeowners Association to buy access to the Keough property.

Attorney Lemoie has stated that the Sachem Passage Homeowners Association is due to discuss this proposed settlement at an upcoming meeting that will be scheduled in the near future. Allowing the temporary delay of this order to have Mr. Keough gain access via the settlement proposal with the Sachem Passage Homeowners Association, will allow the defendant to list the property with a local independent realtor. To date, no realtor has been willing to accept this listing as it did not have access to the home.

The defendant is fearful that without access to the home being granted by the Sachem Passage Homeowners Association the house will bring a value much below its' market value, thereby depriving either himself, or the Government, of the amount of money that could be gained by either party should a sale take place after the proposed settlement.

Wherefore the defendant is requesting that the Court deny the Government's motion as the defendant is on the verge of obtaining gainful employment, as well as possibly obtaining access to his home. This would allow the defendant to make his restitution payments to the homeless shelter a priority over the balance owed to the Government through its forfeiture proceedings.

In the alternative the defendant is requesting this Court to delay the entry of its Order to give the defendant time to settle with the Sachem Passage Homeowners Association the disputed access issues. This would allow the defendant to market the property with an independent realtor and receive full value for the property, at which point the Government and the homeless shelter, would be able to receive the most possible money.

THE DEFENDANT
FRANCIS KEOUGH

By /s/ Daniel D. Kelly
Daniel D. Kelly, Esq.
115 State Street, Suite 300
Springfield, MA 01103
(413) 733-0770 phone
(413) 733-1245 fax
BBO No.: 634648

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 2, 2007.

/s/ Daniel D. Kelly
Daniel D. Kelly