UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,      )
                               )
         v.                    )   CRIMINAL NO. 04-30032-MAP
                               )
FRANCIS G. KEOUGH, III,        )
         Defendant.            )
```

### AMENDED MONEY JUDGMENT

**Ponsor, D.J.**

WHEREAS, on January 12, 2006, a federal grand jury of this district returned a fifty-count Second Superseding Indictment charging Francis G. Keough, III (the "Defendant") and others, with the following: Conspiracy to Commit Mail Fraud and Theft of Honest Services, in violation of 18 U.S.C. § 371, § 1341, and § 1346, (Count One); Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts Two through Twenty-Eight); Extortion, in violation of 18 U.S.C. § 1951 (Count Twenty Nine); Obstruction of Justice, in violation § 18 U.S.C. § 1503 (Counts Thirty, Thirty-Three, Thirty-Six, Thirty-Eight, Forty, and Forty-Two); Making a False Statement, in violation of 18 U.S.C. § 1001 (Counts Thirty-One and Thirty-Two); Witness Tampering, in violation of 18 U.S.C. § 1512 (Counts Thirty-Four, Thirty-Five, Thirty-Seven, Thirty-Nine, Forty-One, and Forty-Three); Perjury, in violation of 18 U.S.C. § 1623 (a) (Count Forty-Four); Criminal Contempt, in violation of 18 U.S.C. § 401 (3) (Count Forty-Five); Filing a False U.S. Individual Income Tax Return, in violation of 26 U.S.C. § 7206 (1) (Counts Forty-Six through Fifty);

WHEREAS, the Forfeiture Allegation of the Second Superseding Indictment sought the forfeiture, pursuant to 18 U.S.C. § 982 (a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the offenses and/or, pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the violations, specifically including without limitation:

    (a)  a sum of U.S. Currency not less than $1,000,000.00; and

    (b)  5 Desrosiers Street, Springfield, Massachusetts;

WHEREAS, the Forfeiture Allegation of the Second Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982, 28 U.S.C. § 2461, and 21 U.S.C. § 853 (p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraphs (a) through (b) above;

WHEREAS, on January 5, 2007, the Defendant pled guilty to Counts One, Twelve, Fourteen, Seventeen, Nineteen, Twenty-Three, Twenty-Four, Twenty-Nine, Thirty, Thirty-Two, Thirty-Four, Forty-Four, and Forty-Six of the Second Superseding Indictment pursuant to a written plea agreement he signed on January 5, 2007;

WHEREAS, in the plea agreement, the Defendant agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461 as a result of his guilty plea;

WHEREAS, the Defendant and the U.S. Attorney's Office agreed that the Defendant will forfeit to the United States a sum of $145,000.00 in United States currency, representing the amount of proceeds from his violations;

WHEREAS, the United States has not, as of this date, identified any other specific assets that constitute or were derived from proceeds of the Defendant's illegal activities;

WHEREAS, the United States has moved for entry of an Amended Money Judgment, which would consist of a personal money judgment against the Defendant in the amount of $145,000.00 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $145,000.00 in United States currency, pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Money Judgment.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Money Judgment to substitute property having a value not to exceed the amounts set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

DONE AND ORDERED in Springfield, Massachusetts, this _____ day of _____, 2007.

 

                                                           MICHAEL A. PONSOR
                                                           United States District Judge