```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
         v.                   )   CRIMINAL NO. 04-30032-MAP
                              )
FRANCIS G. KEOUGH, III,       )
         Defendant.           )
```

**UNITED STATES' MOTION FOR A**
**FINAL ORDER OF FORFEITURE**

    The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this court for the issuance of a Final Order of Forfeiture in the above-captioned case pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461.  A proposed Final Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

    1.   On January 12, 2006, a federal grand jury of this district returned a fifty-count Second Superseding Indictment charging Francis G. Keough, III (the "Defendant") and others, with the following: Conspiracy to Commit Mail Fraud and Theft of Honest Services, in violation of 18 U.S.C. § 371, § 1341, and § 1346, (Count One); Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts Two through Twenty-Eight); Extortion, in violation of 18 U.S.C. § 1951 (Count Twenty Nine); Obstruction of Justice, in violation § 18 U.S.C. § 1503 (Counts Thirty, Thirty-Three, Thirty-Six, Thirty-Eight, Forty, and Forty-Two); Making a False Statement, in violation of 18 U.S.C. § 1001 (Counts Thirty-One

and Thirty-Two); Witness Tampering, in violation of 18 U.S.C. § 1512 (Counts Thirty-Four, Thirty-Five, Thirty-Seven, Thirty-Nine, Forty-One, and Forty-Three); Perjury, in violation of 18 U.S.C. § 1623 (a) (Count Forty-Four); Criminal Contempt, in violation of 18 U.S.C. § 401 (3) (Count Forty-Five); Filing a False U.S. Individual Income Tax Return, in violation of 26 U.S.C. § 7206 (1) (Counts Forty-Six through Fifty).

    2.   The Second Superseding Indictment sought the forfeiture, pursuant to 18 U.S.C. § 982 (a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the offenses and/or, pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the violations.  The property to be forfeited specifically included without limitation:

    (a)   a sum of U.S. Currency not less than $1,000,000.00; and

    (b)   5 Desrosiers Street, Springfield, Massachusetts.

    3.   The Forfeiture Allegation of the Second Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has

been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982, 28 U.S.C. § 2461, and 21 U.S.C. § 853 (p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraphs (a) through (b) above.

4.   On January 5, 2007, the Defendant pleaded guilty to Counts One, Twelve, Fourteen, Seventeen, Nineteen, Twenty-Three, Twenty-Four, Twenty-Nine, Thirty, Thirty-Two, Thirty-Four, Forty-Four, and Forty-Six of the Second Superseding Indictment pursuant to a written plea agreement he signed on January 5, 2007.

5.   In the plea agreement, the Defendant agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461 as a result of his guilty plea.  The Defendant and the U.S. Attorney's Office agreed that the Defendant would forfeit to the United States a sum of $145,000.00 in United States currency, representing the amount of proceeds from his violations.

6.   On October 1, 2007, this Court endorsed an Amended Money Judgment, ordering the Defendant to forfeit $145,000 in United States currency.

7. To date, the Defendant has not made any payments towards the outstanding Amended Money Judgment. On October 2, 2007, the Court endorsed a Preliminary Order of Forfeiture, forfeiting the Defendant's interest in the real property located at 59 Oyster Drive, Charlestown, Rhode Island (the "Rhode Island Property"), up to the amount of $145,000.00. See Docket No. 210.

8. Notice of the Preliminary Order of Forfeiture was sent to all interested parties, and published in the Boston Herald on November 22, 2007, November 29, 2007 and December 6, 2007.

9. No claims of interest in the Rhode Island Property have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so expired on March 3, 2008.

WHEREFORE, the United States respectfully moves that this Court enter a Final Order of Forfeiture against the Rhode Island Property, up to the amount of $145,000.00, in the form submitted herewith.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney,
>
>/s/ Kristina E. Barclay
>STEVEN BRESLOW
>KRISTINA E. BARCLAY
>Assistant U.S. Attorneys
>United States Courthouse
>Suite 9200
>1 Courthouse Way
>Boston, MA 02210
>(617) 748-3100

Date: June 2, 2008

**CERTIFICATE OF SERVICE**

    I, Kristina E. Barclay, Assistant United States Attorney, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                           /s/ Kristina E. Barclay
                                           Kristina E. Barclay
                                           Assistant U.S. Attorney

Dated: June 2, 2008