```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-30032-MAP |
| | ) | |
| FRANCIS G. KEOUGH, III, | ) | |
| Defendant. | ) | |

**FINAL ORDER OF FORFEITURE**

**PONSOR, D.J.**

WHEREAS, on January 12, 2006, a federal grand jury of this district returned a fifty-count Second Superseding Indictment charging Francis G. Keough, III (the "Defendant") and others, with the following: Conspiracy to Commit Mail Fraud and Theft of Honest Services, in violation of 18 U.S.C. § 371, § 1341, and § 1346, (Count One); Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts Two through Twenty-Eight); Extortion, in violation of 18 U.S.C. § 1951 (Count Twenty Nine); Obstruction of Justice, in violation § 18 U.S.C. § 1503 (Counts Thirty, Thirty-Three, Thirty-Six, Thirty-Eight, Forty, and Forty-Two); Making a False Statement, in violation of 18 U.S.C. § 1001 (Counts Thirty-One and Thirty-Two); Witness Tampering, in violation of 18 U.S.C. § 1512 (Counts Thirty-Four, Thirty-Five, Thirty-Seven, Thirty-Nine, Forty-One, and Forty-Three); Perjury, in violation of 18 U.S.C. § 1623 (a) (Count Forty-Four); Criminal Contempt, in violation of 18 U.S.C. § 401 (3) (Count Forty-Five); Filing a False U.S. Individual Income Tax Return, in violation of 26 U.S.C. § 7206 (1) (Counts Forty-Six through Fifty);

WHEREAS, the Second Superseding Indictment sought the forfeiture, pursuant to 18 U.S.C. § 982 (a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the commission of the offenses and/or, pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the violations.  The property to be forfeited specifically included without limitation:

    (a)   a sum of U.S. Currency not less than $1,000,000.00; and

    (b)   5 Desrosiers Street, Springfield, Massachusetts;

WHEREAS, the Forfeiture Allegation of the Second Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982, 28 U.S.C. § 2461, and 21 U.S.C. § 853 (p), to seek forfeiture of any other property of the Defendant up to the value of the property described in subparagraphs (a) through (b)

above;

WHEREAS, on January 5, 2007, the Defendant pleaded guilty to Counts One, Twelve, Fourteen, Seventeen, Nineteen, Twenty-Three, Twenty-Four, Twenty-Nine, Thirty, Thirty-Two, Thirty-Four, Forty-Four, and Forty-Six of the Second Superseding Indictment pursuant to a written plea agreement he signed on January 5, 2007;

WHEREAS, in the plea agreement, the Defendant agreed to forfeit any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461 as a result of his guilty plea;

WHEREAS, in the plea agreement, the Defendant and the U.S. Attorney's Office agreed that the Defendant would forfeit to the United States a sum of $145,000.00 in United States currency, representing the amount of proceeds from his violations;

WHEREAS, on October 1, 2007, this Court endorsed an Amended Money Judgment, ordering the Defendant to forfeit $145,000 in United States currency;

WHEREAS, to date, the Defendant has not made any payments towards the outstanding Amended Money Judgment;

WHEREAS, on October 2, 2007, the Court endorsed a Preliminary Order of Forfeiture, forfeiting the Defendant's interest in the real property located at 59 Oyster Drive, Charlestown, Rhode Island (the "Rhode Island Property"), up to the amount of $145,000.00;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties, and published in the <u>Boston Herald</u> on November 22, 2007, November 29, 2007 and December 6, 2007; and

WHEREAS, no claims of interest in the Rhode Island Property have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so expired on March 3, 2008.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title, or interest in the Rhode Island Property. The proceeds of any sale of the Rhode Island Property shall be distributed as follows:

    a. all costs and expenses reasonably incurred by the United States in marketing and selling the Rhode Island Property, including costs and expenses associated with obtaining any easement necessary for the marketing and sale of the Rhode Island Property;

    b. the cost of any comprehensive insurance on the Rhode Island Property;

    c. any outstanding real estate taxes due with respect to the Rhode Island Property;

      d.    any valid liens, attachments, or encumbrances of record, including without limitation liens recorded at the Town of Charlestown, Rhode Island Clerk's Office, Book 312, Page 925 and Book 312, Page 534;

      e.    $145,000.00 in United States currency to be forfeited pursuant to this Order; and

      f.    any net proceeds after payment of items (a) through (e) above to be delivered via check made payable to Daniel D. Kelly, Esq., 101 State Street, Suite 715, Springfield, MA 01103, as counsel for the Defendant.

3. Any parties having any right, title or interest in the Rhode Island Property are hereby held in default.

4. The United States Marshals Service is hereby authorized to seize and dispose of the Rhode Island Property in accordance with applicable law and this Order.

5. This Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure.

DONE AND ORDERED in Boston, Massachusetts, this \_\_\_ day of _____, 2008.

_____
MICHAEL A. PONSOR
United States District Judge